## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DINAH YUKICH,<br><br>          Plaintiff,<br><br>v.<br><br>PREMIER FENCING CLUB; ABDEL AZIZ; USA FENCING; SHANNON DOUGHERTY; MAC BROWN; and UNITED STATES OLYMPIC AND PARALYMPIC COMMITTEE,<br><br>          Defendants. | Civil Action No. 2:25-cv-18011<br><br><br>**NOTICE OF REMOVAL**<br><br>(Removed from: Superior Court of New Jersey, Law Division: Civil Part, Middlesex County) |

1.      PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. § 1441(a) and 36 U.S.C. § 220505(b)(9), Defendant United States Olympic & Paralympic Committee ("USOPC") hereby removes to the United States District Court for the District of New Jersey the above-captioned state court action, originally filed in the Superior Court of New Jersey, Law Division: Civil Part, Middlesex County, and assigned index number MID-L-007245-25.  Removal is proper on the following grounds.

## I.    TIMELINESS OF REMOVAL

2.      On October 10, 2025, Plaintiff Dinah Yukich ("Plaintiff") filed a Complaint against the USOPC and other defendants in the Superior Court of New

Jersey, Law Division: Civil Part, Middlesex County. A true and correct copy of the Complaint is attached hereto in Exhibit 1.

3.    On October 28, 2025, Plaintiff served the USOPC. Accordingly, the 30-day removal period provided by 28 U.S.C. § 1446(b) has not yet expired. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354–56 (1999) (30-day removal period begins upon service of summons and complaint).

## II.    PROPRIETY OF VENUE

4.    Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the suit has been pending is in this district.

## III.    THIS ACTION IS REMOVABLE UNDER THE TED STEVENS AMATEUR SPORTS ACT

5.    The USOPC is a federally chartered organization that operates under the Ted Stevens Amateur Sports Act ("ASA"). *See San Francisco Arts & Athletics, Inc. v. USOC*, 483 U.S. 522, 543 (1987). The ASA, which delineates the USOPC's rights and responsibilities, contains the following removal provision: "[A]ny civil action brought in a State court against the [USOPC] and solely relating to the [USOPC's] responsibilities under this chapter shall be removed, at the request of the [USOPC], to the district court of the United States in the district in which the action was brought, and such district court shall have original jurisdiction over the action without regard to the amount in controversy or citizenship of the parties involved." 36 U.S.C. § 220505(b)(9). The ASA thus authorizes the USOPC to remove to

2

federal court any state civil action relating to its responsibilities.  *See, e.g.*, *Moreau v. U.S. Olympic & Paralympic Comm.*, 641 F. Supp. 3d 1122, 1128 n.3 (D. Colo. 2022) ("Under [36 U.S.C.] § 220505(b)(9), when a plaintiff sues a federally charte[re]d corporation such as USOPC and the suit relates to 'the corporation's responsibilities,' the corporation may remove the action to federal district court."); *Farrell v. U.S. Olympic & Paralympic Comm.*, 567 F. Supp. 3d 378, 384 (N.D.N.Y. 2021) (explaining that the case was removed by USOPC pursuant to 36 U.S.C. § 220505(b)(9)); *Exum v. U.S. Olympic Comm.*, No. 05–CV–870–WYD–OES, 2005 WL 3021953, at *1–4 (D. Colo. Nov. 9, 2005) (finding removal of state-law claims for breach of contract, fraud, misrepresentation, promissory estoppel, wrongful termination, and  tortious interference with prospective financial advantage proper under 36 U.S.C. § 220505(b)(9)).

6.    Section 220503 states that Congress chartered the USOPC to "encourage and provide assistance to amateur athletic activities for women"; "provide swift resolution of conflicts and disputes involving amateur athletes, national governing bodies [*e.g.*, USA Fencing], and amateur sports organizations"; and "protect the opportunity of any amateur athlete … to participate in amateur athletic competition." 36 U.S.C. § 220503.

7.    Plaintiff's claims against the USOPC are based on allegations that the USOPC failed in the performance of its responsibilities under the ASA.   For

example, Plaintiff alleges that USA Fencing ("USAF") and its member club Premier Fencing Club improperly determined that Plaintiff was ineligible to participate in an amateur fencing event in New York. *See* Compl. at ¶¶ 55–65. Pursuant to the ASA, the USOPC certified USAF as the "National Governing Body" (NGB) for the sport of fencing in the United States. *See* 36 U.S.C. § 220505(c)(4); *see also National Governing Bodies & USOPC Managed Sports*, USOPC, https://www.usopc.org/NGB-IMS#National_Governing_Bodies___USOPC_Managed_Sports_cs78 (last visited Nov. 25, 2025) (listing USAF as the NGB for fencing). Plaintiff alleges that the "USOPC and USAF worked together and conspired to ensure that transgender women were excluded from the women's competitions," Compl. 1 at ¶ 12, and that the USOPC "aided and abetted and compelled Premier Fencing Club's discrimination against Dinah by excluding her from competing in the women's competitions at the Premier Challenge ROC because she is a transgender woman," *id.* at ¶ 106. These allegations directly implicate the USOPC's statutory responsibilities to "encourage and provide assistance to amateur athletic activities for women"; resolve "conflicts and disputes involving amateur athletes, national governing bodies [*e.g.*, USA Fencing], and amateur sports organizations"; and "protect the opportunity of any amateur athlete . . . to participate in amateur athletic competition." 36 U.S.C. § 220503.

4

8.    Accordingly, removal is proper here because Plaintiff's claims against the USOPC "solely relat[e] to the [USOPC's] responsibilities" under the ASA.  *See also* Notice of Removal, *Evans v. USA Bobsled & Skeleton Fed'n*, No. 8:23-cv-1429-AJB-PJE (N.D.N.Y. Nov. 15, 2023) (removing negligence claims against the USOPC to the Northern District of New York).

## IV.    <u>OTHER REMOVAL ISSUES</u>

9.    The USOPC's right to remove actions pursuant to the ASA does not require that any other defendant consent to removal.  *See* 28 U.S.C. § 1446(b)(2)(A) (requirement for all defendants to join applies only "[w]hen a civil action is removed solely under section 1441(a)"); *see also Bradford v. Harding*, 284 F.2d 307, 310 (2d Cir. 1960) (addressing analogous statute permitting federal officers and agencies to remove, and holding a federal officer or agency defendant can unilaterally remove a case under section 1442);  *Davis v. FSLIC*, 879 F.2d 1288, 1289 (5th Cir. 1989) (parties having an independent statutory right to remove can do so without the joinder of other defendants).

10.    By removing this action, the USOPC does not admit any allegations in Plaintiff's Complaint and the USOPC does not waive any rights or defenses available to it, including without limitation the USOPC's right to move to dismiss for lack of personal jurisdiction.  The USOPC specifically reserves all defenses and objections under Federal Rule of Civil Procedure 12.

11.    Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the state court docket sheet, the Complaint, and all other process, pleadings, and orders filed in the state court are attached as Exhibit 1.  These filings constitute the complete record of all records and proceedings in the state court.

12.    If any question arises as to propriety of removal to this Court, the USOPC requests the opportunity to present a brief and oral argument in support of its position that this case has been properly removed.

13.    Upon filing the Notice of Removal, the USOPC will furnish written notice to Plaintiff's counsel and will file and serve a copy of this Notice with the Clerk of the New Jersey Superior Court, pursuant to 28 U.S.C. § 1446(d).

14.    The USOPC reserves the right to amend or supplement this Notice.

**WHEREFORE**, the USOPC removes this action from the Superior Court of New Jersey, Law Division: Civil Part, Middlesex County, Index No. MID-L-007245-25, to this Court.


Dated: November 26, 2025                    Respectfully Submitted,

                                            *s/ Christopher S. Porrino*
                                            Christopher S. Porrino
                                            Jarrett R. Schindler
                                            LOWENSTEIN SANDLER LLP
                                            One Lowenstein Drive
                                            Roseland, New Jersey 07068
                                            (973) 597-2500

cporrino@lowenstein.com
jschindler@lowenstein.com
*Attorneys for Defendants*
*USOPC & Mac Brown*

## <u>CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2</u>

Pursuant to 28 U.S.C. § 1746, I, Christopher S. Porrino, being of full age, hereby certify that to my knowledge the matter in controversy is not related to any pending matter or controversy.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 26, 2025                    *s/ Christopher S. Porrino*
                                            Christopher S. Porrino

## CERTIFICATE OF SERVICE

I, Christopher S. Porrino, being of full age, hereby certify as follows:

1.      I am a partner of the law firm Lowenstein Sandler LLP, counsel for Defendants United States Olympic & Paralympic Committee ("USOPC") and Mac Brown.

2.      I certify that on November 26, 2025, I caused a true and correct copy of this Notice of Removal to be served upon Plaintiff's counsel as follows:

**Via FedEx and Email**
Susan M. Cirilli, Esq.
Spector Gadon Rosen Vinci P.C.
One Logan Square, Suite 1800
130 N. 18th Street
Philadelphia, PA 19103
SCirilli@sgrvlaw.com

3.      I further certify that on November 26, 2025, I caused a true and correct copy of this Notice of Removal to be served upon Counsel for Defendants USA Fencing, Abdel Aziz, and Shannon Dougherty as follows:

**Via FedEx and Email**
Claudia A. Costa, Esq.
Goldberg Segalla LLP
711 3rd Avenue, Suite 1900
New York, NY 10017-4013
ccosta@goldbergsegalla.com

4.    I further certify that on November 26, 2025, I caused a true and correct copy of this Notice of Removal to be served upon Defendant Premier Fencing Club as follows:

**<u>Via FedEx</u>**
Premier Fencing Club
142 Talmadge Road
Edison, NJ 08817

I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 26, 2025                    *s/ Christopher S. Porrino*
                                            Christopher S. Porrino