UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DINAH YUKICH,<br><br>                Plaintiff,<br><br>v.<br><br>PREMIER FENCING CLUB,<br>ABDEL AZIZ, USA FENCING,<br>SHANNON DOUGHERTY, MAC BROWN,<br>and UNITED STATES OLYMPIC AND<br>PARALYMPIC COMMITTEE,<br><br>                Defendants. | Civil Case No. 2:25-cv-18011-KSH-AME |

**BRIEF IN SUPPORT OF MOTION TO DISMISS BY DEFENDANTS
USA FENCING ASSOCIATION, SHANNON DAUGHERTY AND ABDEL AZIZ**

Aimée S. Lin, Esq.
Claudia A. Costa, Esq.
**GOLDBERG SEGALLA LLP**
<u>Mailing address</u>: PO Box 847,
Buffalo, NY 14201
1037 Raymond Boulevard, Suite 1010
Newark, NJ 07102-5423
973-681-7000
Fax: 973-681-7101
<u>alin@goldbergsegalla.com</u>
<u>ccosta@goldbergsegalla.com</u>

*Attorneys for Defendants
Abdel Aziz, USA Fencing Association
(incorrectly pleaded as USA
Fencing), and
Shannon Daugherty (incorrectly
pleaded as Shannon Dougherty)*

*On the brief:*
    *Aimée S. Lin*
    *Claudia A. Costa*

1

54424110

**TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................................................1

II. PROCEDURAL HISTORY ....................................................................................................2

III. FACTUAL BACKGROUND ..................................................................................................2

IV. LEGAL ARGUMENT .............................................................................................................4

    A.    This Court Does Not Have Jurisdiction over the USAF Defendants; Therefore, Plaintiff's Complaint Must Be Dismissed ...................................................................................4

        1.    The USAF Defendants Are Not Subject to General Jurisdiction in New Jersey ...................................................................................5

        2.    The Court Does Not Have Specific Jurisdiction over the USAF Defendants ...................................................................................6

    B.    The Complaint Should Be Dismissed Pursuant to *Forum Non Conveniens* ...................................................................................8

    C.    Standard on a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) ...................................................................................11

        1.    Plaintiff's NYSHRL Claims Against the USAF Defendants and Aziz Must Be Dismissed Because Their Aiding and Abetting Liability is Not Sufficiently Alleged ...................................................................................11

        2.    Plaintiff Does Not Allege Conduct Sufficiently Extreme or Outrageous; Therefore, Her Claim for IIED Must Be Dismissed ...................................................................................13

        3.    A Civil Conspiracy Claim Cannot Survive a Motion to Dismiss without an Underlying Tort ...................................................................................14

V. CONCLUSION ......................................................................................................................15

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ....................................................................................11

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ....................................................................11

*Como v. Riley*, 287 A.D.2d 416 (1st Dept. 2001) ....................................................................14

*Daimler AG v. Bauman*, 571 U.S. 117 (2014) ..........................................................................5

*FDASmart, Inc. v. Dishman Pharm. & Chems. Ltd.*,
    448 N.J. Super. 195 (App. Div. 2016) ..................................................................................5

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011) ...............................5

*Ferdous v. Hasan*, 236 A.D.3d 992 (2d Dept. 2025) ........................................................... 13-14

*Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408 (1984) ......................................5

*Howell v. New York Post Co.*, 81 N.Y.2d 115 (1993) ..............................................................14

*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) .................................................................5

*J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873 (2011) .......................................................6

*Kisano Trade & Invest Ltd. v. Lemster*, 737 F.3d 869 (3d Cir. 2013) .....................................9

*Lacey v. Cessna Aircraft Co.*, 862 F.2d 38 (3d Cir. 1988) ................................................8, 10

*Lony v. E.I. Du Pont de Nemours & Co.*,
    886 F.2d 628 (3d Cir. 1989) .................................................................................................8

*McSpedon v. Levine*, 158 A.D.3d 618 (2d Dept. 2018) ..........................................................15

*Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324 (3d Cir. 2009) .......................................5

*Miller Yacht Sales, Inc. v. Smith*, (3d Cir. 2004) ....................................................................4

*Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902 (3d Cir. 1997) ..........................................11

*Murphy v. Am. Home Prods. Corp.*, 58 N.Y. 2d 293 (1983) ............................................ 13-14

*Nelligan v. Zaio Corp.*,
    2011 U.S. Dist. LEXIS 28628 (D.N.J. Mar. 21, 2011) ........................................................7

*Nicholas v. Saul Stone & Co. LLC*, 224 F.3d 179 (3d Cir. 2000) ...........................................7

*Nicholas v. Saul Stone & Co., LLC*, No. 97-860,
    1998 U.S. Dist. LEXIS 22977 (D.N.J. June 30, 1998) ...................................................... 7

*O'Connor v. Sandy Lane Hotel Co.,* 496 F.3d 312 (3d Cir. 2007) .................................................. 7

*Oliver v. Funai Corp.*, No. 14-4532,
    2015 U.S. Dist. LEXIS 169998 (D.N.J. Dec. 21, 2015) ............................................. 4-5, 6

*Petrucelli v. Rusin,* 642 Fed. Appx. 108 (3d Cir. 2016),
    *cert. denied*, 580 U.S. 923 (2016) ................................................................................ 6-7

*Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008) ..................................................... 11

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981) ................................................................... 8, 10

*Samuels v. Urb. Assembly Charter Sch. for Comput. Sci.*,
    No. 23-1379, 2024 U.S. Dist. LEXIS 157139 (S.D.N.Y. Aug. 30, 2024) ......................... 12

*Seltzer v. Bayer*, 272 A.D.2d 263 (1st Dept. 2000) ..................................................................... 14

*Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422 (2007) ..................................... 10

*Smith v. AVSC Int'l, Inc.*, 148 F. Supp. 2d 302 (S.D.N.Y. 2001) .................................................. 12

*Stallings v. U.S. Elecs., Inc.*, 270 A.D.2d 188 (1st Dept. 2000) .................................................. 12

*Tech. Dev. Co. v. Onischenko*,
    174 Fed. Appx. 117 (3d Cir. 2006) .................................................................................... 8

*Wilson v. DiCaprio*, 278 A.D.2d 25 (1st Dept. 2000) .................................................................. 14

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980) ............................................... 6

**Statutes**

28 U.S.C. § 1441(a) .................................................................................................................. 1, 2

36 U.S.C. § 220505(b)(9) ......................................................................................................... 1, 2

N.Y. Exec. Law §§ 290, *et seq.* ..................................................................................................... 1

N.Y. Exec. Law § 296(2)(a) ................................................................................................... 11-12

N.Y. Exec. Law § 296(6) ............................................................................................................. 12

NYSHRL ................................................................................................................ 1, 4, 11, 12, 13

**Court Rules**

Fed. R. Civ. P. 8(a)(2) ..................................................................................................... 11

Fed. R. Civ. P. 12(b)(2) ................................................................................................ 1, 4

Fed. R. Civ. P. 12(b)(6) .................................................................................................. 11

54424110

## I. INTRODUCTION

Defendants USA Fencing Association ("USAF") and Shannon Daugherty ("Daugherty"), collectively, the "USAF Defendants," residents of Colorado and defendant Abdel Aziz ("Aziz") move to dismiss the Complaint of plaintiff Dinah Yukich ("Yukich" or "Plaintiff"), a resident of Maryland. Plaintiff originally filed claims of violations of the New York State Human Rights Law, N.Y. EXEC. LAW §§ 290, *et seq.* (the "NYSHRL") (public accommodation) and New York common law in New Jersey Superior Court. There was not one single allegation of violations of New Jersey law. The matter was removed to federal court by a non-New Jersey resident pursuant to 28 U.S.C. § 1441(a) and 36 U.S.C. § 220505(b)(9) (a section of the Ted Stevens Amateur Sports Act) as to those defendants.

This matter relates to plaintiff Yukich, a transgender woman, not being categorized as a woman for purposes of an amateur fencing competition. Yukich was not permitted to compete against women in the competition, but would have been permitted to compete against men.

The USAF Defendants and Aziz herein move to dismiss the Complaint for the following reasons:

- Lack of personal jurisdiction over the USAF Defendants pursuant to FED. R. CIV. P. 12(b)(2);

- *Forum non conveniens* for the USAF Defendants;

- Count Two against Aziz for failure to allege aiding and abetting liability under the NYSHRL;

- Count Three against USAF for failure to allege aiding and abetting liability under the NYSHRL;

- Count Four against Daugherty for failure to allege aiding and abetting liability under the NYSHRL;

- Count Seven as to the USAF Defendants and Aziz for failure to allege sufficiently conduct that satisfies the demanding pleading requirements of a claim of intentional infliction of emotional distress ("IIED"); and

1

54424110

- Count Eight, a claim for civil conspiracy, as to the USAF Defendants and Aziz, because this cause of action requires an underlying tort; since Plaintiff's IIED claim must be dismissed, Plaintiff's claim of civil conspiracy cannot survive.

## II.   PROCEDURAL HISTORY

Plaintiff filed her Complaint in the Superior Court of New Jersey, Law Division, Middlesex County, on October 10, 2025.

On November 26, 2025 defendants Mac Brown ("Brown") and United States Olympic and Paralympic Committee ("USOPC") filed a Notice of Removal to this court pursuant to 28 U.S.C. § 1441(a) and 36 U.S.C. § 220505(b)(9) (a section of the Ted Stevens Amateur Sports Act).

On December 2, 2025, the USAF Defendants and Aziz filed an Application and Proposed Order for a "Clerk's Extension" pursuant to Local Civil Rule 6.1, which was granted. On December 14, 2025, the USAF Defendants and Aziz submitted a consent order executed by counsel to Plaintiff to extend further the USAF Defendants' and Aziz' time to Answer, move, or otherwise respond to the Complaint. This application was granted to the extent that the Court ordered the USAF Defendants and Aziz to file their motion returnable January 20, 2026. This application follows.

## III.   FACTUAL BACKGROUND[1]

Plaintiff is a transgender woman who came out as such in the winter of 2005-2006; Plaintiff began her physical transition to womanhood in 2021. *See* Costa Cert. at Exhibit A (Complaint) at ¶ 4.

In July of 2023, Plaintiff re-activated her membership with USAF. *Id*. at ¶ 5. At Plaintiff's request, USAF changed Plaintiff's gender marker from "M" (for male) to "F" (for female). Plaintiff

---

[1] For purposes of this motion only, the USAF Defendants and Aziz accept the allegations in Plaintiff's Complaint as true. A true and correct copy of Plaintiff's Complaint is attached to the Certification of Claudia A. Costa ("Costa Cert."), submitted herewith, as Exhibit A.

was also marked as eligible to compete against women in fencing events, as well as in mixed events. *Id*. at ¶¶ 5-6.

In the summer of 2024, Plaintiff underwent facial feminization surgery. *Id*. at ¶ 42. "Towards the end of 2024, [Plaintiff] presented for vaginoplasty." *Id*. It is unclear from the Complaint whether Plaintiff underwent the vaginoplasty procedure.

On April 9, 2025, Plaintiff informed USAF that her name was legally changed to "Dinah." *Id*. at ¶ 42.

On July 22, 2025, USAF notified its members that "USAF was being forced by the USOPC to implement a transgender policy that excludes transgender women from competing in women's events." *Id*. at ¶ 44.

On or about August 1, 2025, USAF changed Plaintiff's gender marker back to "M" from "F," denying Plaintiff the ability to register for women's competitions. *Id*. at 11. In other words, if Plaintiff were to compete, she would have to compete against men. This change was due to a policy requirement of defendant USOPC. *Id*. at ¶ 12.

On August 3, 2025, Plaintiff contacted USAF and informed it that it "incorrectly modified her gender and requested that [USAF] change it back to 'F.'" *Id*. at ¶ 52.

In August 2025, Plaintiff attempted to register for the Premier Challenge Regional Open Circuit ("Premier Challenge ROC"), a fencing tournament, scheduled for September 25-28, 2025, in Suffern, New York. *Id*. at ¶ 13. Plaintiff was not permitted to register as a woman; rather, Plaintiff was allowed to register as a man and compete against men. *Id*. Plaintiff alleges that defendant Premier Fencing Club ("Premier") organized and administered the aforesaid competition. *Id*. at ¶ 22.

3

On August 15, 2025, Plaintiff alleges that she contacted defendant Daugherty at USAF for assistance with registering for the tournament. Daugherty allegedly explained to Plaintiff that USAF had to update its transgender policy due to the USOPC's update to their Athlete Safety Policy. *Id*. at ¶ 59.

On August 22, 2025, Plaintiff allegedly contacted defendant Aziz regarding her inability to register for the women's events. Aziz allegedly suggested that Plaintiff contact defendant Daugherty at USAF for assistance. Aziz allegedly explained to Plaintiff that "the system blocked [Aziz'] ability to register [Plaintiff] for the women's event." *Id*. at ¶ 61.

Plaintiff alleges that Premier's denial of permission for Plaintiff to compete against women is a violation of the NYSHRL, which prohibits discrimination in public accommodation, among other things.

Plaintiff further alleges that USAF, Daugherty, and Aziz aided and abetted Premier's discrimination against Plaintiff. Lastly, Plaintiff alleges that USAF, Daugherty and Aziz committed IIED against Plaintiff in a civil conspiracy with the other defendants in not allowing Plaintiff to compete against women.

## IV.  LEGAL ARGUMENT

### A.  This Court Does Not Have Jurisdiction over the USAF Defendants; Therefore, Plaintiff's Complaint Must Be Dismissed

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to move for dismissal for lack of personal jurisdiction. "A federal court sitting in New Jersey has jurisdiction over parties to the extent provided under New Jersey state law." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004). Further, such a "district court … may therefore exercise personal jurisdiction over a non-resident defendant if the defendant has certain minimum contacts with New Jersey such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."

4

*Oliver v. Funai Corp.*, No. 14-4532, 2015 U.S. Dist. LEXIS 169998, *17 (Dec. 21, 2015)[2] (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (other citation, internal quotation marks and brackets omitted). When a defendant challenges jurisdiction, the "plaintiff must prove by affidavits or other competent evidence that jurisdiction is proper." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (citation, internal quotation marks and brackets omitted).

Personal jurisdiction over a defendant falls into two categories: general jurisdiction and specific jurisdiction. A court may exercise specific jurisdiction over a defendant "[w]hen a controversy is related to or 'arises out of' a defendant's contacts with the forum." *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414 (1984) (citation and internal quotation marks omitted). A court may exercise general jurisdiction over a defendant when the defendant's activities are "so 'continuous and systematic' as to render [the defendant] essentially at home" and thus subject to general jurisdiction in the forum state. *FDASmart, Inc. v. Dishman Pharm. & Chems. Ltd.*, 448 N.J. Super. 195, 202 (App. Div. 2016) (citations omitted). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded at home … [such as] place of incorporation, and principal place of business." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) (citation omitted). A court may exercise general jurisdiction over a corporate defendant in a forum other than its place of incorporation only in the "exceptional" case. *Daimler AG v. Bauman*, 571 U.S. 117, 139 n.19 (2014).

    1.    The USAF Defendants are Not Subject to General Jurisdiction in New Jersey

The first step in the personal jurisdiction analysis is to determine if this Court may exercise general jurisdiction over the USAF Defendants. Again, general jurisdiction is established based on

---

[2] A true and correct copy of this unpublished decision is attached to the Costa Cert. as Exhibit B.

a defendant's continuous and systematic activities in the forum. Plaintiff has not alleged such activities on the part of USAF, a Colorado not-for-profit corporation with offices located at 210 USA Cycling Point, Suite 120, Colorado Springs, CO 80919.[3] Nor has Plaintiff done so with respect to Daugherty, because she cannot. Daugherty is not domiciled in New Jersey and there are insufficient allegations to indicate that Daugherty is "at home" in New Jersey. While not alleged, Daugherty is a resident of the State of Colorado. There is no basis alleged in the Complaint to support the exercise of general jurisdiction over USAF or Daugherty.

2. The Court Does Not Have Specific Jurisdiction over the USAF Defendants

The next step in the personal jurisdiction analysis is to determine if Plaintiff has alleged a basis to assert specific jurisdiction over the USAF Defendants. Plaintiff has not. Specific jurisdiction over a defendant exists when that defendant has "purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." *Oliver*, 2015 U.S. Dist. LEXIS 169998 at *17 (citing *Miller Yacht*, 384 F.3d at 96 (other citation omitted). A court's exercise of personal jurisdiction "requires some act by which the defendant purposefully avails [themself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011) (citation and internal quotation marks omitted).

Importantly, "the defendant's conduct and connection with the forum State [must be] such that [defendant] should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) (citations omitted). Courts apply a three-part test to determine whether specific jurisdiction over a non-resident defendant exists:

> first, the defendant must have purposefully directed [their] activities in the forum. Second, the litigation must arise out of or relate to at

---

[3] *See* Costa Cert. at Exhibit A at ¶ 29.

>least one of those activities. And third, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise comports with fair play and substantial justice.

*Petrucelli v. Rusin*, 642 Fed. Appx. 108, 110 (3d Cir. 2016), *cert. denied*, 580 U.S. 923 (2016)[4] (quoting *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007) (quotation marks and brackets omitted).

Here, there are insufficient allegations of minimum contacts of either USAF Defendant, with New Jersey or that Plaintiff's claims arise out of any such contacts. In fact, the Complaint is devoid of any facts that suggest that USAF or Daugherty had any contact with New Jersey. Further, with respect to Daugherty, even if she did have any contact with New Jersey, she would have done so in her capacity as an employee of USAF, not as an individual. In the employment context, jurisdiction over a defendant employee must be "assessed individually." *See Nicholas v. Saul Stone & Co., LLC*, 224 F.3d 179, 184 (3d Cir. 2000). Notably, "as a general rule, an individual whose contacts with the forum state are in [her] corporate capacity does not thereby become subject to jurisdiction in [her] individual capacity." *Nelligan v. Zaio Corp.*, No. 10-1408, 2011 U.S. Dist. LEXIS 28628, *9 (D.N.J. Mar. 21, 2011)[5] (quoting *Nicholas v. Saul Stone & Co., LLC*, No. 97-860, 1998 U.S. Dist. LEXIS 22977, *10 (D.N.J. June 30, 1998)).[6]

Plaintiff here makes allegations that she was discriminated against in violation of New York law in connection with an athletic event held in New York. To the extent that USAF Defendants allegedly acted against Plaintiff with respect to this tournament, they would have done so (*i.e.*,

---

[4] A true and correct copy of this unpublished decision is attached to the Costa Cert. as <u>Exhibit C</u>.

[5] A true and correct copy of the unpublished decision in *Petrucelli* is attached to the Costa Cert. as <u>Exhibit D</u>.

[6] A true and correct copy of the unpublished decision in *Nicholas* is attached to the Costa Cert. as <u>Exhibit E</u>.

made decisions with respect to Plaintiff's ability to participate in the tournament) in their "home" state of Colorado. Because the Complaint does not sufficiently allege that the USAF Defendants have any contacts with the State of New Jersey, and that the claims arise out of such contacts with New Jersey, the Court does not have jurisdiction over either of the USAF Defendants and the Complaint must be dismissed as to both.

### B. The Complaint Should Be Dismissed Pursuant to *Forum Non Conveniens*

Whether to dismiss a case on the grounds of *forum non conveniens* is in the sound discretion of the court. *Lony v. E.I. Du Pont de Nemours & Co.*, 886 F.2d 628, 632 (3d Cir. 1989). A district court may dismiss a case "when an alternative forum has jurisdiction to hear the case, and when trial in the chosen forum would establish oppressiveness and vexation to a defendant out of all proportion the plaintiff's convenience." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981) (citation, internal quotation marks and ellipses omitted). In considering a motion to dismiss on the basis of *forum non conveniens*, the court must consider: "(1) the availability of an alternative forum; (2) the amount of deference to be accorded to the plaintiff's choice of forum; (3) the private interest factors; and (4) the public interest factors." *Tech. Dev. Co. v. Onischenko*, 174 Fed. Appx. 117, 119-120 (3d Cir. 2006)[7] (citing *Lony*, 886 F.2d at 633). Further, "the district court [must] consider the availability of an adequate alternative forum and the amount of deference to be accorded to the plaintiff's choice of forum before it weights the private and public interest factors." *Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 45 (3d Cir. 1988).

---

[7] A true and correct copy of this unpublished decision is attached to the Costa Cert. as Exhibit F.

First, the District of New Jersey is an improper venue[8] with respect to the USAF Defendants. Defendants USAF and Daugherty are located in Colorado. *See* Costa Cert. at Exhibit A at ¶ 29. The Complaint completely neglects to plead how either of the USAF Defendants have connections to the District of New Jersey. Further, Plaintiff herself appears not to have a connection to this venue, as she is a resident of Maryland. *Id*. at ¶ 18. Plaintiff hangs her venue hat on defendant Premier Fencing Club; Plaintiff alleges that "Premier Fencing Club is located in Middlesex County and actually does business in the county." *Id*. at ¶ 35. Ironically, defendant Premier Fencing Club is the only defendant who has not appeared, despite the fact that, upon information and belief, it is the only defendant that is "at home" in New Jersey – at least according to the Complaint. *Id*. at ¶¶ 19-34.

Second, there is the alternative venue of the District of Colorado available. Defendants USAF, Daugherty, USOPC and Brown are located in Colorado Springs, Colorado.

Third, while there normally is a strong presumption in favor of a plaintiff's chosen forum, "[w]hen the plaintiff's choice is not [her] home forum, the presumption in the plaintiff's favor applies with less force, for the assumption that the chosen forum is appropriate is in such cases less reasonable." *Kisano Trade & Invest Ltd. v. Lemster*, 737 F.3d 869, 874 (3d Cir. 2013) (citation, quotation marks and ellipses omitted). Here, the District of New Jersey is not Plaintiff's home forum, as she is a resident of Maryland. Therefore, the presumption in favor of Plaintiff's choice carries less strength, so the Court may look to other venues which may be more appropriate for the case.

---

[8] Defendant USOPC removed this matter from the Superior Court of New Jersey, Middlesex County. *See* Docket No. 1.

9

54424110

Fourth, with respect to the private interest factors, "[a] federal court has discretion to dismiss a case on the ground of *forum non conveniens* when an alternative forum has jurisdiction to hear the case and trial in the chosen forum would establish oppressiveness and vexation to a defendant out of all proportion to plaintiff's convenience…" *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 429 (2007) (citations, internal quotation marks, brackets and ellipses omitted). More specifically, a court should consider "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; … and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Lacey*, 862 F.2d at 46 (citation omitted). By choosing New Jersey, Plaintiff seeks to drag four out of six defendants from Colorado Springs to New Jersey. Having to litigate this case in New Jersey will be particularly onerous for these four defendants, as their witnesses are located in Colorado. Moreover, the convenience to Plaintiff by being in New Jersey is minimal, as Plaintiff lives in Maryland.

Fifth, in considering the public interest, a court should examine factors such as

> the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

*Lacey*, 862 F.2d at 48 (quoting *Piper Aircraft*, 454 U.S. at 241 n.6) (other citation and internal quotation marks omitted). Here, at bottom, Plaintiff takes issue with a policy of the USOPC, which Plaintiff refers to as a "trans ban."[9] Plaintiff would have two organizations whom she named as

---

[9] This is a misnomer, as Plaintiff, a transgender women, was not *banned* from competing – she was allowed to compete against men – to whom Plaintiff would ostensibly have comparable strength, stamina, speed and reach – all important factors in fencing.

10

54424110

defendants, together with two of their employees (also named as defendants) travel across the country to defend themselves, rather than litigate the controversy where it began: in Colorado with USOPC's "trans ban." Moreover, this Court and New Jersey residents should not be burdened with trying this case under New York law, brought by a Maryland woman against citizens of Colorado.

### C.  Standard on a Motion to Dismiss Pursuant to Federal Rule Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the "speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted); *see also* FED. R. CIV. P. 8(a)(2). While a court must accept as true all allegations in the plaintiff's complaint, and view them in the light most favorable to the plaintiff, *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n.8 (3d Cir. 1997) (citations omitted). The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. *Phillips*, 515 F.3d at 234. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 663, 678 (2009).

#### 1. Plaintiff's NYSHRL Claims Against the USAF Defendants and Aziz Must Be Dismissed Because Their Aiding and Abetting Liability is Not Sufficiently Alleged

The NYSHRL prohibits, among other things, any person affiliated with a place of public accommodation "withhold[ing] from or deny[ing] to such person any of the accommodations, advantages, facilities or privileges thereof, … on account of gender identity or expression… N.Y.

11

EXEC. LAW § 296(2)(a). Further, the NYSHRL allows for liability against individuals: "It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so." *Id*. at § 296(6). "At a minimum, the … [NYSHRL] require[s] a plaintiff to allege that the defendant engaged in a discriminatory act against the plaintiff in order to withstand a motion to dismiss." *Smith v. AVSC Int'l, Inc.*, 148 F. Supp. 2d 302, 309 (S.D.N.Y. 2001) (citing *Stallings v. U.S. Elecs., Inc.*, 270 A.D.2d 188 (1st Dept. 2000)).

More specifically, the NYSHRL requires that a court evaluate a plaintiff's allegations using two steps to determine whether aiding and abetting liability has been plead:

> [f]irst, a precondition to a valid aiding and abetting claim under the NYSHRL … is a demonstration of a valid primary claim for discrimination … against the corporate employer…. Second, a plaintiff must allege that the individual defendant actually participated in the unlawful conduct such that the aider and abettor shares the intent or purpose of the principal actor.

*Samuels v. Urb. Assembly Charter Sch. for Comput. Sci.*, No. 23-1379, 2024 U.S. Dist. LEXIS 157139, *31 (S.D.N.Y. Aug. 30, 2024)[10] (citations, internal quotation marks and brackets omitted).

Plaintiff makes the following conclusory allegations regarding the USAF Defendants and Aziz:

> 25. At all times relevant to the [p]resent action, [Aziz] aided and abetted the unlawful actions of [Premier] in denying the participation of Plaintiff Dinah Yukich in the Veteran's Women's Epee (VETWE) event that took place on September 26, 2025.
>
> \*   \*   \*
>
> 28. At all times relevant to the Present Action, [USAF] aided and abetted and compelled the unlawful actions of [Premier] in denying the participation of Plaintiff Dinah Yukich in the Veteran's Women's Epee (VETWE) event that took place on September 26, 2025.

---

[10] A true and correct copy of this unpublished decision is attached to the Costa Cert. as <u>Exhibit G</u>.

12

54424110

* * *

> 30. As the Senior Regional Events Manager for [USAF] … [Daugherty] acting on behalf of [USAF] aided, abetted the unlawful actions of [Premier].

*See* Costa Cert. at Exhibit A at ¶¶ 25, 28, 30. Plaintiff alleges that Premier discriminated against Plaintiff by not allowing Plaintiff to compete as a woman against other women in the competition it organized and administered: the Premier Challenge ROC. *Id*. at ¶¶ 21-22, 25, 28. However, this does not qualify as discrimination under the NYSHRL, in that Plaintiff was not denied the opportunity to compete: Plaintiff could have competed in the Premier Challenge ROC against men. Rather, Plaintiff chose not to compete because she could not do so in the way she preferred.

Significantly, Plaintiff does not allege *how* the USAF Defendants or Aziz aided and abetted Premier. Indeed, Plaintiff alleges that Aziz tried to *help* her register for the Premier Challenge ROC. *Id*. at ¶¶ 60-61. With respect to USAF and Daugherty, Plaintiff does not allege any specific discriminatory acts in which either engaged to "aid, abet, incite, compel or coerce" Premier in not allowing Plaintiff to register to compete as a woman against other women. Plaintiff thus fails to allege aiding and abetting liability in connection with the USAF Defendants and Aziz. Therefore, Plaintiff's claims of aiding and abetting violations of the NYSHRL against the USAF Defendants and Aziz must be dismissed.

    2.    <u>Plaintiff Does Not Allege Conduct Sufficiently Extreme or Outrageous; Therefore Her Claim for IIED Must Be Dismissed</u>

To survive a motion to dismiss with respect to a claim of intentional infliction of emotion distress under New York law, the "pleading must allege conduct that [is] so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Ferdous v. Hasan*, 236 A.D.3d 992, 994 (2d Dept. 2025) (citing *Murphy v. American Home Prods. Corp.*, 58 N.Y.2d 293, 303 (1983))

13

54424110

(citation, internal quotation marks and ellipses omitted). The First Department of the Appellate Division has noted, the "threshold of outrageousness is so difficult to reach that, of the [IIED] claims considered by the Court of Appeals, every one has failed because the alleged conduct was not sufficiently outrageous." *Seltzer v. Bayer*, 272 A.D.2d 263, 264 (1st Dept. 2000) (quoting *Howell v. New York Post Co.*, 81 N.Y.2d 115, 122 (1993)) (internal quotation marks omitted).

Plaintiffs with far more egregious allegations as compared to Yukich's have failed to withstand a motion to dismiss. For example, in *Como v. Riley*, 287 A.D.2d 416, 416 (1st Dept. 2001), the court rejected as insufficient to establish IIED plaintiff's claim that defendant sent an email entitled, "Racism," stating that "plaintiff's office cubicle contained a statuette of a black man hanging from a while noose." The court acknowledged that the email "while highly objectionable, is neither sufficiently extreme nor outrageous to support a claim for [IIED]." *Id.* at 417 (citations omitted). In *Wilson v. DiCaprio*, 278 A.D.2d 25, 26 (1st Dept. 2000), plaintiff alleged that defendant shouted to his cohorts, "We'll go kick his ass," and it was a "substantial factor" in the resulting assault of plaintiff which was worsened by defendant's encouragement. *See also Ferdous*, 236 A.D.3d at 994 (dismissing plaintiff's claim of IIED, which was based upon defendants allegedly filing "false charges of the crime of assault" against plaintiff).

Plaintiff's allegations in her Complaint simply do not rise to the level required to state a claim of intentional infliction of emotional distress. For this reason, Plaintiff's claim of IIED does not have "facial plausibility" and must be dismissed with prejudice as to the USAF Defendants and Aziz.

### 3. A Civil Conspiracy Claim Cannot Survive a Motion to Dismiss without an Underlying Tort

Under New York law, in order to plead a cause of action for civil conspiracy, the plaintiff "must allege a cognizable tort, coupled with an agreement between the conspirators regarding the

14

tort, and an overt action in furtherance of the agreement." *McSpedon v. Levine*, 158 A.D.3d 618, 621 (2d Dept. 2018) (citations and quotation marks omitted). However, without an underlying tort, the claim of civil conspiracy cannot survive, as "it stands or falls with the underlying tort." *Id*. (citations omitted).

Here, because Plaintiff's claim for IIED must be dismissed, so must her claim for civil conspiracy be dismissed. In any event, Plaintiff does not make out the elements of the claim of civil conspiracy in that she fails to plead properly an agreement between or among any of the parties to commit IIED against Plaintiff.

Plaintiff's civil conspiracy claim against the USAF Defendants and Aziz must therefore be dismissed.

## V.   CONCLUSION

For the foregoing reasons, Plaintiff's Complaint should be dismissed as to the USAF Defendants and Aziz in its entirety and with prejudice. In the alternative, aspects of Plaintiff's Complaint should be dismissed as to the USAF Defendants and Aziz.

Respectfully submitted,

 */s/ Aimée S. Lin*
Aimée S. Lin, Esq.

Dated: December 23, 2025