# EXHIBIT A

Susan M. Cirilli, Esq. (017972012)
**CIRILLI, LLC**
100 Church Street, Suite 800
New York, NY 10007
646.992.3564
susie@cirilli.com
*Attorney for Plaintiff Dinah Yukich*

| | |
|---|---|
| DINAH YUKICH | : SUPERIOR COURT OF NEW JERSEY |
| | : LAW DIVISION: CIVIL PART |
| | : MIDDLESEX COUNTY |
| Plaintiff, | : |
| | : Docket No. |
| v. | : |
| | : <u>Civil Action</u> |
| PREMIER FENCING CLUB, | : |
| ABDEL AZIZ, USA FENCING | : **COMPLAINT AND JURY DEMAND** |
| SHANNON DOUGHERTY, MAC | : |
| BROWN and UNITED | : |
| STATES OLYMPIC AND PARALYMPIC | : |
| COMMITTEE | : |
| | : |
| Defendants. | : |

Plaintiff, Dinah Yukich ("Plaintiff"), by and through her counsel, Cirilli, LLC, and by way of Complaint against Defendants, Premier Fencing Club, Abdel Azziz, USA Fencing, Shannon Dougherty and United States Olympic and Paralympic Committee (collectively "Defendants"), allege and state as follows:

## **INTRODUCTION**

1.    Dinah Yukich is a woman who loves to fence.

2.    Dinah has known that she was transgender for as long as she can remember. In 1998, during her junior year at the Cranbook School in Bloomfield, Michigan, she and other students took it upon themselves to revive the then defunct fencing club and her love for the sport flourished.

3.      In 2000, Dinah commenced her first year at Johns Hopkins University but was excluded from the Hopkins fencing team because she had long hair.  Fencing Coach Oles explained that he did not accept "girly men" on his team and in order to continue to participate in the sport. Dinah fenced at the Baltimore Fencing Center instead.

4.      In the fall of 2004, Dinah met her now wife, Sarah, who was a graduate student at Johns Hopkins and in the winter of 2005-2006, with Sarah's encouragement Dinah came out as transgender and began her physical transition to womanhood in 2021 with the full support of Sarah and their two children.

5.      In July of 2023, Dinah re-activated her USA Fencing ("USAF") membership as she was ready to get back into fencing after her transition.

6.      At her request, changed her gender marker from "M" to "F" and marked eligible to compete in women's events.

7.      Most competitions are USAF Sanctioned events, and such events require a USA Fencing Membership.

8.      In 2023 and 2024, Dinah was training but did not compete in any competitions, as she was working to get back into physical shape after debilitating gender affirming surgeries, working full time and raising two children.

9.      Dinah who is an "Unclassified Fencer" based upon her skill level.  The lowest rating a fencer can maintain in the USAF is "U" meaning "Unclassified."  Dinah is an Unclassified fencer.

10.      Her participation as a USAF fencer however, came to halt when, USAF implemented a bigoted policy banning transgender women from competing in women's events.

11.     On or about August 1st, 2025, USAF unilaterally changed Dinah's gender marker from "F" to " M" and blocked her from registering for any women's competitions.

12.     USAF has claimed that the United States Olympic and Paralympic Committee ("USOPC") forced them to implement the discriminatory policy.  Contrary to that assertion, it is averred that upon information and belief, USOPC and USAF worked together and conspired to ensure that transgender women were excluded from the women's competitions.  In support of the aforesaid assertion, Mac Brown, a psychologist with the USOPC, consulted with the  USAF on the implementation of the bigoted trans ban. Moreover the USAF bigoted trans ban explicitly states that there may be state laws that "have implications on the adherence" to the policy.  As a result tournament organizers were beware that implementing the transgender policy may violate state law where an event is taking place.

13.     In August of 2025, Dinah attempted to register for the Premier Challenge ROC to take place in September 25-28 in Suffern, New York, which was organized and hosted by Premier Fencing Club of Metuchen, New Jersey. Dinah was denied registration as a woman competitor and was only allowed to register for the men's events.

14.     When she attempted to rectify the issue, she was met with overt discrimination from Premier Fencing, its agent Abdel Azziz, USAF, its employee Shannon Daughtery, USAF CEO Phil Andrews and the USOPC through Mac Brown.

15.     Abdel Azziz represented that he was also blocked from registering Dinah for women's events and directed Dinah to discuss the issue with Shannon Daughtery of USAF. Shannon Daughtery said the Premier Challenge ROC was required the implement the trans ban because it was a USAF sanctioned event.

16.     Phil Andrews, the CEO of USAF, further stated "[USAF] has no choice but to adhere to the requirements of the USOPC at this time…"

17.     The USOPC through Mac Brown, added Dinah that "shifting people into different categories to align with policy is a logistical and systems move…"

## THE PARTIES

### Plaintiff, Dinah Yukich

18.     Plaintiff Dinah Yukich is an individual residing in Maryland.

### Defendant, Premier Fencing Club

19.     Defendant, Premier Fencing Club is located at 215 Durham Avenue, Metuchen, New Jersey 08840.

20.     The Club represents on their website that they "believe in fostering independence, responsibility, honor, respect, and integrity in every fencer."

21.     Premier Fencing Club organized the fencing competition at issue in the instant Complaint.

22.     As the organizing club of the event at issue, Premier Fencing Club had full and final responsibility to control who would participate in the Premier Challenge Regional Open Circuit ("ROC") in September of 2025.

### Defendant, Abdel Aziz

23.     Defendant, Abdelwahab Aziz ("Abdel"), at all times applicable hereto and upon information knowledge and belief, is an agent of Premier Fencing Club and served as the organizer for the fencing competition at issue.

24.     As the Event Organizer, Abdel, acting on behalf of Premier Fencing Club had full and final responsibility to control who would participate in the Premier Challenge ROC in September of 2025.

25.     At all times relevant to the Present action, Abdel aided and abetted the unlawful actions of Premier Fencing Club in denying the participation of Plaintiff Dinah Yukich in the Veteran's Women's Epee (VETWE) event that took place on September 26, 2025.

**Defendant, USA Fencing**

26.     USA Fencing is the National Governing Body ("NGB") for the sport of fencing in the United States.

27.     At all times relevant to the Present Action, USA Fencing, sanctioned the Premier Challenge ROC, meaning the event was authorized by a USA Fencing representative, and conducted in accordance with the USA Fencing "Rules of Competition" and the related "USA Fencing Operations Manual."

28.     At all times relevant to the Present Action, USA Fencing aided and abetted and compelled the unlawful actions of Premier Fencing Club in denying the participation of Plaintiff Dinah Yukich in the Veteran's Women's Epee (VETWE) event that took place on September 26, 2025.

**Defendant, Shannon Daugherty**

29.     Defendant, Shannon Daugherty ("Daugherty"), at all times applicable hereto, was the Senior Regional Events Manager for USA Fencing and as a USA Fencing employee maintained her office at 210 USA Cycling Point, Suite 120, Colorado Springs, Colorado, 80919.

30.     As the Senior Regional Events Manager for USA Fencing, Shannon Daughterty, acting on behalf of USA Fencing aided, abetted the unlawful actions of Premier Fencing Club.

**Defendant, United States Olympic and Paralympic Committee**

31.     Defendant USOPC, at all times applicable hereto, was the National Olympic Committee ("NOC") for the United States located at 27 S. Tejon Street, Colorado Springs, Colorado 80903.

32.     USPOC is a federally chartered and privately funded organization and serves as the National Olympic and Paralympic Committee for the United States.

**Defendant, Mac Brown**

33.     Defendant, Mac Brown, at all times applicable hereto, was a psychological services provider for the USOPC, and as a USOPC employee maintained his office at 27 S. Tejon Street, Colorado Springs, Colorado 80903.

34.     Acting on behalf of the USOPC, Mac Brown aided, abetted and compelled the unlawful actions of Premier Fencing Club.

## JURISDICTION AND VENUE

35.     Venue is proper under Rule 4:3-2 as Defendant Premier Fencing Club is located in Middlesex County and actually does business in the county.

36.     Jurisdiction in this Court is proper under Rule 4:3-1.

## FACTUAL BACKGROUND

37.     At all times relevant to the present Complaint, Dinah Yukich was a transgender woman whose Social Security records and Driver's license confirm that she is a female individual.

38.     Additionally she has obtained a Judicial Declaration of Gender Identity and Name Change from Howard County Circuit Court.

39.     Dinah first became a USAF member on July 31, 2009.  As set forth above, Dinah took time off from fencing from 2009 through 2024.

40.     In 2021, Dinah commenced the physical process of transitioning and started a hormone regimen.  Encouraged by fellow fencers, she began fencing again at the DC Fencers Club.

41.     In order to compete in a USAF sanctioned event, Dinah had to become a member of USAF.  In July of 2023, Dinah notified USAF that she was a transgender woman and that her gender marker needed to be changed from "M" to "F."  USAF changed her gender marker, and Dinah was able to register and compete in mixed and women's events.

42.     While technically eligible to compete, Dinah did not actually compete in any events in 2023 and 2024, as she was just getting back into shape after approximately 15 years away from the sport.  Even more, in 2024, Dinah presented for gender affirming care.  In the summer of 2024, she had a facial feminization surgery.  Towards the end of 2024, she presented for vaginoplasty.

43.     After letting her USAF membership lapse briefly, on April 9, 2025, Dinah re-activated her USAF membership and increased her training with the intent of competing in 2025, notifying USAF that her name had been legally changed to "Dinah."

44.     On July 22, 2025, Phil Andrews, the CEO of USAF, notified its members that USAF was being forced by the USOPC to implement a transgender policy that excludes transgender women from competing in women's events ("Trans Ban"):

> ...[O]n July 18, the U.S. Olympic and Paralympic Committee (USOPC) released new athlete-eligibility guidelines, via their Athlete Safety Policy, that every national government body must follow...In response, USA Fencing is forced to apply the Transgender & Non-Binary Participation Policy we first shared on April 15, 2025.

45.   The USAF Trans Ban prohibits transgender women from participating in women's events.  However, the Trans Ban explicitly admits that there may be state laws that are contrary to this policy:

> It is important to note that there may be existent laws per state, and an evolving federal legal landscape that have implications on the adherence to the proposed policy.  In such cases, it is the responsibility of that event host(s) or individual(s) to make USA Fencing aware.

46.   On July 22, 2025, Dinah responded to Phil Andrews, and Mac Brown, psychologist with the USOPC, stating that she did not consent to the sex marker change, from "F" to "M" and communicated clearly that this change was "demeaning and offensive."

47.   On July 23, 2025, Mac Brown responded to Dinah and explained that he, as a representative and agent of the USOPC, admitted that the policy caused great emotional distress:

> ...Shifting people into different categories to align with policy is a logistical and systems move, but the fact of the matter is that is painful and distressing to be labeled in a manner that does not align with our held identities...

48.    Despite knowing the emotional distress, USOPC compelled USAF to implement and enforce the Trans Ban.

49.   On July 26, 2025, Dinah submitted a formal complaint to USA Fencing through the USAF portal to dispute the discriminatory ban on transgender women from competing in women's events.

50.   On July 28, 2025, Jessica Saxon, an attorney with USAF closed the complaint and did not provide a finding, saying in part:

> Because this policy has been approved by the USOPC, your report does not allege a violation, and we must close it with no finding.

51.     On or about August 1, 2025, USAF then unilaterally changed Dinah's sex marker from "F" to "M" on her USAF Account.  USAF announced this unilateral change so that "each athlete is automatically assigned to the correct event category for the 2025-2026 season."

52.     On August 3, 2025, Dinah contacted USAF notifying the organization that they incorrectly modified her gender and requested that they change it back to "F."

> *My account appears to have been incorrectly modified to classify my gender as a male fencer.  I am female….I expect this to be corrected promptly.*

53.     On August 3, 2025, Phil Andrews, the CEO of USA Fencing admitted to Dinah that the Trans Ban has a negative effect on her and further explicitly states that the USOPC compelled USA Fencing to implement the discriminatory ban.

> *…[U]nfortunately USA Fencing has no choice but to adhere to the requirements of the USOPC at this time….We have made diligent efforts to ensure as a respectful as possible implementation of the required policies, but I understand they have had a negative effect on a number of members.*

54.     Upon information and belief, the Board of Directors of the US OPC were aware of the emotional distress the Trans Ban would cause its transgender members and that was admitted by Damien Lehfeldt, the Chairman of the Board, when he e-mailed her:

> *I am writing to express my deep sympathy regarding the recent shift in policy from the USOPC and its impact on you and other transgender fencers within our community.*

55.     The Premier Challenge Regional Open Circuit ("ROC") is organized and run by Premier Fencing Club.  It is a USA Fencing Sanctioned Event.  The event is managed, supervised and run by the Premier Fencing Club.  The event took place from September 26, 2025 through September 28, 2025.

56.     The Premier Challenge ROC is open to members of the public.  In order to register for the events, individuals of the public must create an account with USA Fencing and become a member.  The individuals then must register for the event through USA Fencing website.

57.     Dinah attempted to register for the Veteran Women's Epee events (VETWE) at the Premier Challenge ROC; however, she was unable to register for that event or any of the women's events.  She was only able to register for the men's events.

58.     On August 15, 2025, Dinah contacted USA Fencing and requested assistance.

> *...I am writing in regards to an issue I am having registering for the Premier Challen, ROC, VETWE event.  I am a USAF registered fencer...On August 1, 20[25], USA Fencing unilaterally changed my gender identity from Female to Male.  I am a transgender woman.*
> *I am trying to register for the Veteran Women's Epee (VETWE) event that will take place o Friday, September 25, 2025.  As of 5:32 pm there were 27 open spots or that event.  However, when I log into my USA Fencing account to register, there is an "[no sign with solid fill]" next to the VETWE event, and all women's events for that matter...*

59.     Shannon Daughtery, on behalf of USA Fencing responded to Dinah's request explaining that USA Fencing was required to update their transgender policy due to the USOPC's update to their Athlete Safety Policy.

60.     On August 22, 2025, Dinah contacted defendant Abdel Azziz, the tournament organizer, regarding her inability to register for the women's events:

> *My name is Dinah Yukich and I am writing with regards to the Premier Challenge ROC, VETWE event.  I am a USAF registered fencer...I am a transgender woman.  I am trying to register for the Veteran Women's Epee (VETWE) event that is taking place on Friday September 26, 2025, at Rockland Community College (Eugen Levy Field House) in Suffern, NY.*
>
> *I am unable to register for this event as there is an "⬧" next to the VETWE event, and all women's events for that matter. I would like to sign up for this event and would love some assistance in completing the registration.  Premier Fencing Club is listed as the contact for this event, so I figured it was worth reaching out to you for assistance.*

61.     Adbel responded that same day and directed Dinah to check in with Shannon Daugherty, of USA Fencing.  Adbel further explained that he did not have the option to register Dinah for any women's events and that the system blocked Abdel's ability to register Dinah for the women's event.

62.     On August 23, 2025, Dinah contacted Shannon Daugherty requesting assistance in registering for the women's events.  Shannon, as an employee and agent of USA Fencing communicated to Dinah that USA Fencing prohibited Dinah from competing in women's events.  USA Fencing compelled Premier Fencing to discriminate against Dinah because she is a transgender woman.

> *...[A]ll sanctioned USA Fencing tournaments, local, regional, and nationals are required to abide by our policies.  It is a condition of being a sanctioned event.*

63.     Upon receipt of this response, Dinah requested that Abdel, as the manager and organizer of the event, facilitate her registration for the VETWE and further explains that this discriminatory policy violates state law:

> *...I reached out to Shannon at USA Fencing.  Shannon indicated that I am not eligible per USA Fencing's policy.  I am again requesting that Premier Fencing ensure that I can compete in the women's (VETWE) event.*
>
> *USA Fencing's policy is discriminatory against transgender women. Gender identity is a protected status in New York (where this event is being held) and in New Jersey (where Premier Fencing Club is based). It is my understanding that your club is running and operating the event. I would very much appreciate it if Premier Fencing can facilitate my ability to compete and participate in the Veteran Women's Epee (VETWE).*

64.     Adbel responded and explained that Premier Fencing Club, as the organizing Club, is required to comply with USA Fencing policies.

> *Although the organization club is Premier Fencing Club, based in New jersey, and the event location is Suffern, NY, this remains a USA Fencing- sanctioned event.  Accordingly, we are required to comply fully with USA Fencing policies.*

65.     The unlawful actions of Premier Fencing Club, aided and abetted by Shannon Daugherty, Abdel Azziz and USA Fencing, caused great emotional distress.

## COUNT ONE
## YUKICH V. PREMIER FENCING CLUB
## NEW YORK EXECUTIVE LAW §296-2a

66.     Plaintiff repeats, reiterates and incorporates the averments contained in the preceding paragraphs as if fully set forth herein.

67.     Defendant, Premier Fencing Club , is a "person" as defined by the New York Executive Law.  NY Exec. §292.

68.     Defendant, Premier Fencing Club, is an entity that is managing, supervising, operating and overseeing the Premier Challenge ROC event in Suffern, New York.  Premier Fencing Club is in itself a "place of public accommodation, resort or amusement" under applicable NY state law.  The Premier Challenge ROC event is a "public accommodation" under NY State Law.  NY Exec. §292(9).

69.     Gender identity or expression is a protected status under the New York State Executive Law.  NY Exec. §292(35).

70.     "Gender identity or expression" under the NY Executive Law is defined as, "a person's actual or perceived gender-related identity, appearance, behavior, expression, or other gender-related characteristic regardless of the sex assigned to the person at birth, including but not limited to the status of being transgender." NY Exec. §292(35).

71.     New York Executive Law §296-2a states in relevant part that it is simply unlawful discrimination for a manager of any place of public accommodation to:

> *directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof…or directly or indirectly to publish, circulate, issue, display, post or mail any written or printed communication, notice or advertisement, to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of…sex…gender identity or expression…or that the patronage or custom threat of any person of or purporting to be of any particular…gender identity or expression…[or] sex..is unwelcome, objectionable or not acceptable, desired or solicited.*

72.     At all times applicable to the present matter, each of the Defendants were aware that Dinah was a transgender woman and knowingly and maliciously discriminated against Dinah on the basis of her gender identity and expression.

73.     Defendant, Premier Fencing Club, aided and abetted by the other defendants, discriminated against Dinah when they individually and collectively prohibited Dinah from Competing in the Veteran Women's Epee Event on account of her gender identity and expression.

74.     Plaintiff suffered and continues to suffer great emotional harm as a direct result of Premier Fencing's actions.

75.     Premier Fencing Club, and the other defendants, acted with actual malice when it discriminated against Dinah by excluding her from the women's competitions because she is a transgender woman.

76.     Premier Fencing acted with wanton and willful disregard for the rights of Dinah, to participate under New York law when it was foreseeable that Dinah would suffer great harm by the act of excluding her from the competition.

**WHEREFORE**, Plaintiff demands judgment against each of the Defendants follows:

a.     The Courts Declaration that the actions of the defendants were individually and collectively discriminatory under the controlling laws of the State of New York;

b.      An award to Plaintiff for compensatory and punitive damages in an amount to be determined at trial;

c.      An awarding to Plaintiff for interests, costs of litigation and reasonable attorneys' fees; and

d.      An award of such other and further relief as the Court determines just and equitable.

## COUNT TWO
## YUKICH V. ABDEL AZZIZ
## NEW YORK EXECUTIVE LAW §296-6

77.     Plaintiff repeats, reiterates and incorporates the averments contained in the preceding paragraphs as if fully set forth herein.

78.     Defendant, Abdel Azziz, is a "person" as defined by the New York Executive Law. NY Exec. §292.

79.     It is unlawful discrimination for "any person…to aid, abet, incite, compel or coerce the doing of any acts forbidden under [the New York Executive Law] or attempt to do so."  NY Exec. §296(6).

80.     Abdel Azziz, actively aided and abetted Premier Fencing Club in the affecting of the discrimination that caused harm to Dinah.

81.     Abdel Azziz was generally aware of his role in the scheme of discrimination against Dinah and knowingly and substantially assisted in the acts that were violations of the New York Law, which caused Dinah harm.

82.     Abdel Azziz acted with actual malice when he aided and abetted Premier Fencing Club's discrimination against Dinah by excluding her from competing in the women's competitions at the Premier Challenge ROC because she is a transgender woman.

83.     Abdel Azziz acted with wanton and willful disregard for the rights of Dinah, who
was foreseeably harmed by the act of aiding and aiding and abetting the unlawful actions of
Premier Fencing Club by excluding her from competing in the women's competitions at the
Premier Challenge ROC because she is a transgender woman.

84.     As a direct result of Abdel Azziz actions, Plaintiff has suffered *inter alia* severe and
continuing emotional distress, humiliation and embarrassment.

**WHEREFORE**, Plaintiff demands judgment against Defendant Abdel Azziz and in favor
of Plaintiff, Dinah Yukich as follows:

a.      The Court's Declaration that the actions of the defendants were individually and
collectively discriminatory under the controlling laws of the State of New York;

b.      An award to Plaintiff for compensatory and punitive damages in an amount to be
determined at trial;

c.      An award to Plaintiff for interest, costs of litigation and reasonable attorneys' fees;
and

d.      An award of such other and further relief as the Court determines just and equitable.


**COUNT THREE**
**YUKICH V. USA FENCING**
**NEW YORK EXECUTIVE LAW §296-6**

85.     Plaintiff repeats, reiterates and incorporates the averments contained in the
preceding paragraphs as if fully set forth herein.

86.     Defendant, USAF, is a "person" as defined by the New York Executive Law.  NY
Exec. §292.

87.     It is unlawful discrimination for "any person…to aid, abet, incite, compel or coerce the doing of any acts forbidden under [the New York Executive Law] or attempt to do so."  NY Exec. §296(6).

88.     USAF actively aided and abetted Premier Fencing Club in the affecting of the discrimination that caused harm to Dinah.

89.     USAF was generally aware of his role in the scheme of discrimination against Dinah and knowingly and substantially assisted in the acts that were violations of the New York Law, which caused Dinah harm.

90.     USAF acted with actual malice when it aided and abetted and compelled Premier Fencing Club's discrimination against Dinah by excluding her from competing in the women's competitions at the Premier Challenge ROC because she is a transgender woman.

91.     USAF acted with wanton and willful disregard for the rights of Dinah, who was foreseeably harmed by the act of aiding and aiding and abetting the unlawful actions of Premier Fencing Club by excluding her from competing in the women's competitions at the Premier Challenge ROC because she is a transgender woman.

92.     As a direct result of USAF'S actions, Plaintiff has suffered *inter alia* severe and continuing emotional distress, humiliation and embarrassment.

**WHEREFORE**, Plaintiff demands judgment against Defendants follows:

a.      The Court's Declaration that the actions of the defendants were individually and collectively discriminatory under the controlling laws of the State of New York;

b.      An award to Plaintiff for compensatory and punitive damages in an amount to be determined at trial;

c.      An award to Plaintiff for interest, costs of litigation and reasonable attorneys' fees; and

d.      An award of such other and further relief as the Court determines just and equitable.

**COUNT FOUR**
**YUKICH V. SHANNON DAUGHERTY**
**NEW YORK EXECUTIVE LAW §296-6**

93.      Plaintiff repeats, reiterates and incorporates the averments contained in the preceding paragraphs as if fully set forth herein.

94.      Defendant, Shannon Daughterty, is a "person" as defined by the New York Executive Law.  NY Exec. §292.

95.      It is unlawful discrimination for "any person…to aid, abet, incite, compel or coerce the doing of any acts forbidden under [the New York Executive Law] or attempt to do so."  NY Exec. §296(6).

96.      Shannon Daugherty actively aided and abetted Premier Fencing Club in the affecting of the discrimination that caused harm to Dinah.

97.      Shannon Daugherty was generally aware of her role in the scheme of discrimination against Dinah and knowingly and substantially assisted in the acts that were violations of the New York Law, which caused Dinah harm.

98.      Shannon Daugherty acted with actual malice when she aided and abetted and compelled Premier Fencing Club's discrimination against Dinah by excluding her from competing in the women's competitions at the Premier Challenge ROC because she is a transgender woman.

99.      Shannon Daugherty acted with wanton and willful disregard for the rights of Dinah, who was foreseeably harmed by the act of aiding and aiding and abetting the unlawful actions of

Premier Fencing Club by excluding her from from competing in the women's competitions at the Premier Challenge ROC because she is a transgender woman.

100.    As a direct result of Shannon Daugherty's actions, Plaintiff has suffered *inter alia* severe and continuing emotional distress, humiliation and embarrassment.

**WHEREFORE**, Plaintiff demands judgment against Defendant Shannon Daugherty and in favor of Plaintiff, Dinah Yukich as follows:

a.    The Court's Declaration that the actions of the defendants were individually and collectively discriminatory under the controlling laws of the State of New York

b.    An award to Plaintiff for compensatory and punitive damages in an amount to be determined at trial;

c.    An award to Plaintiff for interest, costs of litigation and reasonable attorneys' fees; and

d.    An award of such other and further relief as the Court determines just and equitable.

<u>**COUNT FIVE**</u>
<u>**YUKICH V. UNITED STATES OLYMPIC AND PARALYMPIC COMMITTEE**</u>
<u>**NEW YORK EXECUTIVE LAW §296-6**</u>

101.    Plaintiff repeats, reiterates and incorporates the averments contained in the preceding paragraphs as if fully set forth herein.

102.    Defendant, USOPC, is a "person" as defined by the New York Executive Law.  NY Exec. §292.

103.    It is unlawful discrimination for "any person…to aid, abet, incite, compel or coerce the doing of any acts forbidden under [the New York Executive Law] or attempt to do so."  NY Exec. §296(6).

104.    USOPC actively aided and abetted Premier Fencing Club in the affecting of the discrimination that caused harm to Dinah.

105.    USOPC was generally aware of its role in the scheme of discrimination against Dinah and knowingly and substantially assisted in the acts that were violations of the New York Law, which caused Dinah harm.

106.    USOPC acted with actual malice when it aided and abetted and compelled Premier Fencing Club's discrimination against Dinah by excluding her from competing in the women's competitions at the Premier Challenge ROC because she is a transgender woman.

107.    USOPC acted with wanton and willful disregard for the rights of Dinah, who was foreseeably harmed by the act of aiding and aiding and abetting the unlawful actions of Premier Fencing Club by excluding her from competing in the women's competitions at the Premier Challenge ROC because she is a transgender woman.

108.    As a direct result of USOPC'S actions, Plaintiff has suffered *inter alia* severe and continuing emotional distress, humiliation and embarrassment.

**WHEREFORE**, Plaintiff demands judgment against Defendant USOPC and in favor of Plaintiff, Dinah Yukich as follows:

a.      The Court's Declaration that the actions of the defendants were individually and collectively discriminatory under the controlling laws of the State of York

b.      An award to Plaintiff for compensatory and punitive damages in an amount to be determined at trial;

c.      An award to Plaintiff for interest, costs of litigation and reasonable attorneys' fees; and

d.     An award of such other and further relief as the Court determines just and

equitable.

**<u>COUNT SIX</u>**
**<u>YUKICH V. MAC BROWN</u>**
**<u>NEW YORK EXECUTIVE LAW §296-6</u>**

109.    Plaintiff repeats, reiterates and incorporates the averments contained in the

preceding paragraphs as if fully set forth herein.

110.    Defendant, Mac Brown, is a "person" as defined by the New York Executive Law.

NY Exec. §292.

111.    It is unlawful discrimination for "any person…to aid, abet, incite, compel or coerce

the doing of any acts forbidden under [the New York Executive Law] or attempt to do so."  NY

Exec. §296(6).

112.    Mac Brown actively aided and abetted Premier Fencing Club in the affecting of the

discrimination that caused harm to Dinah.

113.    Mac Brown was generally aware of his role in the scheme of discrimination against

Dinah and knowingly and substantially assisted in the acts that were violations of the New York

Law, which caused Dinah harm.

114.    Mac Brown acted with actual malice when he aided and abetted and compelled

Premier Fencing Club's discrimination against Dinah by excluding her from competing in the

women's competitions at the Premier Challenge ROC because she is a transgender woman.

115.    Mac Brown acted with wanton and willful disregard for the rights of Dinah, who

was foreseeably harmed by the act of aiding and aiding and abetting the unlawful actions of

Premier Fencing Club by excluding her from competing in the women's competitions at the

Premier Challenge ROC because she is a transgender woman.

116.     As a direct result of Mac Brown's actions, Plaintiff has suffered *inter alia* severe and continuing emotional distress, humiliation and embarrassment.

**WHEREFORE**, Plaintiff demands judgment against Mac Brown and in favor of Plaintiff, Dinah Yukich as follows:

a.      The Court's Declaration that the actions of the defendants were individually and collectively discriminatory under the controlling laws of the State of New York;

b.      An award to Plaintiff for compensatory and punitive damages in an amount to be determined at trial;

c.      An award to Plaintiff for interest, costs of litigation and reasonable attorneys' fees; and

d.      An award of such other and further relief as the Court determines just and equitable.

### COUNT SEVEN
### YUKICH VS. ALL DEFENDANTS
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

117.     Plaintiff repeats, reiterates and incorporates the averments contained in the preceding paragraphs as if fully set forth herein.

118.     Defendants, individually and collectively, acted intentionally when they excluded Dinah from competing in the women's events at the Premier Challenge ROC.

119.     Defendant's individual actions were outrageous, extreme, atrocious and utterly intolerable in a civilized community and go beyond the possible bounds of decency.

120.     Defendants individually and collectively caused Dinah great emotional distress that was and is so severe that no reasonable person could be expected to endure it.

**WHEREFORE**, Plaintiff demands judgment against Defendants, individually and collectively as follows:

a.     The Court's Declaration that the actions of the defendants were individually and collectively discriminatory under the controlling laws of the State of New York

b.     An award to Plaintiff for compensatory and punitive damages in an amount to be determined at trial;

c.     An award to Plaintiff for interest, costs of litigation and reasonable attorneys' fees; and

d.     An award of such other and further relief as the Court determines just and equitable.

## COUNT EIGHT
## YUKICH VS. ALL DEFENDANTS
## CIVIL CONSPIRACY

121.     Plaintiff repeats, reiterates and incorporates the averments contained in the preceding paragraphs as if fully set forth herein.

122.     Defendant's violated the law when they excluded Dinah from competing in the women's events at the Premier Challenge ROC.

123.     Upon information and belief, Defendants had an agreement to exclude Dinah from the women's events at the Premier Challenge ROC.

124.     Upon information and belief, the Defendnats engaged as series of overt acts of excluding Dinah in furtherance of the agreement to keep Dinah out of all women's events at the Premier Challenge ROC.

125.    Defendants acted with intention in furtherance of the purpose of excluding Dinah from women's events at the Premier Challenge ROC.

126.    As a result of Defendants' actions, Dinah suffered severe emotional distress.

**WHEREFORE**, Plaintiff demands judgment against Defendants, individually and collectively as follows:

a.    The Court's Declaration that the actions of the defendants were individually and collectively discriminatory under the controlling laws of the State of New Jersey

b.    An award to Plaintiff for compensatory and punitive damages in an amount to be determined at trial;

c.    An award to Plaintiff for interest, costs of litigation and reasonable attorneys' fees; and

d.    An award of such other and further relief as the Court determines just and equitable.

Respectfully Submitted,

**CIRILLI, LLC**

By:_____
Susan M. Cirilli, Esq.
(017972012)
100 Church Street, Suite 800
New York, New York 10007
susie@cirilli.com
646.992.3564

Dated:  October 10, 2025

## JURY DEMAND

Plaintiff hereby demands a trial by jury of 12 members on all issues triable by a jury.

Good cause exists for a jury of 12 members because the triable issues are in the public domain

and of public interest.

Respectfully Submitted,

**CIRILLI, LLC**

By:_____

Susan M. Cirilli, Esq.
(017972012)
100 Church Street, Suite 800
New York, New York 10007
susie@cirilli.com
646.992.3564

Dated: October 10, 2025

## DESIGNATION OF TRIAL COUNSEL

In accordance with <u>Rule</u> 4:25-4, Plaintiff hereby designates Susan M. Cirilli, Esquire as trial counsel in this action.

Respectfully Submitted,

**CIRILLI, LLC**

By:_____

Susan M. Cirilli, Esq.
(017972012)
100 Church Street, Suite 800
New York, New York 10007
susie@cirilli.com
646.992.3564

Date: October 10, 2025

## RULE 4:5-1 CERTIFICATION

I hereby certify that to the best of my knowledge, information, and belief, the within matter in controversy is not the subject of any other pending or contemplated court actions or arbitration proceedings.

I further certify that to the best of my knowledge, information, and belief, I am not aware of any non-parties who should be joined in the action.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Respectfully Submitted,

**CIRILLI, LLC**

By:_____

Susan M. Cirilli, Esq.
(017972012)
100 Church Street, Suite 800
New York, New York 10007
susie@cirilli.com
646.992.3564

Dated: October 10, 2025

## RULE 1:38-7(b) CERTIFICATION

I certify that confidential personal identifiers have been redacted from the documents now submitted to the Court and will be redacted from all documents submitted to the Court in the future in accordance with Rule 1:38-7(b).

Respectfully Submitted,

**CIRILLI, LLC**

By: _____

Susan M. Cirilli, Esq.
(017972012)
100 Church Street, Suite 800
New York, New York 10007
susie@cirilli.com
646.992.3564

Dated: October 10, 2025

# Civil Case Information Statement

## Case Details: MIDDLESEX | Civil Part Docket# L-007245-25

**Case Caption:** YUKICH DINAH  VS PREMIER FENCING CLUB

**Case Initiation Date:** 10/10/2025

**Attorney Name:** SUSAN M CIRILLI

**Firm Name:** CIRILLI LLC

**Address:** 100 CHURCH STREET, SUITE 800 SUITE 800 NEW YORK CITY NY 10007

**Phone:** 6469923564

**Name of Party:** PLAINTIFF : Yukich, Dinah

**Name of Defendant's Primary Insurance Company** (if known): None

**Case Type:** CIVIL RIGHTS

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Dinah Yukich?** NO

---

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
   **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO **Medical Debt Claim?** NO

---

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

10/10/2025
Dated

/s/ SUSAN M CIRILLI
Signed