# EXHIBIT C

 Positive
As of: December 22, 2025 4:56 PM Z

# *Petrucelli v. Rusin*

United States Court of Appeals for the Third Circuit

March 3, 2016, Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6; March 8, 2016, Opinion Filed

No. 15-3948

**Reporter**
642 Fed. Appx. 108 *; 2016 U.S. App. LEXIS 4337 **

JOHN PETRUCELLI, Appellant v. KRISTIN RUSIN, Court reporter

**Notice:** NOT PRECEDENTIAL OPINION UNDER THIRD CIRCUIT INTERNAL OPERATING PROCEDURE RULE 5.7. SUCH OPINIONS ARE NOT REGARDED AS PRECEDENTS WHICH BIND THE COURT.

PLEASE REFER TO *FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1* GOVERNING THE CITATION TO UNPUBLISHED OPINIONS.

**Subsequent History:** US Supreme Court certiorari denied by *Petrucelli v. Rusin, 2016 U.S. LEXIS 6078 (U.S., Oct. 11, 2016)*

**Prior History:** [**1] On Appeal from the United States District Court for the Middle District of Pennsylvania. (D.C. Civil No. 4-14-cv-01214). District Judge Matthew W. Brann.

*Petrucelli v. Rusin, 2015 U.S. Dist. LEXIS 156340 (M.D. Pa., Nov. 19, 2015)*

## LexisNexis® Headnotes

Civil Procedure > Appeals > Standards of Review > Clearly Erroneous Review

Civil Procedure > Appeals > Standards of Review > De Novo Review

*HN1* **Standards of Review, Clearly Erroneous Review**

An appellate court reviews a district court's decision that it possesses or lacks personal jurisdiction de novo but reviews factual findings for clear error.

Civil Procedure > Appeals > Standards of Review

*HN2* **Appeals, Standards of Review**

An appellate court may summarily affirm a district court where it clearly appears that no substantial question is presented or that subsequent precedent or a change in circumstances warrants such action. 3rd Cir. R., Internal Operating P. 10.6 (2015).

Civil Procedure > ... > Jurisdiction > In Rem & Personal Jurisdiction > In Personam Actions

Evidence > Burdens of Proof > Preponderance of Evidence

Civil Procedure > ... > Responses > Defenses, Demurrers & Objections > Motions to Dismiss

*HN3* **In Rem & Personal Jurisdiction, In Personam Actions**

When a defendant challenges a court's exercise of personal jurisdiction in a *Fed. R. Civ. P. 12(b)(2)* motion, the plaintiff bears the burden of establishing personal jurisdiction by a preponderance of the evidence and must do so by establishing with reasonable particularity sufficient contacts between the defendant and the forum state.

Civil Procedure > ... > In Rem & Personal

Jurisdiction > In Personam Actions > Long Arm Jurisdiction

#### HN4 In Personam Actions, Long Arm Jurisdiction

Fed. R. Civ. P. 4(e) authorizes federal courts to exercise personal jurisdiction over non-resident defendants to the extent permissible under the law of the state where the district court sits.

Civil Procedure > ... > In Rem & Personal Jurisdiction > In Personam Actions > Due Process

Civil Procedure > ... > In Rem & Personal Jurisdiction > In Personam Actions > Long Arm Jurisdiction

Civil Procedure > ... > In Rem & Personal Jurisdiction > In Personam Actions > Minimum Contacts

#### HN5 In Personam Actions, Due Process

Pennsylvania's long-arm statute permits courts to exercise personal jurisdiction over nonresident defendants to the fullest extent allowed under the Constitution of the United States and based on the most minimum contact with the Commonwealth allowed under the Constitution. 42 Pa. Cons. Stat. § 5322(b).

Civil Procedure > ... > In Rem & Personal Jurisdiction > In Personam Actions > Due Process

Constitutional Law > ... > Fundamental Rights > Procedural Due Process > Scope of Protection

Civil Procedure > ... > In Rem & Personal Jurisdiction > In Personam Actions > Minimum Contacts

#### HN6 In Personam Actions, Due Process

The Due Process Clause of the Fourteenth Amendment requires that a non-resident defendant have certain minimum contacts with a forum state—contacts that would provide the defendant fair warning that he might be sued there—before a federal court in that forum can constitutionally exercise personal jurisdiction over that defendant.

Civil Procedure > ... > In Rem & Personal Jurisdiction > In Personam Actions > Minimum Contacts

Civil Procedure > ... > In Rem & Personal Jurisdiction > In Personam Actions > Substantial Contacts

#### HN7 In Personam Actions, Minimum Contacts

Personal jurisdiction may be general or specific; general jurisdiction exists when a defendant has maintained systematic and continuous contacts with the forum state. Specific jurisdiction, on the other hand, requires a court to conduct a three-part inquiry: First, the defendant must have purposefully directed its activities at the forum. Second, the litigation must arise out of or relate to at least one of those activities. And third, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise comports with fair play and substantial justice.

**Counsel:** John Petrucelli, Plaintiff - Appellant, Pro se, White Deer, PA.

Kristin Rusin, Defendant - Appellee, Pro se, Reno, NV.

**Judges:** Before: FUENTES, KRAUSE and SCIRICA, Circuit Judges.

## Opinion

 [*109]  OPINION[*]

PER CURIAM

Pro se appellant John Petrucelli appeals from the judgment of the United States District Court for the Middle District of Pennsylvania in his § 1983 action. As the appeal does not present a substantial question, we will summarily affirm the decision of the District Court.

Petrucelli initiated this § 1983 action in 2014 against Kristin Rusin, the court reporter during a number of Petrucelli's criminal hearings in the Southern District of New York, where Petrucelli was sentenced to life in

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

prison in 2003 on murder and racketeering charges. Petrucelli alleges that Rusin altered, destroyed, or incompletely transcribed audio recordings from his hearings, depriving him the ability to raise certain issues on appeal. Petrucelli filed this action in the Middle District [**2] of Pennsylvania, where he is currently incarcerated at FCI-Allenwood. Rusin, who currently resides in Nevada and claims to have no contacts with Middle District of Pennsylvania, filed a motion to dismiss for lack of personal jurisdiction on March 17, 2015. On October 19, 2015 the Magistrate Judge recommended that Rusin's motion be granted, and in a November 19, 2015 order, the District Court adopted the Report and Recommendation in full, over Petrucelli's objections, and directed the Clerk to close the case. Petrucelli filed a timely notice of appeal from this order on December 9, 2015. Our Clerk advised Petrucelli that his appeal faced dismissal under 28 U.S.C. § 1915 or summary action and invited him to file a response. He has done so. 3

II.

We have jurisdiction under 28 U.S.C. § 1291. **HN1** "We review a district court's decision that it possesses or lacks personal jurisdiction *de novo* [but review] factual findings . . . for clear error." Telcordia Tech Inc. v. Telkom SA Ltd., 458 F.3d 172, 176 (3d Cir. 2006). **HN2** We may summarily affirm the District Court where "it clearly appears that no substantial question is presented or that subsequent precedent or a change in circumstances warrants such action." 3d Cir. I.O.P. 10.6 (2015).

**HN3** When a defendant challenges a court's exercise of personal jurisdiction in a 12(b)(2) [**3] motion, the plaintiff bears the burden of establishing personal jurisdiction by a preponderance of the evidence and must do so by "establishing with reasonable particularity sufficient contacts between the defendant and the forum state." Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992) (internal quotations omitted).

**HN4** Federal Rule of Civil Procedure 4(e) authorizes federal courts to exercise "personal jurisdiction over non-resident defendants to the extent permissible under the law of the state where the district court sits." Pennzoil Prods. Co. v. Colelli & Assocs., Inc., 149 F.3d 197, 200 (3d Cir. 1998). **HN5** Pennsylvania's long-arm statute permits courts to exercise personal jurisdiction over nonresident defendants "to [*110] the fullest extent allowed under the Constitution of the United States" and "based on the most minimum contact with this Commonwealth allowed under the Constitution." 42 Pa. Cons. Stat. § 5322(b). **HN6** The Due Process Clause of the Fourteenth Amendment requires that a non-resident defendant have certain minimum contacts with a forum state — contacts that would provide the defendant "fair warning" that he might be sued there — before a federal court in that forum can constitutionally exercise personal jurisdiction over that defendant. Kehm Oil Co. v. Texaco, Inc., 537 F.3d 290, 299-300 (3d Cir. 2008) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)).

**HN7** Personal jurisdiction may be general or specific; "[g]eneral jurisdiction exists when a defendant has maintained systematic and continuous contacts with the forum state." Marten v. Godwin, 499 F.3d 290, 296 (3d Cir. 2007). Specific [**4] jurisdiction, on the other hand, requires a court to conduct a three-part inquiry: "First, the defendant must have purposefully directed [its] activities at the forum. Second, the litigation must arise out of or relate to at least one of those activities. And third, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise comport[s] with fair play and substantial justice." O'Connor v. Sandy Lane Hotel Co., Ltd., 496 F.3d 312, 317 (3d Cir. 2007) (internal citations and quotations omitted).

Here, with respect to general jurisdiction, the District Court found that the facts plead indicated that Rusin has systematic contact with only the states of New York and Nevada — she resided in New York during Petrucelli's criminal proceedings and then relocated to Reno, Nevada. The facts indicate no contact with Pennsylvania.

As to specific jurisdiction, the District Court accurately observed that the complained-of conduct was directed at New York — the state of Petrucelli's criminal proceedings — and that the only connection Petrucelli's criminal proceeding has with the Middle District of Pennsylvania is that he is now, thirteen years after his conviction, serving a portion of his life sentence at FCI-Allenwood.

We have nothing [**5] to add to the District Court's reasoning.[1] Because it is plain that the District Court lacked personal jurisdiction over Rusin, we will summarily affirm the judgment of the District Court.

---

[1] We have considered Petrucelli's arguments on appeal, but are unpersuaded by them.

**End of Document**