# EXHIBIT C

2006 WL 1207999
Only the Westlaw citation is currently available.
United States District Court, D. New Jersey.

ACTEON, INC. d/b/a Satelec, Plaintiff,
v.
VISTA DENTAL PRODUCTS, Gary James Pond, and Tony Martell, Defendants.

Civil Action No. 05–3847 (JEI).
|
May 3, 2006.

**Attorneys and Law Firms**

David T. Shulick, Esq., Philadelphia, PA, for Plaintiff.

Archer & Greier, PC by Kerri E. Chewning, Esq., Haddonfield, NJ, and Quarles & Brady LLP, by Anthony A. Tomaselli, Esq., Kristin Graham–Noel, Esq., Madison, WI, for Defendants.

OPINION

IRENAS, Senior District Judge.

*1 This is a trademark infringement suit against Defendant Vista Dental Products[1] ("Vista"), its President, Defendant Gary James Pond, and its Vice President, Defendant Tony Martell (Pond and Martell collectively, the "individual Defendants"). The individual Defendants move to dismiss for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2) and failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6).

I.

A.

Plaintiff, Acteon, Inc., doing business as "Satelec," manufactures dental instruments and tools. Vista distributes dental equipment. In December, 1999, Satelec and Vista entered into a three-page "Supply Agreement" wherein Vista agreed to purchase "Piezo Electric Scalers and related accessories" from Satelec for a three year term ending December 31, 2002. (Compl.Ex.A)

Satelec alleges that after the parties entered into the Supply Agreement, Vista began publishing various advertisements using Satelec's "ad copy" and images of Satelec's products.[2] Vista also allegedly continued to "copy, market, manufacture and distribute" Piezo Electric Scaler accessories after the Supply Agreement's term expired "without Satelec's authorization or consent, utilizing Satelec's distinctive and proprietary name designations." Satelec's theory of its case is that Vista entered into the Supply Agreement to gain access to proprietary information in order to exploit it by selling "inexpensive and inferior versions and copies" of Satelec products.

The Complaint makes very few factual allegations specific to the individual Defendants, but generally asserts that "[t]he individual Defendants Pond and Martell, exercising influence and control over the corporate Defendant Vista, were directly involved in directing Vista to take such actions complained of, and themselves contributed to the infringement by taking an active part and providing the plans and decisions which effected Vista's actions." (Compl.¶ 22)

The Complaint asserts against all three Defendants claims of trademark infringement, trade dress infringement, and false designation of origin under the Lanham Act; unfair competition under New Jersey statutory law and common law; and unjust enrichment. Satelec seeks punitive damages and an injunction restraining Defendants from infringing Satelec's trademark and trade dress rights and unfairly competing with Satelec.[3]

Defendants Pond and Martell move to dismiss for lack of personal jurisdiction, contending that any alleged actions they took, and thereby any contacts they had with New Jersey, were in their capacity as corporate officers of Vista and not as individuals.[4] They also move to dismiss for failure to state a claim, asserting that they cannot be held personally liable for the claims asserted in the Complaint.

B.

*2 Satelec is a New Jersey corporation with its principal place of business in Mount Laurel, New Jersey. It also has an office Cherry Hill, New Jersey. Vista Dental is a Wisconsin corporation with its principal place of business in Racine, Wisconsin. While it is unclear where the individual

Defendants reside, the Complaint alleges that their principal place of business is Racine, Wisconsin. Defendants Pond and Martell state that they do not reside in, regularly conduct or solicit business in, or own any real estate in New Jersey. (Pond 9/21/05 Decl. at ¶¶ 2–6; Martell 9/21/05 Decl. at ¶¶ 2–6)[5] They further state that they have never "*personally* engaged Satelec in any business relationship," "*personally* advertised any of Vista's products in New Jersey," or "*personally* placed into commerce any product that displays the purported designations or trade dress at the center of this dispute." (Pond 9/21/05 Decl. at ¶¶ 10–12; Martell 9/21/05 Decl. at ¶¶ 10–12) (emphasis added) Rather, Defendants Pond and Martell state that "in all actions that may in any way relate to this lawsuit" they have "acted within the scope of [their] authority" as Vista officers. (Pond 9/21/05 Decl. at ¶ 8; Martell 9/21/05 Decl. at ¶ 8) Accordingly, Defendants assert that "specific jurisdiction does not attach because all of Pond and Martell's contacts with New Jersey were on behalf of Vista, not themselves." (Defs' Br. at 6)

In their capacities as Vista officers, Pond and Martell state, "I helped negotiate and finalize the Supply Agreement entered between Satelec and Vista from which this dispute arises;" (Pond 11/10/05 Decl. ¶ 2; Martell 11/10/05 Decl. ¶ 2) "I also visited New Jersey on behalf of Vista Dental Products;" (Pond 11/10/05 Decl. ¶ 3; Martell 11/10/05 Decl. ¶ 3) "During the course of the Supply Agreement, Vista featured its products in catalogs and advertisements, some of which reached citizens of New Jersey. All such marketing efforts were made on behalf of Vista and not me personally." (Pond 11/10/05 Decl. ¶ 6; Martell 11/10/05 Decl. ¶ 6)

For the reasons explained below, the individual Defendants' Motion to Dismiss will be denied in its entirety.

## II.

Plaintiff bears the burden of presenting evidence establishing a prima facie case of personal jurisdiction over each defendant. *Miller Yacht Sales, Inc. v. Smith,* 384 F.3d 93, 94 (3d Cir.2004). "Plaintiff[s] must sustain their burden of proof in establishing jurisdictional facts through sworn affidavits and competent evidence. At no time may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction. Once the motion is made, plaintiff must respond with actual proofs, not mere allegations." *Machulsky v. Hall,* 210 F.Supp.2d 531, 537 (D.N.J.2002) (quoting *Patterson v. F.B.I.,* 893 F.2d 595, 603–04 (3d Cir.1990)).

The framework for analyzing jurisdiction over the parties is well known. A federal court sitting in New Jersey has jurisdiction over the parties to the extent provided under New Jersey state law. *See* Fed.R.Civ.P. 4(e). New Jersey courts may exercise personal jurisdiction to the extent permitted by the United States Constitution. *Miller Yacht Sales,* 384 F.3d at 96.

**\*3** Due process requires that each defendant have "minimum contacts" with the forum state and that the court's exercise of jurisdiction over the parties comports with "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). "Minimum contacts must have a basis in 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws.' " *Asahi Metal Indust. Co. v. Sup.Ct. of Cal.,* 480 U.S. 102, 109, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987) (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)).[6]

Within this framework, personal jurisdiction may be examined under two distinct theories: general and specific jurisdiction. *See Remick v. Manfredy,* 238 F.3d 248, 255 (3d Cir.2001). "General jurisdiction is based upon the defendant's continuous and systematic contacts with the forum and exists even if the plaintiff's cause of action arises from the defendant's non-forum related activities. In contrast, specific jurisdiction is present only if the plaintiff's cause of action arises out of defendant's forum-related activities, such that the defendant should reasonably anticipate being haled into court in that forum." *Id.* at 255 (citations omitted). "A 'relationship among the defendant, the forum, and the litigation' is the essential foundation" of specific jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984) (quoting *Shaffer v. Heitner,* 433 U.S. 186, 204, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977)).

In deciding a motion pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim, the Court "must take all factual allegations and reasonable inferences as true and view them in the light most favorable to the Plaintiff." *Dobrek v. Phelan,* 419 F.3d 259, 263 (3d Cir.2005). The Court should dismiss only if it appears that the Plaintiff could prove no set of facts that would entitle him to relief. *Id.*

## III.

Satelec asserts that the individual Defendants have sufficient contacts with New Jersey to establish specific jurisdiction over them.[7] The individual Defendants move to dismiss, not disputing their contacts with the forum[8] but rather invoking the "fiduciary shield doctrine." The fiduciary shield doctrine operates to preclude the exercise of personal jurisdiction over nonresident corporate agents who act in the forum state solely in their role as corporate agents. *See, e.g., Caldwell–Banker Co. v. S. Ill. Railcar Co.,* 225 F.Supp.2d 1243, 1262 (D.Kan.2002); *see generally* Sonja Larsen, Validity, Construction, and Application of "Fiduciary Shield" Doctrine—Modern Cases, 79 A.L.R. 5th 587 (2005). The issue is whether the fiduciary shield doctrine is applicable to preclude this Court's exercise of specific jurisdiction over the individual Defendants under New Jersey or federal law. We hold that it is not.

Whether "a defendant's contacts with the forum state made in his corporate capacity [may] be considered" in the personal jurisdiction analysis was thoroughly examined in *Educational Testing Services v. Katzman,* 631 F.Supp. 550, 555 (D.N.J.1986). Holding that the law of New Jersey allowed it to consider contacts with the forum made in a corporate capacity if the facts alleged supported individual liability, *Id.* at 559, the Court concluded that actions taken by an individual defendant in his "corporate capacity" within New Jersey may be imputed to the defendant corporate officer individually. *Id.* at 557.[9]

**\*4** Moreover, the *Katzman* holding is consistent with earlier Third Circuit precedent. In *Myers v. American Dental Association,* 695 F.2d 716, 722 (3d Cir.1982), the Court upheld the exercise of personal jurisdiction over American Dental Association ("ADA") President Cappuccio in an individual capacity based on his contacts within the forum state while "advanc[ing] the interests of" and "endeavor[ing] to carry out ADA policy" within the forum.[10]

Here Satelec alleges that Pond and Martell were "directly involved in directing Vista to take such actions complained of, and themselves contributed to the infringement by taking an active part and providing the plans and decisions which effected Vista's actions ." (Compl.¶ 22) Accepting these allegations as a true, we hold that Satelec has sufficiently pled facts supporting claims of individual liability against Pond and Martell. *See Saltiel v. GSI Consultants, Inc.,* 170 N.J. 297, 303–05, 788 A.2d 268 (2002) (explaining that under a "participation theory" "a corporate officer can be held personally liable for a tort committed by the corporation when he or she is sufficiently involved in the commission of the tort;" discussing cases where corporate officers have been held personally liable for intentional torts and statutory violations); *City of Philadelphia v. EMI Earthmate, Inc.,* No. 04–1904, 2004 U.S. Dist. LEXIS 20341 at \*13 (E.D.Pa. Oct. 5, 2004) (denying individual corporate officers' Rule 12(b)(6) motion holding, "Plaintiff has alleged sufficient facts to ... state a trademark infringement claim under the Lanham Act. Plaintiff has also stated sufficient facts to demonstrate the participation of the individual Defendants [ ] in the alleged wrongful activity.").

Accordingly, we hold that Satelec has stated a claim against the individual Defendants. Therefore *Katzman* and *Myers* foreclose the individual Defendants' legal argument with respect to personal jurisdiction. The contacts of Defendants Pond and Martell made in their so-called corporate officer capacities, namely, conducting business on behalf of Vista in New Jersey, negotiating and contracting with Satelec in New Jersey, along with their marketing efforts in New Jersey, are sufficient to establish specific jurisdiction over them as to the claims asserted against them personally. The Court will deny the individual Defendants' Motion to Dismiss.

## IV.

For the foregoing reasons, the Motion to Dismiss for Failure to State a Claim and Lack of Personal Jurisdiction by Defendants Pond and Martell will be denied. The Court will issue an appropriate order.

**ORDER DENYING THE MOTION TO DISMISS OF DEFENDANTS POND AND MARTELL (Docket # 5)**

This matter having appeared before the Court on the Motion to Dismiss, pursuant to Fed.R.Civ.P. 12(b)(2) and 12(b)(6), of Defendants Gary James Pond and Tony Martell, the Court having considered the submissions of the parties, and for the reasons set forth in an Opinion issued by this Court on even date herewith, and for good cause appearing;

**IT IS** on this *3rd* day of May, 2006,

**ORDERED THAT**

The Motion to Dismiss of Defendants Pond and Martell is hereby **DENIED.**

**All Citations**

Not Reported in F.Supp.2d, 2006 WL 1207999

Footnotes

1 Vista Dental Products is a business division of Inter–Med, Inc.

2 The Supply Agreement says nothing about advertising but the Complaint alleges that "Vista requested and received certain images from Satelec ... for the alleged purposes of advertising needs during the term of the Supply Agreement." (Compl.¶ 15)

3 We have subject matter jurisdiction pursuant to 28 U.S.C. §§ 1338 and 1367(a).

4 The individual Defendants do not challenge under Fed.R.Civ.P. 4 the method by which they were served with process.

5 Defendants have submitted two sets of declarations in support of their motion (one set dated September 24, 2005 and another dated November 10, 2005), thus we include dates of the declarations for clarity.

6 To be precise, Plaintiff's state law claims are governed by the Due Process clause of the 14th Amendment, whereas their federal claims are governed by the 5th Amendment's Due Process clause. However, the personal jurisdiction analysis is the same in both circumstances. *See, e.g., Toys "R" Us, Inc. v. Step Two, S.A.,* 318 F.3d 446, 451 (3d Cir.2003)(analyzing personal jurisdiction for state and federal claims).

7 Satelec states that general jurisdiction exists because "Defendant [sic] Pond and Martell did in fact have systematic contacts with the forum State (New Jersey) and Plaintiff as a result of the Supply Agreement they were intimately involved in." (Pls. Br. at 8) We hold that Satelec has put forth sufficient evidence to support specific jurisdiction over the individual Defendants, but has not put forth sufficient evidence to support an assertion of general jurisdiction.

8 See Defs.' Reply Br. at 5 ("Pond and Martell do not deny that they have been to New Jersey to conduct business on behalf of Vista Dental Products."); see generally, Pond 11/10/05 Decl., Martell 11/10/05 Decl. (stating contacts with New Jersey made in their capacity as Vista officers).

9 *See also Norben Import Corp. v. Metropolitan Plant & Flower Corp.,* No. 05–54, 2005 U.S. Dist. LEXIS 34386 at *13–14 (D.N.J. July 15, 2005)(relying on *Katzman* to conclude that "it is appropriate to consider [the individual defendants'] personal acts as well as their specific acts done in this forum on [the corporate defendant's] behalf."); *Wright v. Xerox Corp.,* 882 F.Supp. 399, 404 (D.N.J.1995) (citing *Katzman* and stating "defendants claim that they cannot be subjected to the personal jurisdiction of this Court because their actions were pursuant to their duties as Xerox employees. The Court rejects this argument."); *see generally Wellness Publishing v. Barefoot,* 128 Fed. Appx. 266, 269 n. 2 (3d Cir.2005)(citing *Katzman* with approval).

10 While the forum was the U.S. Virgin Islands, the Court's holding in *Myers,* a federal antitrust case, clearly rests on constitutional standards and not Virgin Islands law.

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW  © 2026 Thomson Reuters. No claim to original U.S. Government Works.  4