**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| DINAH YUKICH,<br><br>Plaintiff,<br><br>v.<br><br>PREMIER FENCING CLUB,<br>ABDEL AZIZ, USA FENCING,<br>SHANNON DOUGHERTY, MAC BROWN,<br>and UNITED STATES OLYMPIC AND<br>PARALYMPIC COMMITTEE,<br><br>Defendants. | Civil Case No. 2:25-cv-18011-KSH-AME<br><br><br><br>Motion Day: January 20, 2026 |

---

**REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO DISMISS BY
DEFENDANTS USA FENCING ASSOCIATION, SHANNON DAUGHERTY AND
ABDEL AZIZ**

---

Claudia A. Costa, Esq.
Aimée S. Lin, Esq.
**GOLDBERG SEGALLA LLP**
Mailing address:  PO Box 847, Buffalo, NY
14201
711 Third Avenue, Suite 1900
New York, New York 10017
646-292-8700
ccosta@goldbergsegalla.com
alin@goldbergsegalla.com

*Attorneys for Defendants
Abdelwahab Abdelaziz (incorrectly pleaded
as Abdel Aziz), USA Fencing Association
(incorrectly pleaded as USA Fencing), and
Shannon Daugherty (incorrectly pleaded as
Shannon Dougherty)*

*On the brief:*
    *Claudia A. Costa*
    *Aimée S. Lin*

54964819

**TABLE OF CONTENTS**

I.    LEGAL ARGUMENT ...................................................................................1

    A.    This Court Does Not Have Jurisdiction over the USAF Defendants; Therefore, Plaintiff's Complaint Must be Dismissed ...................................................................................1

        1.    Plaintiff Does Not Successfully Argue the USAF Defendants Are Subject to General Jurisdiction in New Jersey...............................................................1

        2.    The Court Does Not Have Specific Jurisdiction over the USAF Defendants .......................................................2

        3.    Plaintiff's Attempt to Bootstrap Personal Jurisdiction through Agency Must Fail ...................................................................................6

    B.    The Complaint Should Be Dismissed Pursuant to *Forum Non Conveniens* .....................................................................8

    C.    Plaintiff's Claims Should be Dismissed as to the USAF Defendants and Aziz per Fed. R. Civ. P. 12(b)(6)....................................................................11

        1.    Plaintiff's NYSHRL Claims against the USAF Defendants and Aziz Must be Dismissed Because Their Aiding and Abetting Liability Is Not Sufficiently Alleged.....................................................................11

        2.    Plaintiff Does Not Allege Conduct Sufficiently Extreme or Outrageous; Therefore Her Claim for IIED Must Be Dismissed ...............................................................13

        3.    There is No Viable Wrong Underlying Plaintiff's Civil Conspiracy Claim; Therefore It Must Be Dismissed.......................................................15

II.    CONCLUSION.......................................................................................16

i

54964819

## TABLE OF AUTHORITIES

<u>**Cases**</u>

*Banco Popular N. Am. v.. Gandi*, 184 N.J. 161 (2005)....................................................16

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)...........................................................13

*Bishop v. Okidata, Inc.*, 864 F. Supp. 416 (D.N.J. 1994)................................................15

*Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255 (2017) ..................................5

*Burke v. Quartey*, 969 F. Supp. 921 (D.N.J. 1997) ..........................................................9

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212 (3d Cir. 2011)........................................13

*Calkins v. Dollarland, Inc.*, 117 F. Supp. 2d 421 (D.N.J. 2000) ....................................15

*Cole v. Laughrey Funeral Home*, 376 N.J. Super. 135 (App. Div. 2005) .......................14

*Daimler AG v. Bauman*, 571 U.S. 117 (2014) ..................................................................1

*Digital Landscape Inc. v. Media Kings LLC*,
     440 P.3d 1200 (Colo. App. 2018),
     <u>cert. denied</u>, 2019 Colo. LEXIS 398 (May 20, 2019)..........................................10

*FDASmart, Inc. v. Dishman Pharm. And Chems. Ltd.*,
     448 N.J. Super. 195, 202 (App. Div. 2016)...................................................1, 2

*Ferdous v. Hasan*, 236 A.D.3d 992 (2d Dept. 2025) ......................................................14

*Fregara v. Jet Aviation Bus. Jets*, 764 F. Supp. 940 (D.N.J. 1991).................................15

*Galbraith v. Clark*, 122 P.3d 1061 (Colo. App. 2005) ...................................................10

*GE Capital Mortg. Services, Inc. v. Privetera*,
     346 N.J. Super. 424 (App. Div. 2002).................................................................6

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011)..................1, 2

*Harris v. Middlesex County College*,
     353 N.J. Super. 31 (App. Div. 2002)..................................................................14

*Ingraham v. Ortho-McNeil Pharmaceutical*,
     422 N.J. Super. 12 (App. Div. 2011)..................................................................14

*Jevremovic v. Courville*, No. 22-4969,
     2025 U.S. Dist. LEXIS 131994 (D.N.J. July 11, 2025)'
     <u>appeal filed</u>, Aug. 13, 2025)..............................................................................15

ii

*Kisano Trade & Invest Ltd. v. Lemster*, 737 F.3d 869 (3d Cir. 2013) ...........................................9

*Lacey v. Cessna Aircraft Co.*, 862 F.2d 38 (3d Cir. 1988) ..............................................................8

*Lony v. E.I. Du Pont de Nemours & Co.*, 886 F.2d 628 (3d Cir. 1989) ..........................................8

*Migliore v. Vision Solar LLC*, 158 F.4th 514 (3d Cir. Oct. 22, 2025) ........................................ 6-7

*Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93 (3d Cir. 2004) ................................................... 5-6

*Murphy v. American Home Prods. Corp.*, 58 N.Y.2d 293 (1983)..................................................14

*O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312 (3d Cir. 2007)...................................................2

*Ruprecht v. Ruprecht*, 292 N.J. Super. 230 (Ch. Div. 1991) ........................................................14

*Samuels v. Urb. Assembly Charter Sch. for Comput. Sci.*,
        No. 23-1379, 2024 U.S. Dist. LEXIS 157139 (S.D.N.Y. Aug. 30, 2024) ............. 11, 12-13

*Seltzer v. I.C. Optics, Ltd.*, 339 F. Supp. 2d 601 (D.N.J. 2004) ................................................. 7-8

*Tech. Dev. Co. v. Onischenko*, 174 Fed. Appx. 117 (3d Cir. 2006)................................................8

*Toys "R" Us, Inc. v. Step Two, S.A.,* 318 F.3d 446 (3d Cir. 2003)..................................................3

*Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*,
        952 F. Supp. 1119 (W.D.Pa. 1997)......................................................................................3

**Statutes**

36 U.S.C. §§ 220501, *et seq*...........................................................................................................10

36 U.S.C. § 220521........................................................................................................................10

36 U.S.C. § 220522(4)(B)..............................................................................................................11

New York State Human Rights Law ................................................................................................9

NYSHRL....................................................................................................................................11, 13

Ted Stevens Act.........................................................................................................................10, 11

**Court Rules**

FED. R. CIV. P. 12(b)(2) ..................................................................................................................1

FED. R. CIV. P. 12(b)(6)................................................................................................................10

iii

Defendants USA Fencing Association ("USAF") and Shannon Daugherty ("Daugherty"), collectively, the "USAF Defendants," and defendant Abdelwahab Abdelaziz ("Aziz") respectfully offer this reply brief in further support of their Motion to Dismiss the Complaint of plaintiff Dinah Yukich ("Yukich" or "Plaintiff").

## I.    LEGAL ARGUMENT

### A.    This Court Does Not Have Jurisdiction over the USAF Defendants; Therefore, Plaintiff's Complaint Must Be Dismissed

#### 1.    Plaintiff Does Not Successfully Argue the USAF Defendants Are Subject to General Jurisdiction in New Jersey

As stated in the principal brief of the USAF Defendants and Aziz, Federal Rule of Civil Procedure 12(b)(2) allows a defendant to move for dismissal for lack of personal jurisdiction. A court may exercise general jurisdiction over a defendant when the defendant's activities are "so 'continuous and systematic' as to render [the defendant] essentially at home" and thus subject to general jurisdiction in the forum state. *FDASmart, Inc. v. Dishman Pharm. & Chems. Ltd.*, 448 N.J. Super. 195, 202 (App. Div. 2016) (citations omitted). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded at home … [such as] place of incorporation, and principal place of business." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) (citation omitted). A court may exercise general jurisdiction over a corporate defendant in a forum other than its place of incorporation only in the "exceptional" case. *Daimler AG v. Bauman*, 571 U.S. 117, 139 & n.19 (2014).

With respect to USAF, Plaintiff does not come close to making allegations that warrant the "exceptional" result of subjecting USAF, a Colorado not-for profit corporation with offices in

54964819

Colorado Springs, Colorado, to general jurisdiction here in New Jersey. Plaintiff argues that USAF

is "at home" in New Jersey because it is the national governing body for fencing in the United

States. This argument has no merit. A defendant is "at home" when its activities are "so 'continuous

and systematic' as to render [the defendant] essentially at home." *FDASmart,* 448 N.J. Super. at

202 (citations omitted). Further, a corporation is "fairly" regarded at home at its "place of

incorporation, and principal place of business." *Goodyear*, 564 U.S. at 924 (citation omitted).

Plaintiff's argument would subject USAF to general jurisdiction in every state within the United

States.  This argument by Plaintiff is contrary to notions of fair play and substantial justice and

must be rejected.

With respect to defendant Daugherty, Plaintiff does not respond to the USAF Defendants'

arguments that Daugherty is not subject to general jurisdiction in New Jersey, nor can Plaintiff

make a viable argument to the contrary. Therefore, the Court should find that Daugherty is not

subject to general jurisdiction of this court.

2.      The Court Does Not Have Specific
        Jurisdiction over the USAF Defendants

Again, in order to determine whether a court has specific jurisdiction over a non-resident

defendant, the court must conduct the following three-part test:

> [f]irst, the defendant must have purposefully directed its activities at
> the forum. … Second, the litigation must arise out of or relate to at
> least one of those activities. … And third, if the prior two
> requirements are met, a court may consider whether the exercise of
> jurisdiction otherwise comports with fair play and substantial
> justice.

*O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007) (citations, internal quotation

marks and brackets omitted).

With respect to the first element, Plaintiff argues that the USAF Defendants directed its

activities to New Jersey through USAF's interactive website, yet Plaintiff does not mention the

2

54964819

standard under the seminal *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997), adopted by the Third Circuit. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 452 (3d Cir. 2003). We note at the outset that "the mere operation of a commercially interactive website should not subject the operator to jurisdiction anywhere in the world." *Id*. at 454.

The *Zippo* decision

> stressed that the propriety of exercising jurisdiction depends on where on a sliding scale of commercial interactivity the website falls. In cases where the defendant is clearly doing business through its web site in the forum state, and where the claim relates to or arises out of use of the website, the *Zippo* court held that personal jurisdiction exists.

*Id*. at 452. Here, Plaintiff alleges USAF has sufficient contacts with New Jersey because New Jersey citizens are able to sign up as a member of USAF through the USAF website. This, in and of itself, is insufficient to establish personal jurisdiction. Personal jurisdiction over USAF by a court in New Jersey requires a finding of "intentional[ ] interact[ion] with the forum state via the web site in order to show purposeful availment and, in turn, justif[ication of] the exercise of specific personal jurisdiction." *Toys "R" Us*, 318 F.3d at 452 (citation omitted). Specific personal jurisdiction may be justified where "the defendant intentionally and knowingly transacted business with residents of the forum state, and had significant other contacts with the forum besides those generated by its web site." *Id*. at 453. Plaintiff does not allege that USAF deliberately targeted New Jersey citizens with its website.

Plaintiff next points to defendant Aziz referring Plaintiff to defendant Daugherty (and USAF) in Colorado to inquire about Plaintiff's ability to register for women's events at the Premier ROC Challenge (held in New York). The fact that Plaintiff, in Maryland, sent an email to Daugherty, in Colorado, to which Daugherty responded, regarding a tournament held in the State of New York, does not establish the requisite contacts of the USAF Defendants with New Jersey.

3

54964819

Plaintiff similarly cannot meet the second element of the specific jurisdiction analysis: that her claims arise out of the USAF's Defendants contacts with New Jersey. In her opposition brief, Plaintiff makes the conclusory statement "USAF and Defendant [Daugherty] were very much e[n]meshed in planning, promoting, and operating the public accommodation (Premier ROC Challenge [tournament]) with Defendant Premier Fencing Club (located in New Jersey) and its agent Defendant Aziz." *See* Brief in Support of Plaintiff's Response to Defendants USA Fencing, Shannon Daugherty and Abdel Aziz' Motion to Dismiss (Dkt No. 12) "Pl. Opp. Br.") at 7. The paragraphs cited do not support the premise in this conclusory statement in Plaintiff's argument. Even if they did, it would be of no moment. This is because the USAF Defendants would have been planning, promoting, and operating the Premier ROC Challenge in New York from Colorado – with no ties or conduct directed at New Jersey. Even Plaintiff was in Maryland, so any contact the USFA Defendants had with Plaintiff would not have been directed to New Jersey.

Plaintiff attempts to bolster her argument for specific personal jurisdiction as to Daugherty by stating the following:

> Here, Plaintiff's claims are based in discrimination. Dinah Yukich has adequately alleged that Defendant [Daugherty] aided and abetted Defendant [Premier Fencing] to break New York State law. … Dinah Yukich has adequately alleged that Defendant [Daugherty] communicated directly with [Plaintiff] explaining the implications of the Trans Ban on the public accommodation, Premier ROC Challenge. [Plaintiff] sufficiently pleaded that Defendant [Daugherty] took an active part in the discrimination by communicating directly with [Plaintiff] regarding the purported Trans Ban. … Defendant Aziz's reliance on Defendant [Daugherty] to address [Plaintiff's] concerns, demonstrated Defendant [Daugherty's] active participation.

Pl. Opp. Br. at 11. This is completely illusory and demonstrates no contact with New Jersey whatsoever. Plaintiff alleges that Daugherty aided and abetted the violation of New York State law forbidding discrimination. Daugherty communicated, from Colorado, with Plaintiff, in Maryland.

4

54964819

And Daugherty's purported "active participation" was from Colorado and related to a tournament which took place in New York.

Finally, with respect to establishing the third element for specific personal jurisdiction, fair play and substantial justice, Plaintiff fails again. At bottom, Plaintiff's claims are by a non-state resident "with no harm in [New Jersey] and no harm to [New Jersey] residents." *Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255, 266 (2017). Therefore, a necessary "connection between the forum and the specific claims at issue" is missing. *Id*. at 265. As a result, it would be nonsensical to allow this case to proceed in New Jersey. In *Bristol-Myers Squibb*, the Supreme Court held that the plaintiffs who did not live in California could not sue Bristol-Myers Squibb ("BMS") in California for alleged damage caused to their health by BMS' product, Plavix (a blood thinner). *Id*. at 259, 261-62. The Court found that California State court did not have specific personal jurisdiction over BMS in the case of plaintiffs who ingested Plavix, but did not reside in California because, in the case of the non-California plaintiffs, no harm was suffered in California by California residents. *Id*. at 266.

Plaintiff urges that this case is similar to *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93 (3d Cir. 2004), in which the Third Circuit found that defendants had purposefully availed themselves of New Jersey's laws and therefore this Court should find that the USAF Defendants purposefully availed themselves of New Jersey's laws as well. This is a misleading argument by Plaintiff. The *Miller Yacht* court found three significant contacts that the *Miller Yacht* defendants had with New Jersey that are lacking here: (1) the *Miller Yacht* defendants travelled to New Jersey as part of their negotiations with plaintiff to enter into a agreement whereby the defendants would become exclusive marketing representatives and dealers for some of plaintiff's boats; during one of these trips the defendants allegedly misappropriated plaintiff's trade-dress, photos and floor plans; (2)

5

plaintiff alleged that defendants had "placed the misappropriated photos and floor plans in advertisements in boating magazines circulated in New Jersey"; and (3) defendants were already "directly engaged in the marketing of boats in New Jersey" prior to their negotiations with plaintiff. *Id.* at 97-98.

Plaintiff here does not allege any such contacts on the part of the USAF Defendants. Plaintiff does not allege that the USAF Defendants travelled to New Jersey at any time during the timeframe encompassing her allegations, nor does Plaintiff allege that the USAF Defendants were actively and purposefully soliciting business from residents of New Jersey. Therefore, the *Miller Yacht* case is completely inapposite to this case and cannot serve to defeat the USAF Defendants' argument of the Court's lack of specific personal jurisdiction over them.

### 3. Plaintiff's Attempt to Bootstrap Personal Jurisdiction Through Agency Must Fail

Plaintiff attempts to bootstrap specific personal jurisdiction by making the conclusory statement in her brief that defendant "Premier Fencing was an Agent of USAF Defendants." Pl. Opp. Br. at 9. Plaintiff does not set forth the elements of agency, let alone satisfy them with the allegations in her Complaint:

> [t]he elements that give rise to an agency relationship [are] [1] the authorization to the agent to perform functions on behalf of the principal, [2] the agent's manifestation of consent to the agency, [3] the ability to control the agent, and [4] the third party's reliance on the agent's apparent authority to act for the principal…

*GE Capital Mortg. Services, Inc. v. Privetera*, 346 N.J. Super. 424, 430 (App. Div. 2002) (citation and brackets omitted). In addition, "[a]gents are fiduciaries for their principals." *Migliore v. Vision Solar LLC*, 158 F.4th 514, 522 (3d Cir. Oct. 22, 2025) (citations omitted). "A fiduciary relationship arises between two persons when one person is under a duty to act for or give advice for the benefit

6

54964819

of another on matters within the scope of their relationship." *Id*. at 523 (citation and quotation marks omitted).

Plaintiff here does not allege that defendant Premier Fencing Club and Sports Corp. ("Premier Fencing") "could conclude transactions" on behalf of USAF; Plaintiff does not allege that Premier could speak for USAF; nor does Plaintiff allege that Premier Fencing is a fiduciary for USAF, or that USAF benefitted financially from the relationship. *Id*. at 524 (citation and quotation marks omitted). At best, Premier Fencing and USAF have a relationship between two unrelated business entities. "[F]iduciary duties are not imposed in ordinary commercial business transactions governed by contracts." *Id*. at 523 (citation and quotation marks omitted). The *Migliore* court

> identified several indicia for when a sales representative is an agent. …
> First, the sales representative is empowered to conduct and conclude
> transactions for the principal. … Second, the representative is empowered
> to speak as the principal, … or to hold himself out as the principal itself. …
> Third, the principal exercises control over how its company is represented
> to third parties. And fourth, the principal benefits financially from the
> contracts.

*Id*. at 522 (citation, quotation marks and brackets omitted). Like the *Migliore* plaintiff, this Plaintiff makes nothing but conclusory allegations that Premier acted on USAF's behest. Accordingly, this Plaintiff fails to establish that Premier is an agent of USAF, just as the *Migliore* plaintiff failed.[1]

Why Plaintiff cites to *Seltzer v. I.C. Optics, Ltd.*, 339 F. Supp. 2d 601 (D.N.J. 2004) is unclear, in that the court dismissed the corporate parent from the case because its U.S. subsidiary

---

[1] In *Migliore*, the elderly plaintiff was the victim of a scam involving the purchase of solar panels for her home. *Id*. at 519-21. The court declined to find an agency relationship between the salesman for the solar panel company and the lenders that extended a loan to plaintiff in order to finance the solar panels, which the salesman fraudulently represented as "free." *Id*. The Appellate Division regretfully found against the sympathetic plaintiff, finding that plaintiff failed to credibly allege that the lenders exercised any control over the salesman or that the salesman had the requisite authority to bind the lenders in a transaction such as plaintiff's. *Id*. at 524, 527.

7

54964819

did not qualify as its alter ego. In other words, the *Seltzer* plaintiff failed to establish specific personal jurisdiction over a parent corporation based upon the conduct of its American subsidiary located in New Jersey. Nor does Premier Fencing qualify as USAF's alter ego – and Plaintiff does not even allege this. Thus, Plaintiff does not effectively argue that Premier Fencing's conduct relating to a tournament in New York should be attributed to USAF for purposes of establishing jurisdiction in New Jersey.

### B.    The Complaint Should Be Dismissed Pursuant to *Forum Non Conveniens*

In considering a motion to dismiss on the basis of *forum non conveniens*, the court must consider: "(1) the availability of an alternative forum; (2) the amount of deference to be accorded to the plaintiff's choice of forum; (3) the private interest factors; and (4) the public interest factors." *Tech. Dev. Co. v. Onischenko*, 174 Fed. Appx. 117, 119-120 (3d Cir. 2006)[2] (citing *Lony v. E.I. Du Pont de Nemours & Co.*, 886 F.2d 628, 633 (3d Cir. 1989)). Further, "the district court [must] consider the availability of an adequate alternative forum and the amount of deference to be accorded to the plaintiff's choice of forum before it weights the private and public interest factors." *Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 45 (3d Cir. 1988).

Of the above factors, Plaintiff only addresses (2) and (3), and only partially so. Because Plaintiff did not address the other factors, namely the USAF Defendants' argument of an alternative forum, the private interest factors and the public interest factors, the Court should grant the USAF's Defendants' application for dismissal on *forum non conveniens* grounds.

---

[2] A true and correct copy of this unpublished decision is attached to the Certification of Aimée S. Lin, Esq. ("Lin Cert.") previously submitted to the court, as Exhibit F. With apologies to the Court and to counsel, the USAF Defendants and Aziz mistakenly refer to the Lin Cert. as the "Costa Cert." in their principal brief.

8

Nevertheless, the USAF Defendants address Plaintiff's partial arguments in opposition to their motion to dismiss for *forum non conveniens*. First, Plaintiff claims that the USAF Defendants have not sustained their burden to show that Plaintiff's choice of forum should be given less deference. Plaintiff is incorrect. In their principal brief, the USAF Defendants set forth that where, as here, "the plaintiff's choice [of forum] is not [her] home forum, the presumption in the plaintiff's favor applies with less force, for the assumption that the chosen forum is appropriate is in such cases less reasonable." *Kisano Trade & Invest Ltd. v. Lemster*, 737 F.3d 869, 874 (3d Cir. 2013) (citation, quotation marks and ellipses omitted).

In opposition, Plaintiff relies upon *Burke v. Quartey*, 969 F. Supp. 921 (D.N.J. 1997), a decision not binding on this Court. Plaintiff argues that the *Burke* defendant made the same arguments with respect to *forum non conveniens* as the USAF Defendants and that because the *Burke* defendant's arguments failed in that case, the USAF Defendants' arguments should fail here. Again, Plaintiff is mistaken and this argument is illusory. There is one glaring difference between this case and *Burke*: the *Burke* court specifically found that "New Jersey has a clear interest in hearing [the *Burke*] claim …" *Id*. at 929. New Jersey really has no interest in hearing the claims in this case. This is because, as mentioned above, there is no conduct by the USAF Defendants in New Jersey that harmed a New Jersey resident. *See supra* at 5. Moreover, this is a dispute brought by a Maryland resident against the USAF Defendants (in Colorado) in connection with a fencing tournament held in New York, alleging violation of the New York State Human Rights Law ("NYSHRL"). Plaintiff's arguments that New Jersey has an interest in this matter do not withstand scrutiny due to the mere fact Plaintiff is alleging violations of New York law and seeks redress thereunder.

9

In their principal brief, the USAF Defendants argued that the District of Colorado is the appropriate forum for Plaintiff's claims against them. Further underscoring the appropriateness of Colorado being the correct forum is the fact that Plaintiff signed an Individual Membership Waiver,[3] in which Plaintiff agreed to arbitrate her claims herein. *See* Costa Cert. at Exhibit A at 2. Further, the Waiver designates Colorado law and that the arbitration will be conducted in Colorado Springs, Colorado. *Id*. at 3. Plaintiff's claims should be dismissed or stayed because of the subject Waiver. Plaintiff agreed to arbitrate any and all claims against USAF and/or its employees (such as Daugherty). *Id*. The USAF Defendants and Aziz do not waive their right to enforce the waiver and compel arbitration. *Digital Landscape Inc. v. Media Kings LLC*, 440 P.3d 1200, 1205 (Colo. App. 2018), cert. denied, 2019 Colo. LEXIS 398 (May 20, 2019) (stating that under Colorado law, a Colorado court must compel arbitration if the scope of the arbitration agreement between the parties encompasses the plaintiff's claims); and *Galbraith v. Clark*, 122 P.3d 1061, 1064-65 (Colo. App. 2005) (same, but with respect to federal law, under the Federal Arbitration Act).

Moreover, the Ted Stevens Olympic and Amateur Sports Act, 36 U.S.C. §§ 220501, *et seq*. (the "Ted Stevens Act") requires that Plaintiff's claims be submitted to mandatory, binding arbitration. The United States Olympic and Paralympic Committee ("USOPC") has certified defendant USFA as the national governing body ("NGB") for the Olympic sport of fencing under the Ted Stevens Act. *See* 36 U.S.C. § 220521, Certification of national governing bodies.

As part of its eligibility requirements as an NGB, USFA is required by the Ted Stevens Act to agree "to submit to binding arbitration in any controversy involving the opportunity of any amateur athlete, coach, trainer, manager, administrator or official to participate in amateur athletic

---

[3] A true and correct copy of the 2025-26 Individual Membership Waiver electronically signed by Plaintiff on June 1, 2025 (the "Waiver") is attached to the Reply Certification of Claudia A. Costa, Esq., submitted herewith ("Costa Cert.") as Exhibit A.

10

54964819

competition […]." *Id*. at § 220522(4)(B). Again, the USAF Defendants and Aziz do not waive their

right to comply with the Ted Stevens Act and compel arbitration.

For the foregoing reasons, the Complaint should be dismissed as to the USAF Defendants

pursuant to *forum non conveniens*.

### C.    Plaintiff's Claims Should Be Dismissed As to the USAF Defendants and Aziz per FED. R. CIV. P. 12(b)(6)

1.    Plaintiff's NYSHRL Claims Against the USAF Defendants and Aziz Must Be Dismissed Because Their Aiding and Abetting Liability is Not Sufficiently Alleged

As stated in the USAF Defendants' and Aziz' principal brief, in order to plead aiding and

abetting liability, a court should examine the allegations using the following two steps:

> [f]irst, a precondition to a valid aiding and abetting claim under the NYSHRL … is a demonstration of a valid primary claim for discrimination … against the corporate employer. … Second, a plaintiff must allege that the individual defendant actually participated in the unlawful conduct such that the aider and abettor shares the intent or purpose of the principal actor.

*Samuels v. Urb. Assembly Charter Sch. for Comput. Sci.*, No. 23-1379, 2024 U.S. Dist. LEXIS

157139, \*31 (S.D.N.Y. Aug. 30, 2024)[4] (citations, internal quotation marks and brackets omitted).

In opposition, Plaintiff claims that she set forth "numerous paragraphs" in her Complaint

that establish aiding and abetting liability on the part of the USAF Defendants and Aziz. Plaintiff

is wrong. Following are allegations from the Complaint to which Plaintiff cites:

- USAF unilaterally changed [Plaintiff's] gender marker from "F" to "M" and later blocked her from registering for any women's competitions on or about August 1, 2025. Complaint at ¶ 11.

- USAF claimed [defendant United States Olympic and Paralympic Committee ("USOPC")] forced USAF to implement the anti-transgender

---

[4] A true and correct copy of this unpublished decision is attached to the Lin Cert., previously submitted to the court, as Exhibit G.

11

54964819

- policy and that USOPC and USAF worked together and conspired to ensure that transgender women were excluded from the women's competitions. *Id*. at ¶ 12.

- On July 26, 2025, Plaintiff submitted a formal complaint to [USAF] to dispute the anti-transgender policy,[5] but the USAF closed the complaint without providing a finding. *Id*. at ¶¶ 49-50.[6]

- … defendant [Daugherty]  stated that USAF was required to update their transgender policy to comport with USOPC's updated policy. *Id*. ¶¶ 13, 58-59.

- … Aziz stated he did not have the option to register her for women's events and would only direct Plaintiff back to [Daugherty]. *Id*. at ¶¶ 61-62.

- …Daugherty told Plaintiff that USAF prohibited Plaintiff from competing in women's events, and that USAF compelled Premier Fencing to discriminate against her for being a transgender woman. *Id*. at ¶ 62.

- …Aziz merely responded that Premier Fencing is required to comply with USAF policies. *Id*. at ¶¶ 63-64.

Pl. Opp. Br. at 16-17. Even if we assume that Plaintiff's Complaint pleads a cause of action for public accommodation discrimination against the USOPC, which the USAF Defendants and Aziz deny, none of the above paragraphs establish the second part of the test for aiding and abetting liability: "that the individual defendant actually participated in the unlawful conduct such that the aider and abettor ***shares the intent or purpose of the principal actor***." *Samuels*, 2024 U.S. Dist. LEXIS 157139 at *31 (citations, internal quotation marks and brackets omitted).

---

[5] Plaintiff alternately refers to USOPC's policy that disallows transgender women from competing against individuals assigned the female sex at birth as an "anti-transgender policy" or a "Trans Ban." These are misnomers in that Plaintiff, a transgender woman, was not banned from competing – she was allowed to compete against men – to whom Plaintiff would ostensibly have comparable strength, stamina, speed and reach – all important factors in fencing. At bottom, Plaintiff was permitted to compete – just not in the way in which she preferred.

[6] For the sake of completeness, Plaintiff further alleges that the USAF stated in connection with its response to Plaintiff's complaint, "[b]ecause this policy has been approved by the USOPC, your [complaint] does not allege a violation, and we must close it with no finding. *Id*. at ¶ 50.

54964819

Plaintiff does not address this second factor in her opposition. For this reason alone, her aiding and abetting claims against the USAF Defendants and Aziz should be dismissed. However, the USFA Defendants and Aziz feel it is necessary to address again the conclusory allegations in the Complaint, such as those in the second bullet point above, in which Plaintiff alleges that USAF and USOPC "worked together" and "conspired to ensure that transgender women were excluded from the women's competitions." *See also* Complaint at ¶¶ 25, 28, 30.

Such conclusory allegations are insufficient to withstand a Motion to Dismiss. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 225 (3d Cir. 2011) (finding in this conspiracy case that "a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality.") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)) (quotation marks and brackets omitted).

Therefore, Plaintiff's claims of aiding and abetting violations of the NYSHRL against the USAF Defendants and Aziz must be dismissed.

2.      Plaintiff Does Not Allege Conduct Sufficiently
        Extreme or Outrageous; Therefore Her Claim
        for IIED Must Be Dismissed

Plaintiff claims that her intentional infliction of emotional distress ("IIED") claim should be governed by New Jersey law rather than New York law. This is a distinction without a difference. It is unclear why New York law (or even Maryland law, for that matter) should not apply when, as Plaintiff alleges, she suffered severe emotional distress due to decisions made by the USAF Defendants and Aziz relating to her inability to compete against women at the Premier ROC Challenge, held in New York. This underscores the difficulty and confusion that will surely arise in trying this case in New Jersey based upon a fencing tournament in New York, involving defendants in Colorado, and the Plaintiff who allegedly suffered severe emotional distress in Maryland.

13

54964819

The reason it is a distinction without a difference is that the cause of action of IIED in both New York and New Jersey requires the plaintiff to allege that defendant engaged in conduct "extreme and outrageous as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Compare Ingraham v. Ortho-McNeil Pharmaceutical*, 422 N.J. Super. 12, 21 (App. Div. 2011); and *Ferdous v. Hasan*, 236 A.D.3d 992, 994 (2d Dept. 2025) (citing *Murphy v. American Home Prods. Corp.*, 58 N.Y.2d 293, 303 (1983)). Just as with IIED claims in New York, this "element [is] an elevated threshold that is satisfied only in extreme cases." *Ingraham*, 422 N.J. Super. 21 (citation and internal quotation marks omitted).

And, again, just as with New York cases cited by the USAF Defendants and Aziz in their principal brief, New Jersey plaintiffs with far more egregious allegations as compared to Yukich's have failed to withstand dismissal of their IIED claims. For example, in *Ingraham*, the plaintiff was told by a human resources manager not to speak of her deceased teenaged and only child in the workplace because it made her coworkers uncomfortable. *Id*. at 17. The Appellate Division in *Ingraham* did a survey of cases where New Jersey State courts

> declined to find sufficiently extreme and outrageous conduct where: (1) the decedent's children from an earlier marriage were not informed about and thus excluded from a viewing at the funeral home after the decedent was murdered, *Cole v. Laughrey Funeral Home*, 376 N.J. Super. 135, 147-48 … (App. Div. 2005); (2) a supervisor expressed doubt that the plaintiff had been diagnosed with breast cancer, and then came near her "on the verge of physically bumping into [the plaintiff's] breast area as if to see" if she truly had a mastectomy, *Harris v. Middlesex County College*, 353 N.J. Super. 31, 36 46-47 … (App. Div. 2002); … and (4) the defendant in a divorce case had a long-term adulterous affair with her boss, *Ruprecht v. Ruprecht*, 252 N.J. Super. 230, 236-38 … (Ch. Div. 1991).

*Id*. at 22.

For the Plaintiff's premise that "New Jersey courts will rarely dismiss an intentional infliction of emotional distress claim on a motion to dismiss," Pl. Opp. Br. at 18, Plaintiff cites *Calkins v. Dollarland, Inc.*, 117 F. Supp. 2d 421, 432 (D.N.J. 2000) (citing *Bishop v. Okidata, Inc.*,

14

54964819

864 F. Supp. 416, 427 (D.N.J. 1994)). Examination of the decision reveals that it actually states the opposite – that it is extremely difficult to meet the pleading standard for IIED: "Defendants rightly note that it is extremely rare to find conduct in the employment context which will rise to the level of outrageousness necessary to provide a basis for recovery." *Id.* (other citation omitted).

Even taking Plaintiff's allegations as true and in the aggregate, Plaintiff alleges that defendants acted, at most, in a manner that was "unjust, unfair and unkind." This has specifically been found not to be sufficient to plead a claim for IIED. *Jevremovic v. Courville*, No. 22-4969, 2025 U.S. Dist. LEXIS 131994, *18 (D.N.J. July 11, 2025), <u>appeal filed</u>, Aug. 13, 2025[7] (quoting *Fregara v. Jet Aviation Bus. Jets*, 764 F. Supp. 940, 956 (D.N.J. 1991)) (quotation marks omitted).

Plaintiff's allegations in her Complaint simply do not rise to the level required to state a claim of intentional infliction of emotional distress. For this reason, Plaintiff's claim of IIED does not have "facial plausibility" and must be dismissed with prejudice as to the USAF Defendants and Aziz.

> 3. There is No Viable Wrong Underlying
> Plaintiff's Civil Conspiracy Claim;
> <u>Therefore It Must Be Dismissed</u>

By her opposition, Plaintiff takes the position that her civil conspiracy claim is brought pursuant to New Jersey law, not New York law. The elements of civil conspiracy under New Jersey law are: "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage." *Banco Popular N. Am. v. Gandi*, 184 N.J. 161, 177 (2005) (citations and quotation marks omitted). "Most importantly, the gist of the claim is not the unlawful agreement, but the underlying wrong

---

[7] A true and correct copy of this unpublished decision is attached to the Costa Cert., submitted herewith, as Exhibit B.

54964819

which, absent the conspiracy, would give a right of action." *Id*. at 177-78 (citations and quotation marks omitted).

Plaintiff argues that the underlying wrong is the alleged discrimination, which the USAF Defendants and Aziz aided and abetted. However, as explained above, these aiding and abetting claims must be dismissed – as well as Plaintiff's IIED claim – against these defendants. Accordingly, there is no right of action with respect to the alleged underlying wrongs and Plaintiff's civil conspiracy claim must be dismissed as to these defendants.

## II.    CONCLUSION

For the foregoing reasons, Plaintiff's Complaint should be dismissed as to the USAF Defendants and Aziz in its entirety and with prejudice. In the alternative, aspects of Plaintiff's Complaint should be dismissed as to the USAF Defendants and Aziz.

Respectfully submitted,

 */s/ Claudia A. Costa*
Claudia A. Costa

Dated: January 13, 2025

16