# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DINAH YUKICH<br><br>              Plaintiff,<br><br>   v.<br><br>PREMIER FENCING CLUB, *et al.*,<br><br>              Defendants. | CIVIL ACTION<br><br><br>No. 2:25-cv-18011-KSH-AME |

### PLAINTIFF'S SUR-REPLY TO DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Plaintiff Dinah Yukich, by and through her undersigned counsel, Susan M. Cirilli, Esquire, of the law firm of Spector Gadon Rosen Vinci P.C., hereby respectfully submits this Sur-Reply to Defendants' Reply Brief in Further Support of Defendants' Motion to Dismiss.

On October 10, 2025, Plaintiff initiated this action against Defendants by filing a Complaint with the Superior Court of New Jersey, Civil Part, Middlesex County.  Defendants removed this Action before this Honorable Court on November 26, 2025.  Defendants filed a Motion to Dismiss on December 23, 2025.  Plaintiff responded by filing an Opposition to Defendants' Motion to Dismiss on January 6, 2026.

Defendants further replied to Plaintiff's Opposition by filing a Reply Brief in Further Support of Defendants' Motion to Dismiss (hereinafter referred to as "Reply Brief") on January 13, 2026.  Defendants raise several new issues in its Reply Brief that were not originally raised in their Motion to Dismiss, namely: (1) alleging that an Plaintiff agreed under an Individual Membership Waiver arbitration provision that Colorado is the appropriate forum for this Action, and (2) alleging that the Ted Stevens Act (36 U.S.C. §§ 220501, *et seq.*) requires all claims be

1

submitted to mandatory, binding arbitration.  As such, Plaintiff submits this Sur-Reply in response to those issues.

Respectfully submitted,

SPECTOR GADON ROSEN VINCI, P.C.

Dated: January 20, 2026          By: /s/ *Susan M. Cirilli*
                    Susan M. Cirilli, Esquire
                    Attorney I.D. No.: 017972012
                    **SPECTOR GADON ROSEN VINCI, PC**
                    One Logan Square, 18th Floor
                    130 N. 18th Street
                    Philadelphia, PA 19103
                    (215) 241-8887
                    SCirilli@sgrvlaw.com
                    *Attorney for Plaintiff Dinah Yukich*

## <u>TABLE OF CONTENTS</u>

**Page(s)**

I.    **INTRODUCTION**…………………………………………………… 5

II.   **DISCUSSION**………………………………………………………… 5

    **A.  General Principles Regarding The Enforceability
        of Arbitration Clauses Under Colorado Law**………………………. 5

    **B.  Procedural Unconscionability**…………………………………….. 7

        **i.  *Factor One: Unequal Bargaining Strength*…………………. 7

      **ii.  *Factors Two and Three: Lack of Opportunity to Become
          Familiar with Document & Provision in Fine Print***…………. 8

      **iii.  *Relationship of the Parties, Assent,
           Unfair Surprise, and Notice*………………………………….. 8

    **C.  Substantive Unconscionability**……………………………………. 9

    **D.  Combined Unconscionability Factor**………………………………. 10

    **E.  Moreover, USA Fencing Deviated from the Ted Stevens Act
        and Cannot Selectively Apply Same Against Plaintiff**…………… 10

III.  **CONCLUSION**………………………………………………………. 11

    **CERTIFICATE OF SERVICE**……………………………………… 13

    **SUR-REPLY CERTIFICATION**…………………………………… 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. Pacheco,*
71 P.3d 375, 378 (Colo.2003)……………………………………………………    6

*Bailey v. Lincoln Gen. Ins. Co.,*
255 P.3d 1039, 1055 (Colo. 2011)……………………………………………..    6, 7, 10

*City & County of Denver v. Dist. Court,*
939 P.2d 1353, 1361 (Colo.1997)……………………………………………..    6

*Davis v. M.L.G. Corp.,*
712 P.2d 985 (Colo.1986)………………………………………………………    6, 7, 8, 10

*Estate of Grimm v. Evans,*
251 P.3d 574, 576 (Colo. App. 2010)…………………………………………...    6

*Howsam v. Dean Witter Reynolds, Inc.,*
537 U.S. 79 (2002)……………………………………………………………...    5

*Lakeview Renovations, Inc. v. City & Cnty. of Denver,*
No. 16CA2102, 2017 WL 11932533, at *2 (Colo. App. Nov. 16, 2017)………….    6, 7, 14

*Lambdin v. Dist. Ct. In & For 18th Jud. Dist. of Cnty. of Arapahoe,*
903 P.2d 1126 (Colo. 1995)…………………………………………………….    9, 10

*Lane v. Urgitus,*
145 P.3d 672, 679 (Colo. 2006)………………………………………………...    5, 6

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,*
473 U.S. 614, 627 (1985)……………………………………………………....    5

*Tillman v. Commercial Credit Loans, Inc.,*
362 N.C. 93, 655 S.E.2d 362, 370 (2008)………………………………………...    6

**Statutes**

Colo. Rev. Stat. Ann. § 13-22-206…………………………………………….    6

36 USCA §220522(4)(B)………………………………………………………    11

36 USCA §220501(b)(9)……………………………………………………….    11

I. **INTRODUCTION**

Defendant USAF's claim that Plaintiff has agreed to arbitrate her claims in Colorado is untenable, since the arbitration provision is unconscionable. The arbitration provision at issue was first cited by USAF Defendants in their Reply Brief is the arbitration terms set forth in the membership agreement that Plaintiff signed at the outset of her membership. Plaintiff executed this agreement in June of 2025—prior to the unlawful July transgender ban went into effect. Complaint ¶44; Waiver Form attached to Defendants' Reply Brief as Exhibit "A" (Dkt. No. 13).

The arbitration provision categorically disallows all monetary damages against Defendants, permitted under the controlling civil rights laws. And accordingly, it is respectfully submitted that the present action must remain before this Honorable Court for disposition. Plaintiff offers this sur-reply to Defendants' Reply Brief supporting their Motion to Dismiss.

The Supreme Court of Colorado has established that "'arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which [they have] not agreed so to submit.'" *Lane v. Urgitus*, 145 P.3d 672, 679 (Colo. 2006) (citing *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79 (2002)); *cf. Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 627 (1985) (recognizing that all controversies implicating statutory rights may not be suitable for arbitration). Here, it is respectfully urged that it would be against public policy to enforce a membership arbitration waiver that disallows all monetary damages for statutory violations, including civil rights laws, especially where the agreement was signed before the law changed and Plaintiff would be on notice of what rights she was giving up.

II. **DISCUSSION**

A. **General Principles Regarding The Enforceability of Arbitration Clauses Under Colorado Law**

The Colorado Uniform Arbitration Act provides that:

> An agreement contained in a record to submit to arbitration any existing or subsequent controversy arising between the parties to the agreement is valid, enforceable, and irrevocable except on a ground that exists at law or in equity for the revocation of a contract.

Colo. Rev. Stat. Ann. § 13-22-206 (West).  Colorado courts analyze arbitration clauses through contract principles.  *Lane v. Urgitus*, 145 P.3d 672, 677 (Colo. 2006) (citing *Allen v. Pacheco,* 71 P.3d 375, 378 (Colo.2003); *City & County of Denver v. Dist. Court,* 939 P.2d 1353, 1361 (Colo.1997)).  It is a court's responsibility to determine the validity of an arbitration agreement.  *Estate of Grimm v. Evans*, 251 P.3d 574, 576 (Colo. App. 2010).  When assessing the validity of an arbitration provision, the courts must evaluate the provision for unconscionability.  The party asserting unconscionability "'must prove both procedural and substantive unconscionability.'"  *Bailey v. Lincoln Gen. Ins. Co.*, 255 P.3d 1039, 1055 (Colo. 2011) (quoting *Tillman v. Commercial Credit Loans, Inc.,* 362 N.C. 93, 655 S.E.2d 362, 370 (2008)).  Contract terms that unreasonably favor a party who has overreached support a finding of unconscionability.  *Bailey v. Lincoln Gen. Ins. Co.*, 255 P.3d 1039, 1055 (Colo. 2011) (citing *Davis v. M.L.G. Corp.,* 712 P.2d 985 (Colo.1986)).

Courts analyze a contract for unconscionability using a seven-factor test, as set forth in *Davis v. M.L.G. Corp.,* 712 P.2d 985 (Colo.1986): (1) a standardized agreement executed by parties of unequal bargaining strength; (2) a lack of opportunity to read or become familiar with the document before signing it; (3) the use of fine print in the portion of the contract containing the provision at issue; (4) an absence of evidence that the provision was commercially reasonable or should reasonably have been anticipated; (5) substantive unfairness in the terms of the contract; (6) the relationship of the parties, including factors of assent, unfair surprise, and notice; and (7) all the factors surrounding the formation of the contract, including its commercial setting, purpose, and effect.  *See Lakeview Renovations, Inc. v. City & Cnty. of Denver*, No. 16CA2102, 2017 WL

11932533, at *2 (Colo. App. Nov. 16, 2017) (citing *Davis v. M.L.G. Corp.*, 712 P.2d 985, 991 (Colo. 1986)).

As set forth below, at least five of the seven dispositive *Davis* factors favor Plaintiff's assertion that the present Arbitration Agreement is unconscionable.

## B. Procedural Unconscionability

Procedural unconscionability focuses on defects in the bargaining process of a contract. Four of the *Davis* factors explore procedural unconscionability, including: (1) a standardized agreement executed by parties of unequal bargaining strength; (2) lack of opportunity to read or become familiar with the document before signing it; (3) use of fine print in the portion of the contract containing the provision; and (6) the relationship of the parties, including factors of assent, unfair surprise and notice. *Bailey v. Lincoln Gen. Ins. Co.*, *supra*, at 255 P.3d at 1039, n. 9 (citing *Davis v. M.L.G. Corp.*, *supra*, at 712 P.2d at 991).

### i. *Factor One: Unequal Bargaining Strength*

In the instant matter, there is a clear inequality of bargaining strength between Plaintiff and USAF. Colorado courts have found procedural unconscionability where there is unequal bargaining strength between the contracting parties. The hallmark *Davis* case involved a car rental agreement between an individual and rental company, where the court found unequal bargaining strength, as the individual was an "unsophisticated consumer". *See Davis*, 712 P.2d at 992; *Cf. Lakeview Renovations, Inc. v. City & Cnty. of Denver*, No. 16CA2102, 2017 WL 11932533, at *3 (Colo. App. Nov. 16, 2017) (finding the first *Davis* factor disfavored party arguing arbitration clause because it was "not an unsophisticated consumer … [but] has the resources and wherewithal of a large business…."). Here, the specific terms of the arbitration provision in the present case were clearly on a take-it-or-leave-it basis. *See Davis*, 712 P.2d at 992 (unconscionable provision

offered on take-it-or-leave-it basis).  Plaintiff, an individual athlete, was given **no** opportunity to negotiate the arbitration provision with USAF.   In order for Plaintiff to participate in USAF sanctioned events, she was required to agree to the terms of the arbitration provision; there was simply no opportunity for her to opt-in or out of the arbitration provision, and she was forced to sign the waiver in order to participate in the event.  This case is one of prototypical unconscionability.

## ii. *Factors Two & Three: Lack of Opportunity to Become Familiar with Document & Provision in Fine Print*

Plaintiff was not given an adequate opportunity to become familiar with the arbitration provision.  This arbitration provision was presented during enrollment, with no opportunity to ask questions, seek counsel, or opt out of arbitration without forfeiting membership, Plaintiff was unable to become familiar with the full and complete implications of the arbitration agreement.  Furthermore, the arbitration clause was shelved between voluminous waivers within one document.  *Cf. Davis v. M.L.G. Corp.*, 712 P.2d 985, 992 (Colo. 1986) (agreeing with the trial court's finding that car rental company placing exceptions to insurance policy on the back of the form, in different font and color, and an a-typical pagination, showed company's "'concerted effort' to discourage persons from reading the back of the form.").  Considering the present facts, Plaintiff could not have adequately familiarized herself with the waiver.

## iii. *Relationship of the Parties, Assent, Unfair Surprise, and Notice*

Plaintiff is a transgender woman athlete and USAF is the national governing body for the sport of fencing in the United States.  In other words, USAF is the "gatekeeper," so to speak, with regard to fencing-related competitions and events that are on par with Plaintiff's caliber as an athlete.  Plaintiff had no choice but to comply with USAF's agreements so to participate in USAF-sanctioned events.  Furthermore, Plaintiff is an individual, much like a consumer, and not a

"sophisticated business" that has the wherewithal to piece apart USAF's voluminous waivers. The inclusion this arbitration waiver itself was an unfair surprise. Plaintiff unwittingly signed a document that seeks to waive all monetary claims against Defendants for their unlawful discrimination. It can be hard said that a contracting party would reasonably agree to such a waiver if it was evident and clear that such rights were being waived. Even more, the waiver is unlawful. *Cf. Lambdin v. Dist. Ct. In & For 18th Jud. Dist. of Cnty. of Arapahoe*, 903 P.2d 1126 (Colo. 1995) (holding a compensation plan's arbitration provision that waived an employee's substantive and procedural rights under the Wage Claim Act was void). Defendants safeguarded their actions through the arbitration waiver; they seek to use it to justify their unlawful discriminatory policies against Plaintiff. Put simply, Plaintiff has agreed to be a member of USAF, but is barred from participating in USAF events because she is transgender. Thus, this factor favors Plaintiff.

In the alternative, Plaintiff executed the membership agreement in June of 2025, prior to the transgender ban. *See* Waiver, attached to Defendants' Reply Brief as Exhibit "A" (Dkt. No. 13); Complaint ¶44. Plaintiff had no idea that there was an arbitration that such a claim of discrimination would be available at the time she signed the agreement. It is a legal impossibility for an individual to assent to a remedy for a wrong that did not exist at the time of execution.

### C. <u>Substantive Unconscionability</u>

Substantive unconscionability under Colorado law focuses on the fairness of contract terms themselves. Presently before this Court is the issue of an organization membership arbitration clause that completely disallows all monetary damages for civil rights claims; such a clause is unconscionable and therefore unenforceable. This clause would deny Plaintiff access to monetary damages that are fundamental components of civil rights enforcement, effectively eviscerating the substantive rights afforded by controlling civil rights laws, rather than merely

changing the forum for their resolution. Colorado courts would likely agree that such a provision is not only against public policy, but also unenforceable. *Cf. Lambdin v. Dist. Ct. In & For 18th Jud. Dist. of Cnty. of Arapahoe*, 903 P.2d 1126 (Colo. 1995) (holding a compensation plan's arbitration provision that waived an employee's substantive and procedural rights under the Wage Claim Act was void). As such, it was unfair on its face to disallow Plaintiff a right to pursue damages in the event that Defendants violated the law. Therefore, the arbitration agreement is substantively unconscionable.

### D.  <u>Combined Unconscionability Factor</u>

Substantive and procedural considerations merge in the seventh and final *Davis* factor, which is "'all the circumstances surrounding the formation of the contract, including its commercial setting, purpose and effect.'" *Bailey v. Lincoln Gen. Ins. Co.*, 255 P.3d 1039, 1055 (Colo. 2011) (citing *Davis v. M.L.G. Corp.*, 712 P.2d 985, 991 (Colo. 1986)). Once more, the arbitration provision here completely disallows monetary damages against USAF and/or its employees, even for civil rights violations. This effectively would bar Plaintiff's right to recover for Defendants' intentional and overt discrimination. Plaintiff is a transgender individual and athlete, who had no bargaining power against USAF, had no choice but to agree to its terms, or be denied membership in the organization. Completely barring her right to recover for civil rights violations on Defendants' parts openly invited Defendants the safeguard to discriminate against Plaintiff without repercussions. Such self-shielding is unlawful and against public policy. And while public policy may generally support alternative dispute resolution, it does not support using ADR as means to bar Plaintiff from pursuing remedies in court where Defendants have unlawfully discriminated against her.

### E.  Moreover, USA Fencing Deviated From the Ted Stevens Act <br> <u>and Cannot Selectively Apply Same Against Plaintiff</u>

The Ted Stevens Act sets forth the eligibility requirements for National Governing Bodies of a sport.[1]  In order to maintain status as a National Governing Body, among other things, USAF must agree to submit to *binding arbitration* any controversy involving *inter alia*, "[T]he opportunity of any amateur athlete…to participate in amateur athletic competition…"  36 USCA §220522(4)(B).  The arbitration clause hidden in the Individual Membership Waiver, does not mention binding arbitration as required by the Ted Stevens Act.  Def. Rep. Ex. A.  Nowhere in the Arbitration paragraph is "binding" mentioned.   Even more, nowhere in the Athlete Manual does it notify the members of their obligation to binding arbitration.  A true and correct copy of the Athlete Manual is attached hereto as Exhibit "B".

Even more, as explicitly stated Dinah's Complaint, USAF does not even adhere to the Ted Stevens Act that requires binding arbitration.  On July 26, 2025, Dinah submitted a formal complaint to USAF through the USAF portal.  Complaint ¶49.  On July 28, 2025, USAF, through Jessica Saxon notified Dinah that the complaint was closed and there was no finding.  Complaint ¶50.  Jessica Saxon explained that "[b]ecause the policy ha[d] been approved by the USOPC, your report does not allege a violation, and we must close it with no finding."  Id.  At no point in time did USAF communicate to Dinah that she had to submit to binding arbitration.[2]

### III.   **CONCLUSION**

Accordingly, Defendants' suggestion that Plaintiff must submit to arbitration must be rejected.

---

[1] A "National Governing Body" is an "amateur sports organization, a high-performance management organization, or a paralympic sports organization that is certified by the corporation [United States Olympic and Paralympic Committee]…"  36 USCA §220501(b)(9).

[2] Even more, the binding arbitration requirement applies to "any amateur athlete, coach, manager, administrator or official…"  36 USCA §220522(4)(B).  As explained above, Dinah was not found to be an "amateur athlete" by USAF.  She was banned from participating from participating and had no status with USAF.

Respectfully submitted,

SPECTOR GADON ROSEN VINCI, P.C.

Dated: January 20, 2026

By: /s/ *Susan M. Cirilli*
Susan M. Cirilli, Esquire
Attorney I.D. No.: 017972012
**SPECTOR GADON ROSEN VINCI, PC**
One Logan Square, 18th Floor
130 N. 18th Street
Philadelphia, PA 19103
(215) 241-8887
SCirilli@sgrvlaw.com
*Attorney for Plaintiff Dinah Yukich*

12

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DINAH YUKICH<br><br>            Plaintiff,<br><br>    v.<br><br>PREMIER FENCING CLUB, *et al.*,<br><br>        Defendants. | CIVIL ACTION<br><br><br>No. 2:25-cv-18011-KSH-AME |

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY THAT ON January 20, 2026, I served a true and correct copy of Plaintiff's Sur-Reply to Defendants' Reply Brief in Further Support of Defendants' Motion to Dismiss upon all counsel of record *via* ECF, addressed to the following:

Claudia A. Costa, Esq.
Aimée S. Lin, Esq.
**GOLDBER SEGALLA LLP**
711 Third Avenue, Suite 1900
New York, New York 10017
646-292-8700
ccosta@goldbergsegalla.com
alin@goldbergsegalla.com

I certify that the foregoing statements by me are true. I am aware that if any of the foregoing statements by me are willfully false I am subject to punishment.

SPECTOR GADON ROSEN VINCI, P.C.

Dated: January 20, 2026                    By: /s/ *Susan M. Cirilli*
                                              Susan M. Cirilli, Esquire
                                              Attorney I.D. No.: 017972012
                                              **SPECTOR GADON ROSEN VINCI, PC**
                                              One Logan Square, 18th Floor
                                              130 N. 18th Street

13

Susan M. Cirilli, Esq.
Attorney I.D. No.: 017972012
**SPECTOR GADON ROSEN VINCI, PC**
One Logan Square, 18th Floor
130 N. 18th Street
Philadelphia, PA 19103
(215) 241-8887
SCirilli@sgrvlaw.com
*Attorney for Plaintiff Dinah Yukich*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DINAH YUKICH | CIVIL ACTION |
| Plaintiff, | |
| v. | No. 2:25-cv-18011-KSH-AME |
| PREMIER FENCING CLUB, *et al.*, | |
| Defendants. | |

**SUR-REPLY CERTIFICATION OF SUSAN M. CIRILLI, ESQ. IN RESPONSE TO DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO DISMISS**

I, Susan M. Cirilli, Esq., of full age, hereby certify as follows:

1.      I am an attorney admitted to practice law before this Court and represent Plaintiff Dinah Yukich in the above-captioned matter. I make this Sur-Reply in response to Defendants' Reply Brief in Further Support of Defendants' Motion to Dismiss.

2.      Attached is Exhibit "B", a true and correct copy of the USAF Athlete Manual.

3.      Attached is Exhibit "C", a true and correct copy of the unpublished decision in *Lakeview Renovations, Inc. v. City & Cnty. of Denver*, No. 16CA2102, 2017 WL 11932533 (Colo. App. Nov. 16, 2017).

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are false, I am subject to punishment.

By: /s/ *Susan M. Cirilli*
Susan M. Cirilli, Esq.

Dated: January 20, 2026