# EXHIBIT F

Case 2:25-cv-18011-KSH-AME    Document 21-6    Filed 03/05/26    Page 2 of 5 PageID: 646

Devlin by Devlin v. Arizona Youth Soccer Ass'n, Not Reported in F.Supp. (1996)
5 A.D. Cases 321, 15 A.D.D. 1277, 7 NDLR P 357

1996 WL 118445
United States District Court, D. Arizona.

Nichales DEVLIN, a minor, by his next friend and mother, Jill DEVLIN, Plaintiff,
v.
ARIZONA YOUTH SOCCER ASSOCIATION, an Arizona Corporation, Defendant.

No. CIV 95–745 TUC ACM.
|
Feb. 8, 1996.

**Attorneys and Law Firms**

Stephen F. Palevitz, Arizona Center for Disability Law, Tucson, Arizona, for Plaintiff.

Charles L. Chester and Rodolfo Parga, Jr., Ryley, Carlock & Applewhite, Phoenix, Arizona, for Defendant.

*ORDER*

MARQUEZ, Senior District Judge.

**\*1** Plaintiff Nichales Devlin ("Devlin"), has filed a Complaint against Defendant Arizona Youth Soccer Association ("AYSA") alleging claims under four counts: (1) the Americans With Disabilities Act ("ADA"), 42 U.S.C. I 12101–12213 (Supp. V 1993), as amended by Act of June 23, 1995, 42 U.S.C.A. § 12209 (West 1995); (2) the Arizonans With Disabilities Act ("AzDA"), A.R.S. §§ 41–1492 to 41–1492.12 (Supp.1995); (3) breach of contract; and (4) equitable estoppel. Defendant's Answer asserts nine affirmative defenses. The Plaintiff has moved this Court to strike the three following affirmative defenses:

> B. Plaintiffs have failed to avail themselves of any of the numerous dispute resolution mechanisms specifically put in place to address just the type of controversy that is presented by this Complaint. Accordingly, they have failed to exhaust administrative remedies including their failure to pursue arbitration all as required by the Amateur Sports Act of 1978, 36 U.S.C. § 391, and, if applicable, the Rules and Regulations of the Sierra Vista Soccer Club, the Cochise County Junior Soccer League and AYSA.
>
> C. The exclusive forum to hear Nichales' claims is the arbitration forum, pursuant to the Amateur Sports Act of 1978, 36 U.S.C. § 391.
>
> ....
>
> G. Nichales' participation as a player in practices, including scrimmages, and games would pose a substantial risk of injury to Nichales.

(Defendant's Answer at Pg. 8–9, para. II(B), (C), and (G).)

*A) PLAINTIFF'S ADA CLAIMS*

The Defendant contends that the Plaintiff agreed to arbitrate his ADA claims, and that the Federal Arbitration Act ("FAA") requires enforcement of that agreement. The Defendant argues that among the duties imposed upon player/members of the AYSA and United States Youth Soccer Association ("USYSA") is the duty to submit concerns to specified dispute resolution procedures, and ultimately to arbitration; this includes Plaintiff's claims under the ADA asserted in this action.

The ADA's legislative history indicates that Congress intended not to preclude judicial remedies.

> This amendment was adopted to encourage alternative means of dispute resolution that are already authorized by law. The Committee wishes to emphasize, however, that the use of alternative dispute resolution mechanisms is intended to supplement, not supplant, the remedies provided by this Act. Thus, for example, the Committee believes that any agreement to submit disputed issues to arbitration, whether in the context of collective bargaining agreement or in an employment contract, does not preclude the affected person from seeking relief under the enforcement provisions of this Act.

H.R.Rep. No. 485, 101st Cong., 2d Sess., pt. 3, at 76–77 (1990), *reprinted in* 1990 U.S.C.C.A.N. 445, 499–500.

The Conference Committee Report also explains that an arbitration agreement does not preclude judicial remedies:

> It is *the intent of the conferees that the use of these alternative dispute resolution procedures is completely voluntary.* Under no condition would an arbitration clause in a collective bargaining agreement or employment

Case 2:25-cv-18011-KSH-AME    Document 21-6    Filed 03/05/26    Page 3 of 5 PageID: 647

Devlin by Devlin v. Arizona Youth Soccer Ass'n, Not Reported in F.Supp. (1996)
5 A.D. Cases 321, 15 A.D.D. 1277, 7 NDLR P 357

contract prevent an individual form pursuing their rights under the ADA.

**\*2** H.R.Conf.Rep. No. 596, 101st Cong., 2d Sess. 89 (1990), *reprinted in* 1990 U.S.C.C.A.N. 565, 598 (emphasis added). It is clear that the legislative history of § 12212 indicates that an arbitration agreement cannot waive the ADA's judicial remedies. *Riley v. Weyerhaeuser Paper Co.,* 898 F.Supp. 324, 326 (W.D.N.C.1995).

The Defendant also contends that the Plaintiff must first exhaust his administrative remedies under the Amateur Sports Act. First of all, as discussed above, the legislative history of the ADA indicates that Congress precluded a waiver of judicial remedies for an ADA violation and that exhaustion of administrative remedies is not required. *Grubbs v. Medical Facilities of America,* Inc., 6 NDLR Para. 105 at 372 (W.D.Va. Sept. 23, 1994). Secondly, the regulations implementing Title II of the ADA omit an exhaustion requirement. *See* 28 C.F.R. §§ 36.501–.504 (1995). Finally, the ADA's provision of the relationship of the ADA to other laws further demonstrates that Plaintiff's ADA claim is not subject to the exhaustion/arbitration requirements of the Amateur Sports Act. That provision states in relevant part:

> Nothing in this Act shall be construed to invalidate or limit the remedies, rights, and procedures of any Federal law or law of any State or political subdivision of any State or Jurisdiction that provides *greater or equal protection* for the rights of individuals with equal protection for the rights of individuals with disabilities than are afforded by this Act.

42 U.S.C. § 12201(b) (Supp. V 1993) (emphasis added). The aforementioned provision implies that the ADA does preempt federal and state laws that provide less protection than the ADA and by precluding a judicial remedy, the Amateur Sports Act provides less protection for the rights of individuals with disabilities than does the ADA.

This Court finds that Plaintiff's ADA claims are not subject to arbitration and/or exhaustion of administrative remedies requirements.

### B) PLAINTIFF'S AzDA CLAIMS

The Defendant contends the FAA requires arbitration of the Plaintiff's AzDA claims. The FAA, however, does not require arbitration of a state statutory discrimination claim if arbitration of an analogous federal statutory discrimination claim is not required. *Johnson v. Piper Jaffray, Inc.,* 530 N.W.2d 790, 799 (Minn.1995). The court in *Johnson* explained,

> The arbitrability of state statutory discrimination claims is to be determined by reference to Congress' intent with regard to alternative dispute resolution of that class of claims. In other words, when the claims are predicated on a state statute, rather than on a federal statute, the courts are obliged to draw an analogy to the equivalent federal law, when possible, and to determine Congress' intent with regard to the rights created by that law.

*Id.* at 799. In the case at bar, the closest federal statute which is analogous to the AzDA is the ADA. The ADA precludes waiver of judicial remedies. The FAA does not require arbitration of Plaintiff's AzDA claims.

**\*3** Defendant argues that the Amateur Sports Act preempts Plaintiff's AzDA claims. The Supreme Court has explained the requirements which must be met in order for a federal law to preempt a state law.

> We have recognized that a federal statute implicitly overrides state law either when the scope of a statute indicates that Congress intended federal law to occupy a field exclusively, (citation omitted), or when state law is in actual conflict with federal law. We have found implied conflict pre-emption where it is "impossible for a private party to comply with both state and federal requirements," (citation omitted), or where state law "stands as an obstacle to accomplishment and execution of the full purposes and objectives of Congress." (citation omitted).

*Freightliner Corp. v. Myrick,* 115 S.Ct. 1483, 1487 (1995). There is no express provision in the Amateur Sports Act preempting state law. Furthermore, the Supreme Court made it clear that the United States Olympic Committee is not a federal agency, but a corporation established pursuant to federal law. *San Francisco Arts & Athletics, Inc. v. United States Olympic Committee,* 483 U.S. 522, 542–43 (1987). The Act merely authorizes the coordination by the United States Olympic Committee of activities "which have always been performed by private entities. Neither the conduct nor the coordination of amateur sports has been a traditional governmental function." *Id.* at 544–45. "The Commission that recommended the current USOC powers 'made it clear that it did not want the Federal Government directing amateur athletics in this country.' " *Id.* at Fn. 26 (quoting House Report, at 9, U.S.Code Cong. & Admin.News 1978, 7482.) It is clear that in passing the Amateur Sports Act, Congress did

Case 2:25-cv-18011-KSH-AME   Document 21-6   Filed 03/05/26   Page 4 of 5 PageID: 648

Devlin by Devlin v. Arizona Youth Soccer Ass'n, Not Reported in F.Supp. (1996)
5 A.D. Cases 321, 15 A.D.D. 1277, 7 NDLR P 357

not intend federal law to occupy the field of amateur athletics exclusively.

The third requirement for preemption, an "actual conflict" between the federal law and the state law, is found in two circumstances: (1) "Where it is impossible for a private party to comply with both state and federal requirements," and (2) "where state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Freightliner Corp.,* 115 S.Ct. 1483, 1487. The Defendant has not put forth any reason why it would be impossible for the Defendant to comply with both the AzDA and the Amateur Sports Act. Furthermore, "The Amateur Sports Act was enacted 'to correct the disorganization and the serious factional disputes that seemed to plague amateur sports in the United States.' " *San Francisco Arts,* 483 U.S. 522, 544 (1987) (quoting H.R.Rep. No. 1627, 95th Cong., 2d Sess. 8 (1978), reprinted in 1978 U.S.C.C.A.N. 7478, 7482). The AzDA's judicial remedy in no way stands as an obstacle to the accomplishment and execution of the Amateur Sports Act's purpose.

Finally, because the AzDA is a law of general applicability rather than a direct regulation of amateur athletics, it is not preempted. *Gade v. National Solid Wastes Management Ass'n,* 505 U.S. 88, 107 (1992).

**\*4** This Court finds that the Plaintiff's AzDA claims are not preempted by the Amateur Sports Act.

### C) PLAINTIFF'S BREACH OF CONTRACT AND EQUITABLE ESTOPPEL CLAIMS.

Defendant asserts that Plaintiff's Breach of Contract and Equitable Estoppel claims founded on the contract which Plaintiff's seek to enforce, are subject to the available dispute resolution procedures as provided for under the AYSA and the USYA.

Pursuant to 36 U.S.C. § 396,

> Any amateur sports organization which conducts *amateur athletic competition,* participation in which is restricted to a specific class of amateur athletes (such as high school students, college students, members of the Armed Forces, or similar groups or categories), *shall have exclusive jurisdiction over such competition....*

36 U.S.C. § 396 (emphasis added). It is clear that the AYSA has exclusive jurisdiction over Plaintiff's claims which do not arise under the ADA or AzDA.

This Court finds that, to the extent that the Plaintiff asserts claims for breach of contract and equitable estoppel not arising under the ADA or the AzDA, those claims are not properly brought before this Court. Plaintiff must proceed pursuant to the Amateur Sports Act.

### D) DEFENDANT'S AFFIRMATIVE DEFENSE ASSERTING RISK OF INJURY TO PLAINTIFF.

Defendant contends as a defense that Plaintiff's participation in competitive youth soccer will pose a substantial risk of harm to him. Although the Plaintiff contends that both the ADA and AzDA limit the direct threat defense to threats to others, there are questions of fact and law which exist regarding this issue. This Court is not inclined at this time to preclude the Defendant from asserting this defense.

Based on the aforementioned,

IT IS ORDERED that the Plaintiff's Motion to Strike is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that,

1) Defendants Affirmative Defenses "II(B)" and "II(C)" regarding Plaintiff's failure to exhaust administrative remedies including failure to pursue arbitration with regard to ADA and AzDA claims shall be STRICKEN.

2) Plaintiff's Claims for Breach of Contract and Equitable Estoppel are DISMISSED WITHOUT PREJUDICE.

3) Defendant's Affirmative Defense "II(G)" shall not be stricken and shall be allowed to be asserted as an Affirmative Defense by Defendant.

4) The Hearing set for February 22, 1996 at 10:00 A.M. is VACATED.

**All Citations**

Not Reported in F.Supp., 1996 WL 118445, 5 A.D. Cases 321, 15 A.D.D. 1277, 7 NDLR P 357

Case 2:25-cv-18011-KSH-AME    Document 21-6    Filed 03/05/26    Page 5 of 5 PageID: 649

**Devlin by Devlin v. Arizona Youth Soccer Ass'n, Not Reported in F.Supp. (1996)**
5 A.D. Cases 321, 15 A.D.D. 1277, 7 NDLR P 357

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.