**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **DINAH YUKICH,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**PREMIER FENCING CLUB, *et al*.,**<br><br>**Defendants.** | **CIVIL ACTION**<br><br>**NO. 2:25-cv-18011-KSH-AME** |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S SEPTEMBER 30, 2026 ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

**SPECTOR GADON ROSEN VINCI, P.C.**

Susan M. Cirilli

One Logan Square
130 North 18th Street
18th Floor
Philadelphia, PA 19103
Telephone: (215) 241-8887
scirilli@sgrvlaw.com

*Counsel for Plaintiff*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ....................1

ARGUMENT ....................2

I. LEGAL STANDARD ....................2

II. THE COURT SHOULD CONSIDER THE CHOICE-OF-LAW ANALYSIS TO DETERMINE THE VALIDITY OF THE ARBITRATION CLAUSE ....................2

III. A COURT OVERLOOKED ATALESE AND IT PROGENY WHEN EVALUATING THE ARBITRATION CLAUSE ....................3

IV. THE COURT OVERLOOKED THE FEDERAL AND STATE CASELAW INVALIDATING UNILATERAL ARBITRATION TERMS ....................4

V. THE COURT SHOULD RECONSIDER THE UNCONSCIONABILITY DOCTRINE ....................6

VI. THE COURT SHOULD RECONSIDER THE CONTRACT OF ADHESION DOCTRINE WHEN ASSESSING UNCONSCIONABILITY ....................6

VII. THE COURT SHOULD CONSIDER THE EFFECTIVE VINDICATION DOCTRINE ....................7

VIII. THE COURT SHOULD CONSIDER THE TED STEVENS ACT ITSELF ....................8

IX. THE COURT SHOULD CONSIDER THAT STATUTORY DISCRIMINATION CLAIMS ARE OUTSIDE OF THE SCOPE OF THE ARBITRATION AGREEMENT ....................9

X. DISMISSALS BASED ON JURISDICTION SHOULD BE WITHOUT PREJUDICE ....................10

# TABLE OF AUTHORITIES

Page(s)

Cases

*Atalese v. U.S. Legal Services Group, L.P.*
219 N.J. 430 (N.J. Supreme Court 2014) ........................................................ 4, 5

*Instructional Systems v. Computer Curriculum Corp.*
614 A.2d 124 (1992) ........................................................................................ 10

*Adler v. Gruma Corporation*,
135 F.4th 55 (3d. Cir. 2025) ............................................................................ 2, 3

*Arafa v. Health Express Corp.*,
243 N.J. 147 (2020) .......................................................................................... 12

*Barcon Associates, Inc. v. Tri-County Asphalt*,
86 N.J. 179 (1981) ............................................................................................. 6

*Bernard v. Cosby*,
648 F. Supp. 3d 558 (D.N.J. 2023) .................................................................... 2

*Cedeno v. Sasson*,
100 F.4th 386 (2d Cir. 2024) ............................................................................ 10

*Chapman v. Salesforce, Inc.*,
817 F. Supp. 3d 226 (D.N.J. 2026) .................................................................... 4

*Curtis v. Cellco Partnership*,
413 N.J. Super. 26 (2010) .................................................................................. 5

*Defense Distributed v. Platkin*,
697 F.Supp.3d 241 (D.N.J. 2023) ............................................................... 13, 14

*Est. of Cohen, ex rel. Perelman v. Booth Computers*,
421 N.J. Super. 134, (App. Div. 2011) ............................................................... 9

*Flores v. New York Football Giants, Inc.*,
150 F.4th 172 (2nd Cir. 2025) ......................................................... 6, 7, 10, 11

*Gillman v. Chase Manhattan Bank, N.A.*,
*73 N.Y.2d 1, 537 N.Y.S.2d 787, 534 N.E.2d 824 (1988)* ........................................ 8

*Glaxo Group Ltd. v. Dr. Reddy's Laboratories, Ltd.*,
325 F.Supp. 2d 502 (D.N.J. 2004) ................................................................... 14

*Griffin v. Burlington Volkeswagon*,
411 N.J. Super 515 (2010) ................................................................................. 5

*Hooters v. Phillips*,
173 F.3d 933 (4th Cir. 1999)........................................................................... 6, 7

*FlagHouse, Inc. v. ProSource Dev., Inc.*,
528 F. App'x 186 (3d Cir. 2013)........................................................................ 5

*In re Google Digital Advertising Antitrust Litigation*,
63 F. Supp. 3d 563 (S.D.N.Y. 2025) ................................................................. 9

*Lawmen Supply Company of New Jersey, Inc. v. Glock, Inc.*,
330 F.Supp. 3d 1020 (D.N.J. 2018) ................................................................... 3

*Leodorie v. CIGNA Corp.*,
175 N.J. 293, 814 A.2d. 1098 (2003)................................................................. 4

*Martindale v. Sandvik, Inc.*,
173 N.J. 76(S.Ct. 2002) ..................................................................................... 5

*Medtronic AVE, Inc. v. Advanced Cardiovascular Sys., Inc.*,
247 F.3d 44 (3d Cir. 2001) .............................................................................. 12

Mitsubishi Motors Corp.,
473 U.S., 105 S.Ct. 3346 .................................................................................. 9

*Moon v. Breathless Inc.*,
868 F.3d 209 (3d. Cir. 2017) ............................................................................ 5

*Nesbitt v. FCNH, Inc.*,
811 F.3d 371 (10th Cir. 2016) ......................................................................... 10

*Preston v. Ferrer*,
552 U.S. 346, 128 S.Ct. 978, 169 L.Ed.2d 917 (2008)........................................ 9

*Rudbart v. N. Jersey Dist. Water Supply Comm'n,*
*127 N.J. 344, 605 A.2d 681 (1992)* ........ 8

*White v. City of Trenton*,
848 F.Supp.2d 497 (D.N.J. 2012) ........ 2

*Williams v. Medley Opportunity Fund*,
965 F.3d 229 (3d. Cir. 2020) ........ 10

**Statutes**

26 U.S.C.A. 220506(b)(3) ........ 11
26 U.S.C.A. 220524(b) ........ 11

**Rules**

F.R.C.P. 7.1(i) ........ 2
F.R.C.P. 59(e) ........ 2

**Other Authorities**

2:22-cv-02236(ES)(AOS),
2026 WL 1969569 at *17 (D.N.J. Oct. 2, 2026) ........ 3

Plaintiff Dinah Yukich ("Dinah"), by and through counsel, respectfully move the Court to reconsider aspects of the Court's Opinion and Order dated September 30, 2026 ("Order"), which grants Defendants' Motions to Dismiss.

## PRELIMINARY STATEMENT

We respectfully implore the Court to reconsider the Order which grants Defendants' Motions to Dismiss as it holds that a National Governing Body (NGB) can (1) require an individual to forgo their right to bring a cause of action under the state discrimination laws of New York (NY) and (2) bring any remaining claims before a biased arbitrator that is designated by the USOPC (a defendant in the instant action). The Order respectfully overlooks (i) the choice of law analysis; (ii) the statutes and caselaw requiring arbitrators to be disinterested parties; (iii) the unconscionability doctrine that precludes the enforcement of contracts of adhesion; (iv) the prospective waiver doctrine (effective vindication) that invalidates arbitration agreements where (a) choice-of-law terms requires an individual waive statutory causes of action and (b) the process is so one-sided that an individual cannot effectively be heard; and (vi) caselaw stating that dismissals based on jurisdiction must be without prejudice. The implication of this Opinion means that an NGB, with the stroke of a pen, can override NY's police powers to police discrimination within its borders.

## ARGUMENT

## I. LEGAL STANDARD

F.R.C.P. 59(e) makes a motion for reconsideration appropriate in three instances: (1) when there is an intervening change in the controlling law; (2) the availability of new evidence that was not available when the decision was made; or (3) there is a need to correct a clear error of law or fact or to prevent manifest injustice. *See also*, F.R.C.P. 7.1(i), *White v. City of Trenton*, 848 F.Supp.2d 497, 500 (D.N.J. 2012)("[The Rule] creates a procedure by which a court may reconsider its decision upon a showing that dispositive factual matters or controlling decisions of law were overlooked by the court…").

## II. THE COURT SHOULD CONSIDER THE CHOICE-OF-LAW ANALYSIS TO DETERMINE THE VALIDITY OF THE ARBITRATION CLAUSE

The Court overlooked the Choice-of-Law analysis and the strong public policy in New Jersey (NJ) regarding waiver of statutory claims. When sitting in diversity and faced with a choice-of-law provision in an arbitration agreement, the choice-of-law analysis should be considered. *Bernard v. Cosby*, 648 F. Supp. 3d 558, 565 (D.N.J. 2023). NJ "allows parties to choose which state's law…govern their contracts, but choice of law may override that selection…" *Adler v. Gruma Corporation*, 135 F.4th 55, 65 (3d. Cir. 2025). Such terms are respected unless either of the following is satisfied: (1) the chosen state has no substantial relationship to the parties or transaction, or (2) the application of the chosen state

law is contrary to the fundamental policy of a state which has a materially greater interest than the chosen state. *Lawmen Supply Company of New Jersey, Inc. v. Glock, Inc.,* 330 F.Supp. 3d 1020, 1028-9 (D.N.J. 2018).

Fundamental policy grounds are met when three elements are satisfied: (1) the state has a materially greater interest in the determination of the issue in dispute, (2) the chosen law conflicts with fundamental policy of a different state, and (3) the state's law would apply absent the choice-of-law term. *Adler v. Gruma Corp.*, 135 F.4th 55, 71 (3d. Cir. 2025). The "policy interest" evaluation includes the review of whether the state has an interest in "enforcing protections of its own law regarding an issue of a contrary agreement by the parties." *Adler v. Gruma Corp.*, 135 F.4th. at 74 (3d. Cir. 2025). When conducting this analysis, the contacts with the parties and the transactions are evaluated with the policies of the competing laws. *Charles Schwab & Co., Inc. Plaintiff v. Alexia Koeppel Schwed, et al.*, No 2:22-cv-02236(ES)(AOS) 2026 WL 1969569 at *17 (D.N.J. Oct. 2, 2026).

NJ has a materially greater interest in determining the validity of the arbitration agreement ("Agreement"). The application of Colorado law conflicts with the establish NJ law relating to waiver of statutory claims in an arbitration agreement, and NJ law would have applied to the review of the arbitration

agreement absent the choice-of-law term. It follows that NJ should have been applied when reviewing the validity of the Agreement.

USAF caters to individuals across the country, including those in NJ. The Agreement flies in the face of established NJ jurisprudence that holds waiver of statutory rights in such a high regard that it requires arbitration clauses to include language that makes it abundantly clear to the signor that they are giving up their right to bring their claim in court.[1] This principle, established in *Atalese v. U.S. Legal Services Group,* sets NJ apart from other jurisdictions. 219 N.J. 430, 442 (N.J. Supreme Court 2014)

## III. THE COURT OVERLOOKED *ATALESE* AND ITS PROGENY WHEN EVALUATING THE ARBITRATION CLAUSE

The Court missed the fact that Dinah's claims are statutory. D.E. 35 at p. 35. The Opinion overlooked the fact that Dinah raises six (6) causes of action based on publication accommodation discrimination under the NYSHRL. D.E. 1-1. NJ takes waiver of statutory rights seriously. *Chapman v. Salesforce, Inc.*, 817 F. Supp. 3d 226, 231 (D.N.J. 2026). A valid arbitration term must include clear and unambiguous language that the signor is waiving their "statutory right to see relief in a court…" *Leodorie v. CIGNA Corp.*, 175 N.J. 293, 814 A.2d. 1098

[1] New York (NY) certainly has an interest in whether an arbitration agreement's choice-of-law effectively vindicates an individual's right to bring a lawsuit under their own discrimination laws. Should the court find that NY is the appropriate law to interpret the validity of the arbitration agreement, the USAF agreement is also invalid as explained further in this motion.

(2003). Judge Albin, in *Atalese,* laid out the policy of the state of NJ for ensuring the state protects against unconscionable processes that result in unknowing waiver of the right to bring a claim in a judicial forum. 219 N.J. 430, 442 (N.J. Supreme Court 2014). "We have repeatedly stated that 'the point is to assure that the parties know that in electing arbitration as the exclusive remedy, they are waving their time honor right to sue." *Id.*, *FlagHouse, Inc. v. ProSource Dev., Inc.*, 528 F. App'x 186, 190 (3d Cir. 2013), *see, Moon v. Breathless Inc.* 868 F.3d 209, 214 (3d. Cir. 2017)[2].

The Third Circuit named three elements required for an arbitration clause to cover a statutory right. *Id.* It must (1) identify the "general substantive area that the arbitration clause covers," (2) "reference the types of claims waived by the provision," and (3) explain the difference between arbitration and litigation. *Id.* The USAF Arbitration Agreement does not satisfy any of the *Moon* elements, nor does it include any language that makes it a valid waiver that educates the signor of the implications of arbitration. Under NJ law, the arbitration term is unenforceable.

---

[2] *Atalese* provides examples of valid waiver language: *Martindale v. Sandvik, Inc.*, 173 N.J. 76, 8-82(S.Ct. 2002)(Term read in capital letters that signor waived the right to a jury "in any action or proceeding" and agreed to arbitration of all disputes.), *Griffin v. Burlington Volkeswagon*, 411 N.J. Super 515, 518 (2010)("…the parties understand and agree that they are waiving their rights to maintain other available resolution processes, such as a court action or administrative proceeding, to settle their disputes."), *Curtis v. Cellco Partnership*, 413 N.J. Super. 26, 31 (2010)("[i]nstead of suing in court, we each agree to settle disputes…only by arbitration. The rules in arbitration are different. There's no judge or jury, and review limited…")

## IV. THE COURT OVERLOOKED THE FEDERAL AND STATE CASELAW INVALIDATING UNILATERAL ARBITRATION TERMS

The court overlooked the FAA and state caselaw that explicitly invalidates arbitration clauses that are one-sided and involve an arbitrator that is not independent. *Barcon Associates, Inc. v. Tri-County Asphalt*, 86 N.J. 179, 188 (1981), *see also Flores v. New York Football Giants, Inc.*, 150 F.4th 172, 182 (2nd Cir. 2025).

The USAF Agreement reads that "[a]ny arbitration shall be administered by the arbitration manager designated by the USOPC…" D.E.13-2. The USOPC is a named defendant in this action and opposes the participation of transgender females in sports. The USOPC also actively aided USAF to effectuate the policy to discriminate against transgender women. D.E. 1-1, ¶¶44-48. This is hardly an independent process. An arbitration managed by the USOPC, a defendant in this case, makes it impossible for Dinah to achieve a disinterested opinion. Even without the USOPC being a party to the instant action, the USOPC is so intwined in effectuating the unlawful ban that is impossible to achieve an unbiased and disinterested outcome.

The NJ Supreme Court confirmed that an arbitrator must provide a "disinterested opinion." *Barcon Associates, Inc.*, at 188. *See, Flores v. New York Giants*, 150 f.4th. at n.50 (2nd. Cir. 2025)(quoting *Hooters v. Phillips*, 173 F.3d

933, 940 (4th Cir. 1999)(" a system whereby disputes are fairly resolved by an impartial third party" and that a "scheme whereby one party to the proceeding so controls the arbitral panel" is not arbitration, but rather "a sham system").

The USAF arbitration term mimics the NFL arbitration process at issue in *Flores* which was deemed invalid by the Second Circuit. *See Flores v. NY Giants*, at 183. The NFL required the coach to submit claims "to the unilateral substantive and procedural discretion of the NFL Commission- the principal executive of one of [the coach's] adverse parties, without an independent arbitral forum under contract and without a process for bilateral dispute resolution." *Id.* The situation at bar is worse. USAF requires Dinah to submit her claims to the unilateral and substance procedural discretion of an adverse party.

The Court overlooked the fact that Dinah attempted to follow the internal complaint procedure with USAF. D.E. 1-1 ¶¶49-50. Dinah attempted to bring a formal complaint with USAF, and Jessica Saxon closed the complaint without investigation. *Id.* ("Because this policy has been approved by the USOPC, your report does not allege a violation, and we must close it with no finding.") This Order now requires that Dinah put herself through the in-name-only arbitration process where she will submit her claims to the very entities who are doing the harm.

## V. THE COURT SHOULD RECONSIDER THE UNCONSCIONABILITY DOCTRINE

Generally, NJ require demonstration of procedural and substantive unconscionability in order render a provision unenforceable as unconscionable. *Rudbart v. N. Jersey Dist. Water Supply Comm'n, 127 N.J. 344, 356, 605 A.2d 681 (1992), Gillman v. Chase Manhattan Bank, N.A., 73 N.Y.2d 1, 537 N.Y.S.2d 787, 534 N.E.2d 824, 828 (1988).* The Court should revisit the procedural unconscionability of the agreement. While the Opinion relies on the two (2) page length of the document, the Court respectfully missed what the agreement is packed with a requirement that Dinah was expected to understand and abide by all the rules and policies in ten (10) different sources. D.E. 13-2. Even more,

## VI. THE COURT SHOULD RECONSIDER THE CONTRACT OF ADHESION DOCTRINE WHEN ASSESSING UNCONSCIONABILITY

The Court indicated that Dinah "wanted to be a member and was free not to be a member" as the basis for explaining that this agreement is not an unlawful take-it-or-leave-it contract. D.E. 35 at 19. This is precisely what a contract of adhesion is.

Should Dinah not be a member of USA Fencing, she cannot effectively fence anywhere in the country. Almost every fencing event in the U.S.A. is sanctioned by USAF. Even more, USAF provides insurance for USAF member clubs.[3] In order for those clubs to get coverage, each member participating at the club (either

[3] https://www.usafencing.org/insurance

practicing or competing at an event), must be a USAF member individually. If Dinah decided not to be a member of USAF, she effectively is cut out of participating in any fencing activities, even just practicing at a member club. This is not a situation, as the Opinion suggests, that Dinah had the choice to decline to join and fence elsewhere. USAF controls the entire landscape for participation in fencing in the U.S.

A membership agreement that excludes Dinah from accessing places of public accommodation, and then precludes her from bringing such statutory claims. This is precisely such a term that is "so one-sided as to shock the court's conscience." *Est. of Cohen, ex rel. Perelman v. Booth Computers*, 421 N.J. Super. 134, 158, (App. Div. 2011), *see also In re Google Digital Advertising Antitrust Litigation*, 63 F. Supp. 3d 563, 573 (S.D.N.Y. 2025).

## VII. THE COURT SHOULD CONSIDER THE EFFECTIVE VINDICATION DOCTRINE

When a choice-of-law term in an arbitration agreement effectively bars an individual from adjudicating rights under a statute, that term must be invalidated. Such a term serves as a prospective waiver of rights- also known as the effective vindication doctrine- and has rendered arbitration terms unenforceable. This principle been confirmed repeatedly. See, *Preston v. Ferrer*, 552 U.S. 346, 359, 128 S.Ct. 978, 169 L.Ed.2d 917 (2008) (quoting Mitsubishi Motors Corp., 473 U.S. at 628, 105 S.Ct. 3346 n.5)(" And so we have said that " '[b]y agreeing to arbitrate

a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral ... forum.' "), *Nesbitt v. FCNH, Inc*., 811 F.3d 371 (10th Cir. 2016), *Williams v. Medley Opportunity Fund*, 965 F.3d 229 (3d. Cir. 2020)("By limiting the claims available…the arbitration agreement here requires [an individual] to prospectively waive claims based on any other law.)("A party may not underhandedly convert a choice-of-law clause into a choice of no law clause."), *Cedeno v. Sasson,* 100 F.4th 386, 395 (2d Cir. 2024)("…terms in an arbitration agreement that have the effect of prospectively waiving a party's statutory remedies are not enforceable."),

In *Instructional Systems v. Computer Curriculum Board*, the NJ Supreme Court found that the franchise agreement's choice-of-law was invalid because it effectively waived the NJ franchisee's statutory rights under the NJ Franchise law. *Id.* (*"*...were parties free to dispense with the protection afforded by the [NJ Law], any large franchisor by insertion of choice-of-law provision…with the stroke of a pen remove the beneficial effect of the franchisee's state's remedial legislation." 614 A.2d 124, 134 (1992). Here, USAF attempted, with a stroke of pen, remove the beneficial effects of an Dinah's protection under a state's discrimination laws.

The Second Circuit aligns with NJ in that "[a]n arbitration agreement…does not alter or abridge substantive rights; it merely changes how those rights would be processed. *Flores v. New York Football Giants, Inc.*, 150

F.4th at 181. "When a party agrees to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute…" *Id.* That is what USA Fencing is attempting to do.

USAF is relying on their choice-of-law term in the arbitration agreement to preclude Dinah from bringing a cause of action under NYSHRL.

## VIII. THE COURT SHOULD CONSIDER THE TED STEVENS ACT ITSELF

The Court overlooked the language of the Ted Stevens Act ("Sports Act") which requires the USOPC and the NGB must adhere to state law. *See* D.E. 21 at p. 22, *see also* 26 U.S.C.A. 220524(b)("Nothing in this section shall be construed to preempt or otherwise abrogate the duty of care of a[n] [NGB] under state law or the common law."), 26 U.S.C.A. 220506(b)(3)("Nothing in this subsection shall be construed to preempt or otherwise abrogate the duty of care of the [USOPC] under state law or the common law."). The Sports Act itself is explicit that the NGB and the USOPC must abide by state law. *Id.*

It follows that an individual member of an NGB trusts that their NGB will act in accordance with state laws as required by the Sports Act. The Act supports our position that the arbitration agreement cannot serve as a waiver of Dinah's statutory state rights under state law, as it would run afoul of the obligations set out in the Sports Act. The Agreement takes away the individual member's ability

to seek protection under the state laws that the NGB and USOPC is required to follow.[4]

## IX. THE COURT SHOULD CONSIDER THAT STATUTORY DISCRIMINATION CLAIMS ARE OUTSIDE OF THE SCOPE OF THE ARBITRATION AGREEMENT

The Opinion did not consider whether discrimination based on exclusion from a place of public accommodation is within the scope of the arbitration. o determine whether a claim falls within the scope of an arbitration agreement, the "focus is on the factual underpinnings of the claim rather than the legal theory alleged in the complaint." *Medtronic AVE, Inc. v. Advanced Cardiovascular Sys., Inc*., 247 F.3d 44, 55 (3d Cir. 2001). Not to mention, a valid contract requires a mutual meeting of the minds- mutual assent. *Arafa v. Health Express Corp.*, 243 N.J. 147, 171 (2020).

The Opinion overlooked the fact that the Trans Ban was issued after Dinah executed the member agreement at issue. D.E. 35 at p. 18. This fact was overlooked by the Court. The Court is required to review these facts when assessing whether a claim falls within the scope of an arbitration agreement.

[4] The Court overlooked the explicit language of the Trans Ban where the NGB admits that state laws may affect their ability to effectuate the ban. D.E. 1-1, ¶45. USAF was aware that the ban may run afoul to state law. The Arbitration Agreement cannot be a shield from liability under a state discrimination statute.

When Dinah executed the membership agreement, the Trans Ban was not in effect. D.E. 1-1. Even more, USAF circulated a warning e-mail regarding the ban well after she executed the membership agreement. D.E. 1-1, ¶44. Dinah could have even thought that she was submitting a statutory discrimination claim to arbitration. In fact, in or around July of 2025, after the Trans Ban was effectuated, Dinah explicitly noted in writing that she did not consent to arbitration as it related to the Fairfax Challenge event. Even more, when she registered for membership for the 2026-2027 membership year, she also made it explicitly clear that she was not consenting to arbitration. See attached Exhibit C.

Lastly, the arbitration provision comes after the sections regarding Drug Testing, and Assumption of Risk -Waiver and Release relating to personal injury. D.E. 13-2. When reading the arbitration paragraph in context of the document, the scope of the arbitration provision includes physical injury and drug testing and other like claims. Certainly a claim for exclusion from a place of public accommodation is not within the scope of the arbitration agreement.

## X. DISMISSALS BASED ON JURISDICTION SHOULD BE WITHOUT PREJUDICE

The Court found that it did not have personal jurisdiction over defendants, USOPC, Mac Brown, USAF and Shannon Daugherty, and dismissed the action with prejudice. D.E. 35. Jurisdiction is a threshold issue that must be determined before the court evaluates the merits of the case. *Defense Distributed v. Platkin*, 697

F.Supp.3d 241, 260 (D.N.J. 2023). When there is no jurisdiction, a court does not have authority to hear the merits of a case. *Id.* When a Court dismisses a matter with prejudice, that signals that the court evaluated the merits of the case *Id., see Glaxo Group Ltd. v. Dr. Reddy's Laboratories, Ltd.*, 325 F.Supp. 2d 502, 508-09 (D.N.J. 2004)("As dismissal for lack of subject matter jurisdiction is not an adjudication on the merits, dismissal without prejudice is proper."). Here, the merits of the case were not evaluated. The Opinion overlooks this established principle of law in reaching its decision to dismiss the case against USOPC, Mac Brown, USAF and Shannon Daugherty with prejudice.

**SPECTOR GADON ROSEN VINCI P.C.**

Dated: October 14, 2026 By: /s/ Susan M. Cirilli

Susan M. Cirilli, Esq. (017972012)
One Logan Square
130 N. 18th Street, 18th Floor
Philadelphia, PA 19103
Telephone: (215) 241-8887
Email: scirilli@sgrvlaw.com
***Attorney for Plaintiff, Dinah Yukich***