Lowenstein Sandler

**Barry T. Albin**
Partner

One Lowenstein Drive
Roseland, New Jersey 07068

T: (973) 597-6100
E: balbin@lowenstein.com

October 26, 2026

**VIA ECF & REGULAR MAIL**
Honorable Katharine S. Hayden, U.S.D.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

**Re: Dinah Yukich v. Premier Fencing Club, Abdel Aziz, USA Fencing, Shannon Dougherty, Mac Brown, and U.S. Olympic and Paralympic Committee**
**Civil Action No. 25-18011 (KSH) (AME)**

Dear Judge Hayden:

On behalf of Defendants United States Olympic & Paralympic Committee (USOPC) and Mac Brown, please accept this brief response to Plaintiff Dinah Yukich's motion for reconsideration. (ECF No. 37.)

In response to Point X of Plaintiff's brief, we understood the Court's dismissal with prejudice for lack of personal jurisdiction to mean that Plaintiff could not refile her Complaint in New Jersey. *See Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132–33 (3d Cir. 2020). We believe that Plaintiff is overreading the Court's Order.

In Point VIII of the reconsideration brief, Plaintiff apparently is focused on whether the claims against Defendants Premier Fencing and Aziz should be submitted to arbitration. Nevertheless, in Point VIII, Plaintiff makes an argument with which the USOPC and Brown take issue concerning the scope of the Ted Stevens Olympic and Amateur Sports Act. As we stated earlier, in passing the Sports Act, Congress intended to preempt state laws in conflict with USOPC's nationwide athlete eligibility standards. (ECF No. 25 at 11-13.) We disagree with Plaintiff's position that Congress's narrow carveout to preemption in matters relating to "duty of care" under state law, 36 U.S.C. § 220505(d)(3), applies to USOPC's uniform athlete eligibility standards. (ECF No. 25 at 11-13.) This limited carveout has nothing to do with non-duty of care athlete eligibility criteria for women's competitive sporting events. Having said that, the Court should not address the merits of this argument, previously briefed by the parties, given that the Court does not have personal jurisdiction to decide the issue.

If the Court wishes, we are prepared to respond in greater detail. Otherwise, we leave to the Court's judgment the disposition of Plaintiff's motion.

Respectfully submitted,

*s/ Barry T. Albin*
Barry T. Albin