**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DINAH YUKICH,<br><br>Plaintiff,<br><br>v.<br><br>PREMIER FENCING CLUB; ABDEL AZIZ; USA FENCING; SHANNON DOUGHERTY; MAC BROWN; and UNITED STATES OLYMPIC AND PARALYMPIC COMMITTEE,<br><br>Defendants. | Civil Action No. 2:25-cv-18011-KSH-AME<br><br>Hon. Katharine S. Hayden, U.S.D.J.<br><br>Motion Day: November 16, 2026 |

**BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S SEPTEMBER 30, 2026 OPINION AND ORDER, ON BEHALF OF DEFENDANTS PREMIER FENCING CLUB & SPORTS CORP., ABDELWAHAB ABDELAZIZ, USA FENCING ASSOCIATION, AND SHANNON DAUGHERTY**

Claudia A. Costa, Esq.
Aimée S. Lin, Esq.
**GOLDBERG SEGALLA LLP**
1037 Raymond Boulevard, Suite 1010
Newark, New Jersey 07102-5423
973-681-7000
ccosta@goldbergsegalla.com
alin@goldbergsegalla.com
*Attorneys for Defendants Premier Fencing Club & Sports Corp (incorrectly pleaded as Premier Fencing Club), Abdelwahab Abdelaziz (incorrectly pleaded as Abdel Aziz), USA Fencing Association (incorrectly pleaded as USA Fencing), and Shannon Daugherty (incorrectly pleaded as Shannon Dougherty)*

*On the Brief:*

Claudia A. Costa, Esq.
Aimée S. Lin, Esq.

## TABLE OF CONTENTS


PRELIMINARY STATEMENT ... 1

PROCEDURAL HISTORY ... 2

LEGAL ARGUMENT ... 3

I. Plaintiff Cannot Meet the Demanding Standard for Reconsideration. ... 3

II. The Motion Impermissibly Repeats Arguments the Court Already Considered and Rejected ... 5

A. Unconscionability and the "Contract of Adhesion" Argument. ... 5

B. The Timing of the Policy and the Scope of the Provision. ... 6

C. The Damages Limitation and "Effective Vindication" (Point VII). ... 7

D. The Ted Stevens Act (Point VIII). ... 8

III. Plaintiff's Motion Impermissibly Raises New Arguments that Plaintiff Did Not Present Previously. ... 9

A. Plaintiff Applied Colorado Law and Cannot Now Invoke New Jersey Law and *Atalese* (Points II and III). ... 9

B. Plaintiff's New "Biased Arbitrator" Argument (Point IV). ... 11

C. Plaintiff's New Arguments Regarding Mutual Assent. ... 11

IV. Plaintiff's Exhibit C is Not "New Evidence" and is Irrelevant. ... 12

V. The "With Prejudice" Issue Does Not Warrant Vacatur or Reinstatement of the Complaint. ... 13

CONCLUSION ... 14

## TABLE OF AUTHORITIES

**Cases**

*Adler v. Gruma Corp.*,
135 F.4th 55 (3d Cir. 2025) ........ 9

*Am. Express Co. v. Italian Colors Rest.*,
570 U.S. 228 (2013) ........ 7-8

*Atalese v. U.S. Legal Services Group, L.P.*,
219 N.J. 430 (2014) ........ 1, 9, 10

*Blystone v. Horn*,
664 F.3d 397 (3d Cir. 2011) ........ 4, 12

*Bowers v. Nat'l Collegiate Athletic Ass'n*,
130 F. Supp. 2d 610 (D.N.J. 2001) ........ 4, 9

*Flores v. New York Football Giants, Inc.*,
150 F.4th 172 (2d Cir. 2025) ........ 10-11

*Hooters of Am., Inc. v. Phillips*,
173 F.3d 933 (4th Cir. 1999) ........ 11

*Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*,
602 F.3d 237 (3d Cir. 2010) ........ 4, 12

*Kindred Nursing Ctrs. Ltd. P'ship v. Clark*,
581 U.S. 246 (2017) ........ 10

*Lakeview Renovations, Inc. v. City & County of Denver*,
2017 Colo. App. LEXIS 1489 (Colo. App. Nov. 16, 2017) ........ 11

*Lambdin v. District Court*,
903 P.2d 1126 (Colo. 1995) ........ 7

*Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*,
176 F.3d 669 (3d Cir. 1999) ........ 3-4

*Medtronic AVE, Inc. v. Advanced Cardiovascular Systems, Inc.*,
247 F.3d 44 (3d Cir. 2001) ........ 7

*North River Ins. Co. v. CIGNA Reinsurance Co.*,
52 F.3d 1194 (3d Cir. 1995) ........ 4

*P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*,
161 F. Supp. 2d 349 (D.N.J. 2001) ........ 4, 5, 9

*Williams v. Medley Opportunity Fund II, LP*,
965 F.3d 229 (3d Cir. 2020) ........ 8

**Statutes**

9 U.S.C. § 10 .......................................................................................................................11

36 U.S.C. § 220506 ..................................................................................................................8

36 U.S.C. § 220524...................................................................................................................8

**Other**

FED. R. CIV. P. 41 ...................................................................................................................13

FED. R. CIV. P. 59(e) ..................................................................................................................3

L. CIV. R. 7.1 ...........................................................................................................................3

## PRELIMINARY STATEMENT

Defendants Premier Fencing Club & Sports Corp. ("Premier"), Abdelwahab Abdelaziz (incorrectly pleaded as Abdel Aziz) ("Aziz"), USA Fencing Association (incorrectly pleaded as USA Fencing) ("USA Fencing"), and Shannon Daugherty (incorrectly pleaded as Shannon Dougherty) ("Daugherty") (together, the "Responding Defendants") submit this brief in opposition to the motion of plaintiff Dinah Yukich ("Plaintiff") for reconsideration of the Court's September 30, 2026 Opinion and Order (ECF No. 35) (the "Opinion").

Reconsideration is an extraordinary remedy. It is not a second opportunity to argue the motion. Plaintiff's brief does not identify an intervening change in controlling law. It does not offer evidence that was unavailable before the Court ruled. And it does not show a clear error of law or fact. Instead, the motion does two things the Local Rules do not allow.

First, it repeats arguments the Court already considered and rejected. These include Plaintiff's unconscionability and "take-it-or-leave-it" arguments, Plaintiff's contention that Plaintiff could not agree to arbitrate a policy adopted after Plaintiff signed, Plaintiff's attack on the damages limitation, and Plaintiff's reliance on the Ted Stevens Olympic and Amateur Sports Act (the "Ted Stevens Act"). The Court addressed each of these points in the Opinion. Disagreement with the result is not a basis for reconsideration.

Second, it raises new theories that Plaintiff never presented. Plaintiff now argues that New Jersey law, and the rule of *Atalese v. U.S. Legal Services Group, L.P.*, 219 N.J. 430 (2014), governs the arbitration provision. But Plaintiff applied Colorado law, and the Court applied Colorado law because "both parties apply Colorado law." ECF No. 35 at 18 n.9. Plaintiff also now argues that the arbitration process is biased, that the "effective vindication" doctrine applies, and that the

provision does not reach statutory claims. A motion for reconsideration cannot be used to raise arguments that could have been made before the Court ruled. The Court did not "overlook" arguments that were never put before it.

Plaintiff's one new exhibit does not change this. It is a screenshot of a 2026-27 membership renewal, captured on August 19, 2026, more than a month before the Opinion issued. It was available to Plaintiff while the motions were pending. And it concerns a membership year that post-dates the events in this case. It says nothing about the 2025-26 agreement Plaintiff signed on June 1, 2025, which governs this dispute.

Finally, Plaintiff challenges the Court's dismissal "with prejudice" of the claims against the Responding Defendants over whom the Court found no personal jurisdiction. The Responding Defendants address that point below. To the extent the Court considers any clarification, it should make clear only that the dismissal as to USA Fencing and Daugherty precludes Plaintiff from refiling these claims in New Jersey, and that her claims remain subject to arbitration. That narrow clarification would not warrant vacating the Opinion, reinstating the Complaint, or reopening the case. Respectfully, Plaintiff's motion should be denied.

## PROCEDURAL HISTORY

Plaintiff filed an eight-count Complaint in the Superior Court of New Jersey on October 10, 2025. ECF No. 35 at 6. Plaintiff alleged that Plaintiff was excluded from women's events at a USAF-sanctioned fencing tournament held in Suffern, New York, in September 2025. *Id.* at 2, 5-6. Plaintiff asserted claims under the New York State Human Rights Law and common law claims for intentional infliction of emotional distress and civil conspiracy. (*Id.* at 6. The United States Olympic and Paralympic Committee ("USOPC") removed the action to this Court. *Id.*

All defendants moved to dismiss. ECF No. 10, 16, 24. USA Fencing, Daugherty, and Aziz argued, among other things, that the Court lacked personal jurisdiction over USA Fencing and Daugherty. ECF No. 35 at 7. In reply, they also relied on the arbitration provision in the 2025-26 Individual Membership Waiver that Plaintiff electronically signed on June 1, 2025. *Id.* The Court granted Plaintiff leave to file a sur-reply on that issue and deemed it filed. *Id.* at 2 n.3, 7. Premier separately moved to dismiss in favor of arbitration. ECF No. 24. Plaintiff opposed, arguing that the provision was unconscionable under Colorado law. ECF No. 27.

On September 30, 2026, the Court granted all three motions. ECF No. 35 at 23. The Court held that it lacked personal jurisdiction over the USOPC, USA Fencing, Mac Brown, and Daugherty. *Id.* at 9-15. It held that it had personal jurisdiction over Premier and Aziz. *Id.* at 15. It then held that Plaintiff's claims against Premier fall within the scope of an enforceable arbitration agreement, applying Colorado law. *Id.* at 15-21. It dismissed the remaining claims against Aziz for failure to state a claim. *Id.* at 21-23. The Court stated that the dismissals were with prejudice and that amendment would be futile. *Id.* at 23.

Plaintiff filed this motion on October 14, 2026, under Local Civil Rule 7.1(i) and Federal Rule of Civil Procedure 59(e). ECF No. 37. The motion is returnable November 16, 2026. *Id.*

## LEGAL ARGUMENT

### I. Plaintiff Cannot Meet the Demanding Standard for Reconsideration.

A motion for reconsideration under Local Civil Rule 7.1(i) or Rule 59(e) may be granted on only three grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its decision; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café ex rel. Lou-Ann, Inc. v.*

*Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted); *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Plaintiff accepts this standard. *See* Plaintiff's Brief in support of Plaintiff's Motion for Reconsideration ("Pl. Br.") at 2.

Reconsideration is "an extraordinary remedy" that is granted "sparingly." *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352-53 (D.N.J. 2001) (citation omitted). The rule exists to correct matters the court actually overlooked. It does not permit a party to relitigate the motion or to express disagreement with the result. *Id.* at 352. A matter is "overlooked" only if it was presented to the court and not considered. *Id.*; *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612-13 (D.N.J. 2001). For that reason, a party may not use a reconsideration motion to raise new arguments or present evidence that could have been raised before the original decision. *P. Schoenfeld*, 161 F. Supp. 2d at 352; *Bowers*, 130 F. Supp. 2d at 613.

Similarly, "new evidence" for reconsideration purposes means evidence that was not available when the court ruled. It does not include evidence the movant could have submitted earlier. *Blystone v. Horn*, 664 F.3d 397, 415-16 (3d Cir. 2011); *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 252 (3d Cir. 2010) (citations omitted).

Plaintiff does not claim an intervening change in controlling law. The only post-Opinion decision Plaintiff cites is an unpublished district court opinion, *Charles Schwab & Co. v. Koeppel Schwed*, No. 22-cv-02236, 2026 U.S. Dist. LEXIS (D.N.J. Oct. 2, 2026). Pl. Br. at 3; ECF No. 37-5. An unpublished district court decision is not "controlling law." And Plaintiff cites it only for the general choice-of-law framework, which predates it. Nor does Plaintiff offer new evidence, as

shown in Point IV below. Plaintiff's motion therefore rests entirely on the claim that the Court overlooked controlling law or facts. The Court did not.

## II. The Motion Impermissibly Repeats Arguments the Court Already Considered and Rejected.

Much of Plaintiff's brief restates arguments Plaintiff made in opposing the motions to dismiss. The Court considered and decided each of them. A movant's disagreement with how the Court weighed those arguments is a matter for appeal, not reconsideration. *P. Schoenfeld*, 161 F. Supp. 2d at 352-53.

### A. Unconscionability and the "Contract of Adhesion" Argument.

Plaintiff argued at length that the arbitration provision was procedurally and substantively unconscionable under the seven-factor Colorado test. ECF No. 27 at 7-12. Plaintiff argued that the provision was offered on a "take-it-or-leave-it basis," that she had no opportunity to become familiar with it, and that it was "shelved between voluminous waivers." *Id.* at 9-10. The Court addressed every factor. ECF No. 35 at 18-21. It found that Plaintiff "wanted to be a member and was free not to be a member," and that Plaintiff did not allege any attempt to negotiate. *Id.* at 19. It found that Plaintiff could have printed the agreement or shown it to counsel. *Id.* at 19-20. It found that the waiver is two pages long and that the clause is offset with the capitalized heading "ARBITRATION." *Id.* at 20.

Plaintiff now repackages the same argument as a "contract of adhesion" theory and adds new factual assertions about USA Fencing's role in sanctioning events and providing club insurance. Pl. Br. at 8-9. Plaintiff supports one of those assertions only with a website address in a footnote. *Id.* at 8 n.3. The insurance assertion appears nowhere in the Complaint. And the Court already had before it Plaintiff's allegation that most competitions are USA Fencing-sanctioned and

require membership. ECF No. 35 at 3 (citing Complaint at ¶ 7). Nothing in the new assertions shows that the Court overlooked anything. The Court expressly considered the "take-it-or-leave-it" argument and rejected it. ECF No. 35 at 19. Plaintiff's procedural unconscionability point about "ten (10) different sources" fares no better. Pl. Br. at 8. The Court reviewed the waiver itself and found that Plaintiff was on notice that USA Fencing's rules and policies "may be amended from time to time." ECF No. 35 at 18. Plaintiff's brief on this point also trails off mid-sentence. Pl. Br. at 8. It identifies no controlling authority the Court missed.

**B. The Timing of the Policy and the Scope of the Provision.**

Plaintiff argues that the Court "overlooked the fact that the Trans Ban was issued after Dinah executed the member agreement." Pl. Br. at 12. The Court did not overlook it. The Court addressed this exact argument. It noted Plaintiff's contention that "it is a legal impossibility for an individual to assent to arbitrate something that was not contemplated at the time of execution." ECF No. 35 at 18. It rejected that contention because "the point of an arbitration agreement is to designate the procedure by which the parties have their future grievances heard." *Id.* The Court also relied on the waiver's express provision that USA Fencing's rules and policies may be amended. *Id.* Plaintiff's own brief cites the page of the Opinion where the Court decided this issue. Pl. Br. at 12 (citing ECF No. 35 at 18).

The Court also fully addressed scope. Plaintiff argued that the provision did not apply because the event was open to the public and did not involve "qualification" or "selection." ECF No. 35 at 17. The Court rejected that argument and held that "[t]he dispute undoubtedly concerns Yukich's qualification for or competition in a fencing event." *Id.* Plaintiff now argues that the provision's placement after the drug testing and assumption-of-risk sections limits it to physical injury claims. Pl. Br. at 13. That is a new argument. It is also contrary to the provision's text. The

provision reaches "any controversy or claim arising from or relating to . . . membership or participation . . . in USA Fencing." ECF No. 35 at 16. It expressly covers disputes about "compliance with or violation of any rule, regulation, policy, practice, bylaw, statute or common law" of "any national, state, provincial or local governing or administrative body." *Id.* at 20. The Court quoted that language. *Id.* at 20-21.

Plaintiff's own authority confirms the result. Plaintiff cites *Medtronic AVE, Inc. v. Advanced Cardiovascular Systems, Inc.*, 247 F.3d 44, 55 (3d Cir. 2001), for the proposition that scope turns on "the factual underpinnings of the claim rather than the legal theory alleged." Pl. Br. at 12. The factual underpinning of every claim here is that Plaintiff was not permitted to register for women's events at a USA Fencing-sanctioned tournament under a USAF eligibility policy. That is a dispute about "qualification . . . for, or competition in, any fencing event." ECF No. 35 at 16-17. Relabeling the claim as a statutory public accommodation claim does not take it outside the provision.

### C. The Damages Limitation and "Effective Vindication" (Point VII).

Plaintiff argued below that the provision was substantively unconscionable because it "completely disallows all monetary damages for civil rights claims." ECF No. 27 at 11. Plaintiff relied on *Lambdin v. District Court*, 903 P.2d 1126 (Colo. 1995), for the proposition that an arbitration agreement may not waive substantive statutory rights. ECF No. 27 at 10-12. The Court rejected the argument. It found Plaintiff's characterization "inaccurate," explained that the provision does not sweep in "all civil rights claims," and noted that Plaintiff "leaves out the availability under the clause to seek injunctive relief." ECF No. 35 at 20-21.

Plaintiff now recasts the same point as the "effective vindication" doctrine. Pl. Br. at 9-11. The new label does not create a new basis for reconsideration. The argument was available to Plaintiff when Plaintiff briefed the motions. In any event, it fails on its own terms. The doctrine is narrow. It applies, if at all, to a provision that operates as a prospective waiver of a party's right to pursue statutory remedies. *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 235-36 (2013) (citation omitted). The cases Plaintiff cites involved agreements that expressly disclaimed the application of the relevant law. *See, e.g.*, *Williams v. Medley Opportunity Fund II, LP*, 965 F.3d 229 (3d Cir. 2020). Plaintiff points to no comparable language here. The provision states that the arbitration "shall be governed by the laws of the State of Colorado and the United States." ECF No. 35 at 18 n.9. That is an ordinary choice-of-law clause. It does not state that Plaintiff may not pursue any claim. Whether, and to what extent, any particular remedy is available in arbitration is a question for the arbitrator in the first instance. Plaintiff's speculation about what an arbitrator might do does not show that the Court committed clear error.

### D. The Ted Stevens Act (Point VIII).

Plaintiff argues that the Court overlooked the Sports Act's "duty of care" provisions, 36 U.S.C. §§ 220506(b)(3) and 220524(b). Pl. Br. at 11-12. But Plaintiff cites her own prior brief as the source of this argument. *Id.* at 11 (citing ECF No. 21 at 22). Plaintiff also argued in opposing Premier's motion that USA Fencing "is also required to abide by state law." ECF No. 27, Point F. An argument that was presented and not adopted was not overlooked. Moreover, the cited provisions state that the Ted Stevens Act does not preempt or abrogate the "duty of care" of the United States Olympic Paralympic Committee ("USOPC") or a national governing body "under state law or the common law." Nothing in that language addresses arbitration, or limits a member's

ability to agree to arbitrate. The provisions do not undermine the Court's enforcement of the arbitration agreement under the Federal Arbitration Act.

Plaintiff also contends that the Court overlooked Plaintiff's attempt to use USA Fencing's internal complaint process. Pl. Br. at 7. The Court recited those very allegations in the Opinion. ECF No. 35 at 5 (discussing Complaint at ¶¶ 49-50). Plaintiff does not explain how they bear on whether she agreed to arbitrate. If anything, they confirm that her dispute is one about eligibility to compete under USA Fencing policy.

## III. Plaintiff's Motion Impermissibly Raises New Arguments that Plaintiff Did Not Present Previously.

A court cannot have "overlooked" an argument that no party made. *Bowers*, 130 F. Supp. 2d at 612-13. Several of Plaintiff's points were never raised before the Court ruled. They are not proper grounds for reconsideration. *P. Schoenfeld*, 161 F. Supp. 2d at 352-53.

### A. Plaintiff Applied Colorado Law and Cannot Now Invoke New Jersey Law and *Atalese* (Points II and III).

Plaintiff's lead argument is that the Court should have conducted a choice-of-law analysis, applied New Jersey law, and invalidated the provision under *Atalese* and its progeny. Pl. Br. at 2-5. Plaintiff did not make this argument previously. To the contrary, Plaintiff argued that the provision was unconscionable under Colorado law. Plaintiff invoked the Colorado Uniform Arbitration Act and the Colorado Supreme Court's seven-factor test. ECF No. 27 at 7-12. The Court applied Colorado law precisely because the provision selects it and "both parties apply Colorado law." ECF No. 35 at 18 n.9. Plaintiff cannot ask the Court to reconsider a ruling on the ground that it applied the law Plaintiff asked the Court to apply.

The argument also fails on the merits. Plaintiff relies on *Adler v. Gruma Corp.*, 135 F.4th 55 (3d Cir. 2025), and New Jersey's choice-of-law rules. Pl. Br. at 2-3. Under those rules, a contractual choice of law is generally enforced. It yields only where the chosen state lacks a substantial relationship to the parties, or where another state with a materially greater interest has a contrary fundamental policy. *Id.* (citing *Adler*, 135 F.4th at 65, 71). Colorado has an obvious relationship to the parties. USA Fencing is a Colorado not-for-profit corporation headquartered in Colorado. ECF No. 35 at 11. New Jersey, by contrast, has little connection to this dispute. Plaintiff is a Maryland resident. *Id.* at 3. The event was in New York. *Id.* at 2. The Court already found that "there are not sufficient facts alleged to suggest that any actions took place in New Jersey." *Id.* at 12 n.8. Plaintiff's own claims arise under New York law, not New Jersey law. New Jersey has no "materially greater interest" than Colorado in the enforceability of a Colorado organization's membership agreement with a Maryland resident about a New York event.

Plaintiff's footnote suggests that New York law might govern instead. Pl. Br. at 4 n.1. But Plaintiff does not identify any New York rule that would invalidate the provision. Nor did Plaintiff raise New York law as to arbitrability before the Court ruled.

Finally, *Atalese* does not establish a rule that a federal court must apply to an agreement governed by the Federal Arbitration Act and by another state's law. The Supreme Court has held that the Federal Arbitration Act ("FAA") preempts state rules that single out arbitration agreements for disfavored treatment, including rules requiring an express waiver of the right to a judicial forum. *Kindred Nursing Ctrs. Ltd. P'ship v. Clark*, 581 U.S. 246, 251-54 (2017). The Court need not reach that issue, because Plaintiff waived any reliance on New Jersey law. But it underscores that the Court did not commit clear error in declining to apply a rule that no party asked it to apply.

### B. Plaintiff's New "Biased Arbitrator" Argument (Point IV).

Plaintiff next argues that the Court overlooked case law invalidating one-sided arbitration schemes, because any arbitration "shall be administered by the arbitration manager designated by the USOPC." Pl. Br. at 6-7. Plaintiff did not make this argument in opposing Premier's motion. Plaintiff relies principally on *Flores v. New York Football Giants, Inc.*, 150 F.4th 172 (2d Cir. 2025), an out-of-circuit decision that was available to her while the motions were pending. Neither *Flores* nor *Hooters of Am., Inc. v. Phillips*, 173 F.3d 933 (4th Cir. 1999), is controlling in this Circuit. The Court cannot have overlooked authority that no party cited.

The argument also lacks merit. The provision Plaintiff quotes concerns who will *administer* the arbitration. It does not provide that the USOPC, USA Fencing, or any party will *decide* it. That is a material difference from *Flores*, where the agreement committed the dispute to the NFL Commissioner, the principal executive of one of the adverse parties. Pl. Br. at 7. Plaintiff also ignores the authority she herself submitted. In *Lakeview Renovations, Inc. v. City & County of Denver*, 2017 Colo. App. LEXIS 1489 (Colo. App. Nov. 16, 2017), which Plaintiff attached to Plaintiff's opposition, the Colorado Court of Appeals held that an alternative dispute resolution clause naming a non-neutral official as decision-maker was not unconscionable where judicial review was available. ECF No. 27-2. Here, any award is subject to judicial review under the FAA, including on the ground of "evident partiality." 9 U.S.C. § 10(a)(2). If Plaintiff believes a particular arbitrator is not impartial, the FAA supplies her remedy. Speculation about bias before any arbitrator has been appointed does not show clear error.

### C. Plaintiff's New Arguments Regarding Mutual Assent.

Plaintiff also argues, for the first time, that there was no "meeting of the minds" because Plaintiff "could have even thought" Plaintiff was not agreeing to arbitrate a statutory

discrimination claim. Pl. Br. at 12-13. Plaintiff does not allege that Plaintiff did not sign the 2025-26 waiver. The Court found that her "assent was unambiguous, as evidenced by her electronic signature." ECF No. 35 at 20. A party who signs an agreement is bound by its terms, whether or not she read them or anticipated every dispute they might cover. Plaintiff's hypothetical subjective understanding is not a basis for reconsideration.

**IV. Plaintiff's Exhibit C is Not "New Evidence" and is Irrelevant.**

Plaintiff relies on two later events to argue that Plaintiff never consented to arbitration. First, she Plaintiff that in July 2025 she "explicitly noted in writing that Plaintiff did not consent to arbitration as it related to the Fairfax Challenge event." Pl. Br. at 13. Plaintiff cites nothing in the record for that assertion. It is not alleged in the Complaint. And it concerns a different event.

Second, Plaintiff in offers Exhibit C, a screenshot of a 2026-27 USA Fencing membership renewal page. ECF No. 37-6. The signature line reads "Dinah Yukich (I do not consent to arbitration)." *Id.* at 2. This exhibit is not "new evidence" for at least three reasons.

First, it was available before the Court ruled. The screenshot bears a time stamp of 5:04 PM on August 19, 2026. *Id.* The Opinion issued on September 30, 2026. ECF No. 35 at 23. Evidence that a party possessed before the decision, and could have submitted, is not "new." *Blystone*, 664 F.3d at 415-16; *Howard Hess*, 602 F.3d at 252. Plaintiff offers no explanation for why Plaintiff did not seek leave to bring it to the Court's attention.

Second, it is irrelevant. The governing agreement is the 2025-26 Individual Membership Waiver that Plaintiff signed on June 1, 2025. ECF No. 35 at 16. That agreement was in effect when USA Fencing adopted the policy in July 2025, when Plaintiff tried to register in August 2025, and when the tournament took place in September 2025. *Id.* at 4-6. A statement Plaintiff made a year

later, in renewing her membership for a different year, cannot retroactively undo an agreement that already governed the dispute.

Third, the exhibit does not show what Plaintiff says it shows. A party's handwritten or typed qualification in a signature field does not rewrite a standard membership agreement. Nor does the exhibit show that USA Fencing accepted any modification. Indeed, the same screenshot reflects text stating that "USA Fencing reserves the right to move a case, complaint or dispute to arbitration at any time." ECF No. 37-6 at 2. At most, Exhibit C raises questions about a future membership year. It does not show any error in the Court's ruling on the 2025-26 agreement.

## V. The "With Prejudice" Issue Does Not Warrant Vacatur or Reinstatement of the Complaint.

Plaintiff's final argument is that dismissals for lack of personal jurisdiction should be without prejudice. Pl. Br. at 13-14. The Responding Defendants acknowledge the general principle that a dismissal for lack of jurisdiction is not an adjudication on the merits. *See* Fed. R. Civ. P. 41(b). But that principle does not support the relief Plaintiff seeks.

First, the Court's reasoning makes clear that it did not reach the merits of the claims against USA Fencing and Daugherty. It determined "the jurisdictional issues based on pleaded facts that cannot be unpleaded," and found that "any amendment would be futile." ECF No. 35 at 15, 23. The practical effect of the ruling is that Plaintiff may not re-plead these claims against USA Fencing and Daugherty in New Jersey. That is correct. Plaintiff does not argue that any additional facts would establish jurisdiction here. Plaintiff's motion does not challenge the Court's jurisdictional analysis at all.

Second, the claims against USA Fencing and Daugherty are independently subject to the same arbitration agreement the Court enforced as to Premier. USA Fencing is the party to that agreement. ECF No. 35 at 16-17. The provision expressly reaches disputes concerning compliance by USA Fencing "or by any officer, director, employee, agent . . . of USA Fencing." *Id.* at 20-21. USA Fencing and Daugherty raised the arbitration provision and expressly preserved their right to compel arbitration. ECF No. 35 at 7; ECF No. 13 at 10-11. Any modification of the jurisdictional dismissal therefore would not entitle Plaintiff to litigate these claims in court in any forum.

Third, the argument provides no basis to disturb the dismissal as to Premier and Aziz. The Court found that it had personal jurisdiction over them. ECF No. 35 at 15. It dismissed the claims against Premier based on the arbitration agreement, and dismissed the claims against Aziz for failure to state a claim. *Id.* at 15-23. Plaintiff's jurisdictional argument does not touch those rulings.

Accordingly, the "with prejudice" issue does not justify vacating the Opinion, reinstating the Complaint, or reopening the case, which is the relief Plaintiff requests. Pl. Br. at 2. If the Court is inclined to address the point, the Responding Defendants respectfully submit that any relief should be limited to clarifying that the dismissal of the claims against USA Fencing and Daugherty is for lack of personal jurisdiction, operates with prejudice to refiling those claims in this District or any New Jersey court, and does not affect the enforceability of the arbitration agreement. The Opinion should otherwise remain undisturbed.

**CONCLUSION**

Plaintiff has not identified an intervening change in controlling law, new evidence, or a clear error of law or fact. Plaintiff's motion repeats arguments the Court already rejected and raises new arguments Plaintiff could have made before. For these reasons, the Responding Defendants

respectfully request that the Court deny Plaintiff's Motion for Reconsideration in its entirety. In the alternative, any relief should be limited to the clarification described in Point V.

Respectfully submitted,

By: */s/ Claudia A. Costa*

Claudia A. Costa, Esq.
Aimée S. Lin, Esq.
**GOLDBERG SEGALLA LLP**
1037 Raymond Boulevard, Suite 1010
Newark, New Jersey 07102-5423
973-681-7000
ccosta@goldbergsegalla.com
alin@goldbergsegalla.com
*Attorneys for Defendants*
*Premier Fencing Club & Sports Corp*
*(incorrectly pleaded as Premier Fencing Club),*
*Abdelwahab Abdelaziz (incorrectly pleaded as*
*Abdel Aziz), USA Fencing Association*
*(incorrectly pleaded as USA Fencing), and*
*Shannon Daugherty (incorrectly pleaded as*
*Shannon Dougherty)*

Dated: November 2, 2026